AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
### for the

_____ District of __Delaware_____

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | )   Case No.   CR 17- 47-3-GMS |
| Mohamed Aviles Camberos | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

    X Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

    ❐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(I), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ❐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

       ❐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

       ❐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

       ❐ © an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

       ❐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through © of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through © of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

       ❐ **(e)** any felony that is not otherwise a crime of violence but involves: **(I)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

    ❐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

    ❐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

    ❐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

X **B.** **Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

 X **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

 ❐ **(2)** an offense under 18 U.S.C. §§ 924©, 956(a), or 2332b;

 ❐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

 ❐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

 ❐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

X **C.** **Conclusions Regarding Applicability of Any Presumption Established Above**

 X The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

 **OR**

 ❐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

X By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

X By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

 X  Weight of evidence against the defendant is strong
 X  Subject to lengthy period of incarceration if convicted
    Prior criminal history
    Participation in criminal activity while on probation, parole, or supervision
 ❐  History of violence or use of weapons
    History of alcohol or substance abuse
 X  Lack of stable employment
 ❐  Lack of stable residence
 ❐  Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

X  Lack of significant community or family ties to this district

X  Significant family or other ties outside the United States

❏  Lack of legal status in the United States

❏  Subject to removal or deportation after serving any period of incarceration

❏  Prior failure to appear in court as ordered

❏  Prior attempt(s) to evade law enforcement

❏  Use of alias(es) or false documents

X  Background information unknown or unverified

❏  Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The defendant, with the advice of counsel, has declined to oppose the motion for pretrial detention.  The defendant has not rebutted the rebuttable presumption of detention and the court finds there are no conditions or combination of conditions that could reasonably assure the defendant's appearance at further court proceedings and the safety of others and the community if the defendant were released.  Therefore, the defendant is ordered detained pending trial based upon the above findings and the following reasons:

**The Nature and Circumstances of the Offense Charged:** The defendant is accused of Conspiracy to Possess with Intent to Distribute and Possession with Intent to Distribute five kilograms or more of cocaine, each count in violation of 21 U.S.C. §§841(a)(1) & (b)(1)(A) and 846.  The offenses charged involve conduct that poses a serious threat of danger to the community.  Furthermore, the penalties faced by the defendant if convicted of the offenses are significant.  The penalty for each count is up to life in prison, a $10,000,000.00 fine, and up to a lifetime of supervised release.

**The Weight of the Evidence:** The weight of the evidence is sufficiently strong.  The defendant waived a preliminary hearing.  Therefore, there is probable cause to prosecute the defendant.

**The History and Characteristics of the Defendant:** The Defendant was briefly interviewed by Pretrial Services.  A review of National Crime Information Center (NCIC), state and local records reveals no prior offenses and convictions.  The Defendant resides in Mexico.  He has no family, community, employment or other ties to this District.  The Criminal Complaint charges the Defendant with drug offenses involving large quantities of cocaine, approximately 17 kilograms, which represents a significant danger to others and the community.  Without any connection to the District of Delaware or the United States, the Defendant poses a flight risk.

**The Nature and Seriousness of the Danger Posed to Others and the Community if Defendant were to be Released:** The charged offenses involve a serious risk of danger to others and the community.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  _____ June 21, 2017 _____          _____  Sherry R. Fallon

United States Magistrate Judge

Page 3 of 3