**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | |
| | Criminal Action No. 17-47-GMS-2 |
| v. | |
| **ROQUE VALDEZ,** | |
| Defendant. | |

## <u>MEMORANDUM OF PLEA AGREEMENT</u>

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, Acting United States Attorney for the District of Delaware, and Jennifer K. Welsh and Whitney Cloud, Assistant United States Attorneys, and the Defendant, Roque Valdez, by and through his attorney, James Brose, the following agreement is hereby entered into by the respective parties in accordance with Federal Rule of Criminal Procedure 11:

1.      By this Plea Agreement, the Defendant agrees to enter a voluntary plea of guilty to Count One of the Indictment, which charges him with Conspiracy to Distribute five kilograms or more of a mixture or substance containing a detectible amount of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.

2.      The Defendant understands that the charge against him in Count One of the Indictment carries with it the following maximum statutory penalties: at least ten years up to a lifetime of imprisonment; a $10,000,000 fine; at least five years up to a lifetime of supervised release; and a $100 special assessment.

3.      The Defendant understands that if he were to proceed to trial on Count One of the Indictment, the United States would have to prove beyond a reasonable doubt the following elements to establish a conspiracy to possess with intent to distribute five kilograms or more of a

substance containing cocaine: (1) that two or more persons agreed to distribute a mixture or substance containing cocaine; (2) that the Defendant was a party to or member of that agreement; (3) the Defendant joined the agreement or conspiracy knowing of its objective to distribute a mixture or substance containing cocaine, and intending to join together with at least one other alleged conspirator to achieve that objective; and (4) the conspiracy involved five kilograms or more of a mixture and substance containing cocaine, all of which was reasonable foreseeable to the Defendant. The Defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above described elements of Count One of the Indictment.

4. The Defendant is pleading guilty to the charge contained in Count One of the Indictment because he is, in fact, guilty.

5. For purposes of sentencing on Count One, the Defendant further knowingly, voluntarily, and intelligently admits that, including relevant conduct pursuant to United States Sentencing Guideline §1B1.3, he conspired to distribute at least seventy-seven (77) kilograms of a mixture and substance containing a detectible amount of cocaine.

6. Provided that the United States does not subsequently learn of conduct by the Defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the Defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level for the Defendant's affirmative acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the Defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is Level 16 or greater, the United States agrees to move for the reduction of the Offense Level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

2

7. The Defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) and the applicable statutory mandatory minimum in determining an appropriate sentence. The Defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The District Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The Defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the Defendant expected, or contrary to the recommendation of his attorney or the United States, the Defendant will not be allowed to withdraw his guilty plea on that basis.

8. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

9. The Defendant agrees to forfeit all interests in any and all property involved in the offense charged in Count One of the Indictment, including but not limited to: $382,000 in U.S. currency seized on May 6, 2017, and a white Dodge Ram pickup truck with Colorado license plate number ILQ847, registered to Roque Valdez. The Defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case

3

and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the Defendant will promptly consent to the preliminary order of forfeiture becoming final as to the Defendant before sentencing if requested by the government to do so.

10.     The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and/or property involved in illegal conduct giving rise to forfeiture.

11.     The Defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the Defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel; and (2) to appeal his sentence if: (a) the government appeals from the sentence, (b) the Defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

12.     The Defendant agrees to pay the Special Assessment of $100 at the time of sentencing. If the Court orders the payment of any fine as part of the Defendant's sentence, and if

4

the Defendant is sentenced to a term of incarceration, the Defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

13. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

DAVID C. WEISS
ACTING UNITED STATES ATTORNEY

By:

_____
James Brose, Esquire
Attorney for Defendant

Jennifer K. Welsh
Assistant United States Attorney

Dated: 10/17/17, 2017

_____
Roque Valdez
Defendant

AND NOW, this 17th day of Oct, 2017, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT COURT JUDGE
DISTRICT OF DELAWARE

5