## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | : Criminal Action No. 17-47-LPS |
| v. | : |
| | : |
| OMAR MORALES COLON a/k/a "El Tigre," | : |
| SHAKIRA MARTINEZ, and | : |
| ZEMI PROPERTY MANAGEMENT, INC. | : |
| | : |
| Defendants. | : |



REDACTED

FILED

AUG 0 7 2018

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## SECOND SUPERSEDING INDICTMENT

The Grand Jury for the District of Delaware charges that:

## COUNT I

1.    Beginning on or about December 14, 2016, and continuing to on or about May 6, 2017, in the District of Delaware and elsewhere, defendant Omar Morales COLON, a/k/a "El Tigre" ("COLON") knowingly and intentionally combined, conspired, confederated and agreed with separately charged co-conspirators Roque VALDEZ and Mohamed AVILES CAMBEROS a/k/a "Pedrito," and with other persons known and unknown to the Grand Jury, to distribute five (5) kilograms or more of a mixture and substance containing a detectible amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

1

## Manner and Means

It was part of the conspiracy that:

2.      On at least four occasions, VALDEZ and CAMBEROS obtained cocaine from a supplier in California.  The first three occasions, VALDEZ and CAMBEROS obtained approximately twenty (20) kilograms of cocaine, and the fourth occasion VALDEZ and CAMBEROS obtained approximately seventeen (17) kilograms of cocaine.

3.      In California, VALDEZ and CAMBEROS concealed that cocaine inside oxygen tanks and welded the tanks shut.

4.      VALDEZ and CAMBEROS drove from California to Delaware to deliver the oxygen tanks filled with cocaine to COLON.

5.      Once VALDEZ and CAMBEROS arrived in Delaware, COLON provided VALDEZ and CAMBEROS with cash to pay for the cocaine.

6.      COLON also provided VALDEZ and CAMBEROS with access, including keys and garage door openers, for locations, including a location on Marshall Street in Wilmington, Delaware ("the Marshall Street Property").

7.      Once at the Marshall Street Property and any other properties to which COLON directed VALDEZ and CAMBEROS, VALDEZ, and CAMBEROS opened the oxygen tanks, removed the cocaine, placed the cash that COLON had provided inside the oxygen tanks, and welded the oxygen tanks shut.

8.      VALDEZ and CAMBEROS then drove the oxygen tanks containing the cash back to California.

9.      COLON then distributed the kilograms of cocaine to his customers, including customers in Delaware.

2

### Overt Acts

10.     The following overt acts, among others, were committed in furtherance of the conspiracy:

a.      On or about December 14, 2016, VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Newark, Delaware.

b.      On or about January 27, 2017, VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Newark, Delaware.

c.      On or about March 9, 2017, VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Newark, Delaware.

d.      On or about May 5, 2017, VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Newark, Delaware.

e.      On or about May 6, 2017, COLON delivered approximately $382,000 in cash, which was payment for cocaine, to VALDEZ and CAMBEROS in the parking lot of a hotel in Newark, Delaware.

f.      On or about May 6, 2017, CAMBEROS provided COLON with a pink post-it note on which was hand-written "$393,400," the amount that COLON was to pay VALDEZ and CAMBEROS for the cocaine they delivered from California.

g.      On or about May 6, 2017, COLON provided VALDEZ and CAMBEROS with a garage door opener for the Marshall Street Property, with the intention that VALDEZ and CAMBEROS would go to the Marshall Street Property to unload the cocaine.

h.      On or about May 6, 2017, VALDEZ and CAMBEROS possessed approximately seventeen (17) kilograms of cocaine, which were concealed within green oxygen tanks, with the intent to distribute that cocaine to COLON.

3

All in violation of Title 21, United States Code, Section 846.

## COUNT II

11.    Paragraphs 1-10 are hereby incorporated as if set forth fully herein.

12.    On or about May 6, 2017, in the District of Delaware, defendant Omar Morales COLON, a/k/a "El Tigre" ("COLON") did knowingly and intentionally attempt to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectible amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and 846.

## COUNT III

13.    On or about May 6, 2017, in the District of Delaware, defendant Omar Morales COLON, a/k/a "El Tigre" ("COLON") did knowingly and intentionally manufacture one hundred (100) or more marijuana plants, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT IV

14.    On or about May 6, 2017, in the District of Delaware, defendant Omar Morales COLON, a/k/a "El Tigre" ("COLON") did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectible amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT V

15.    Paragraphs 1-14 are hereby incorporated as if set forth fully herein.

4

## Background

At all times material to this Indictment:

16.     ZEMI PROPERTY MANAGEMENT, INC. ("ZEMI") was a business incorporated in Delaware in 2009 that bought, sold, and renovated real property in Delaware and Pennsylvania.  From its incorporation in 2009 to May 2017, OMAR MORALES COLON a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ ("MARTINEZ") have been active members.

17.     Defendant COLON was an officer and active member of defendant ZEMI.

18.     Defendant MARTINEZ was a management-level employee, agent, and active member of ZEMI.  In 2015, COLON and MARTINEZ were legally married.

19.     From in or around November 2009, and continuing thereafter to on or about May 6, 2017, in the State and District of Delaware and elsewhere, the defendants COLON, MARTINEZ, and ZEMI did knowingly, intentionally, and unlawfully conspire with each other and with persons both known and unknown to the grand jury, to conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is, the conspiracy to manufacture and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846, knowing that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to the provisions of Title 18, United States Code, Section 1956(a)(1)(B)(i).

5

## Object of the Conspiracy

20.    It was an object of the conspiracy for defendants COLON, MARTINEZ, and ZEMI, together with other persons known and unknown to the grand jury, to conceal the proceeds of specified unlawful activity – to wit, conspiracy to manufacture and distribute controlled substances – through financial transactions, including, but not limited to, the purchase, improvement, rental, sale, and mortgaging of properties by ZEMI and third parties.

## Manner and Means of the Conspiracy

21.    It was part of the conspiracy that defendants COLON and MARTINEZ built an underground bunker beneath their main residence at 4010 Kirkwood St Georges Road in Bear, Delaware in or around fall 2013, which bunker was used to grow marijuana.

22.    It was further part of the conspiracy that between at least November 2009 and May 6, 2017, defendants COLON and MARTINEZ concealed the proceeds of the conspiracy to manufacture and distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, by purchasing and renovating at least 14 parcels of real property in Delaware and Pennsylvania through ZEMI, all of which were purchased in U.S. currency with no financing.  Those properties are as follows:

a.    17 Memorial Drive, New Castle, Delaware – purchased by ZEMI in or around December 2009;

b.    14 Chelwynne Road, New Castle, Delaware – purchased by ZEMI in or around February 2010;

c.    4784 South Dupont Parkway, Townsend, Delaware – purchased by ZEMI in or around March 2010;

6

d.      4010 Kirkwood Saint-Georges Road, Bear, Delaware – purchased by ZEMI in or around March 2010;

e.      2000 Linkwood Avenue, Wilmington, Delaware – purchased by ZEMI in or around October 2010;

f.      822 West 9th Street, Wilmington, Delaware – purchased by ZEMI in or around January 2011;

g.      505 North Harrison Street, Wilmington, Delaware – purchased by ZEMI in or around August 2012;

h.      106 & 114 North Union Street, Wilmington, Delaware – purchased by ZEMI in or around August 2012;

i.      241 ½ Smalley's Dam Road, Newark, Delaware – purchased by ZEMI in or around September 2014;

j.      507 North Lincoln Street, Wilmington, Delaware – purchased by ZEMI in or around December 2014;

k.      614 Rodgers Avenue, Aston, Pennsylvania – purchased by ZEMI in or around December 2014;

l.      1901 A West 5th Street, Parcel B "Alley," Wilmington, Delaware – purchased by ZEMI in or around October 2016;

m.      914, 916, and 920 Marshall Street, and 917 Brown Street, Wilmington, Delaware – purchased by ZEMI in or around December 2016, and

n.      1024 Brown Street, Wilmington Delaware – purchased by ZEMI in or around January 2017.

23. It was further part of the conspiracy that the defendants COLON and MARTINEZ caused "PERSON 1" to purchase outright with U.S. currency, without financing, real property, to wit, 0 Smalley's Dam in Newark, Delaware, in or around November 2015.

24. It was further part of the conspiracy that defendants COLON and MARTINEZ transferred money and otherwise caused to be deposited U.S. currency into bank accounts controlled by PERSON 1 between 2014 and 2017.

25. It was further part of the conspiracy that the defendants COLON and MARTINEZ caused to be deposited more than $850,000 in U.S. currency in bank accounts controlled by defendants COLON, MARTINEZ, and ZEMI between at least January 2011 and May 6, 2017.

26. It was further part of the conspiracy that defendants COLON and MARTINEZ purchased cashier's checks using funds from multiple bank accounts; caused ZEMI to purchase cashier's checks; and solicited and encouraged third parties to purchase cashier's checks, which cashier's checks were made out to the law firms handling at least the real property closings described in paragraphs 22-23.

27. It was further part of the conspiracy that defendants COLON and MARTINEZ frequently purchased or caused to be purchased cashier's checks in denominations under $10,000 to avoid currency transaction reporting requirements.

28. It was further part of the conspiracy that defendant MARTINEZ structured cash deposits into multiple bank accounts within a single day to purchase multiple cashier's checks in denominations under $10,000 to avoid currency transaction reporting requirements.

29. It was further part of the conspiracy that defendants COLON and MARTINEZ purchased money orders made out to defendant MARTINEZ, defendant ZEMI, and third parties,

which money orders were then used to purchase cashier's checks utilized in at least the real property purchases described in paragraphs 22-23.

30.    It was further part of the conspiracy that defendant COLON caused money orders to be purchased in the names of third parties, which money orders were then used to purchase cashier's checks utilized in at least the real property purchases described in paragraphs 22-23.

All in violation of Title 18, United States Code, Sections 1956(h) and 2.

## COUNT VI

31.    Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

32.    On or about October 7, 2014, in the District of Delaware and elsewhere, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of a cashier's check for $7,000.00 made payable to a law firm in connection with the purchase of real property at 614 Rodgers Avenue in Aston, Pennsylvania, which financial transaction involved the proceeds of a specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT VII

33.    Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

9

34.    On or about October 13, 2014, in the District of Delaware and elsewhere, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ did knowingly cause PERSON 1 to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the transfer of funds and the negotiation of a personal check for $25,600.00 made payable to a law firm in connection with the purchase of 614 Rodgers Avenue in Aston, Pennsylvania, which financial transaction involved the proceeds of a specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

<u>**COUNT VIII**</u>

35.    Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

36.    On or about October 13, 2014, in the District of Delaware and elsewhere, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of a cashier's check for $13,780.00 made payable to a law firm in connection with the purchase of real property at 614 Rodgers Avenue in Aston, Pennsylvania, which financial transaction involved the proceeds of a specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled substances in violation of Title 21,

10

United States Code, Sections 841(a)(1) and 846, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT IX

37.    Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

38.    On or about October 13, 2014, in the District of Delaware and elsewhere, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of funds and the negotiation of a personal check for $12,000.00—which check was made payable to a law firm in connection with the purchase of real property located at 614 Rodgers Avenue in Aston, Pennsylvania—such property, that is, the check, having been derived from a specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

All in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT X

39.    Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

40.    On or about the date listed below, in the District of Delaware, defendant, SHAKIRA MARTINEZ, did knowingly and for the purpose of evading the reporting

11

requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the following transactions with a domestic financial institution:

| Date | Description of Transaction |
| --- | --- |
| 11/20/2014 | $5,000.00 cash deposit at TD Bank |
| 11/20/2014 | $6,000.00 cash deposit at WSFS Bank |

All in violation of Title 31, United States Code, Section 5324(a)(3) and (d)(2); Title 31, Code of Federal Regulations, Section 103.11; and Title 18, United States Code, Section 2.

## COUNT XI

41.     Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

42.     On or about November 21, 2014, in the District of Delaware, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON"), SHAKIRA MARTINEZ, and ZEMI PROPERTY MANAGEMENT, INC., did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of a cashier's check for $10,000.00 made payable to a law firm in connection with the purchase of real property at 507 North Lincoln Street in Wilmington, Delaware, which financial transaction involved the proceeds of a specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

12

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT XII

43.    Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

44.    On or about November 21, 2014, in the District of Delaware, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ did knowingly cause PERSON 1 to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the transfer of funds and the negotiation of a personal check for $10,000.00 made payable to a law firm in connection with the purchase of 507 North Lincoln Street in Wilmington, Delaware, which financial transaction involved the proceeds of a specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT XIII

45.    Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

46.    On or about November 10, 2015, in the District of Delaware, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON"), SHAKIRA MARTINEZ, and ZEMI PROPERTY MANAGEMENT, INC., did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of a cashier's check

13

for $32,304.15 made payable to a law firm in connection with the purchase of real property at 0

Smalley's Dam in Newark, Delaware, which financial transaction involved the proceeds of a

specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled

substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that

the transaction was designed in whole and in part to conceal and disguise the nature, location,

source, ownership, and control of the proceeds of said specified unlawful activity and that while

conducting and attempting to conduct such financial transaction defendants knew that the

property involved in the financial transaction represented the proceeds of some form of unlawful

activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT XIV

47.    Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

48.    On or about the date listed below, in the District of Delaware, defendant

SHAKIRA MARTINEZ, did knowingly and for the purpose of evading the reporting

requirements of Section 5313(a) of Title 31, United States Code, and the regulations

promulgated thereunder, structure and assist in structuring the following transactions with a

domestic financial institution:

| Date | Description of Transaction |
|------|----------------------------|
| 11/10/2015 | $9,580.00 cash deposit at TD Bank |
| 11/10/2015 | $9,500.00 cash deposit at WSFS Bank |

All in violation of Title 31, United States Code, Section 5324(a)(3) and (d)(2); Title 31, Code of

Federal Regulations, Section 103.11; and Title 18, United States Code, Section 2.

14

## COUNT XV

49.    Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

50.    On or about December 5, 2016, in the District of Delaware, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ did knowingly cause PERSON 1 to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of a cashier's check for $9,000.00 made payable to a law firm in connection with the purchase of real property located at 914, 916, and 920 Marshall Street and 917 Brown Street in Wilmington, Delaware, which involved the proceeds of a specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT XVI

51.    Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

52.    On or about the date listed below, in the District of Delaware, defendant SHAKIRA MARTINEZ did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the following transactions with a

domestic financial institution:

| Date | Description of Transaction |
|------|---------------------------|
| 12/5/2016 | $9,500.00 cash deposit at WSFS Bank |
| 12/5/2016 | $9,508.00 cash deposit at TD Bank |

All in violation of Title 31, United States Code, Section 5324(a)(3) and (d)(2); Title 31, Code of Federal Regulations, Section 103.11; and Title 18, United States Code, Section 2.

### NOTICE OF FORFEITURE- COUNTS I and II

Upon conviction for the controlled substance offense alleged in Counts I and II of this Second Superseding Indictment, defendant Omar Morales COLON, a/k/a "El Tigre" ("COLON") shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting or derived from proceeds obtained, directly or indirectly, as a result of said violation, and upon conviction for the controlled substance offenses alleged in Counts I or II of this Second Superseding Indictment, any property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of, said violation, including, but not limited to:

(1) approximately $382,000 in cash seized on or about May 6, 2017;

(2) a white Dodge Ram pickup truck with Colorado license plate number ILQ847, registered to Roque VALDEZ;

(3) a Bronze Ford F-450 pickup truck registered to COLON;

(4) the property located at 4010 Kirkwood St Georges Road, Bear, Delaware;

(5) approximately $10,500 found inside 4010 Kirkwood St Georges Road, Bear, Delaware on or about May 6 and 9, 2017;

(6) the property located at 614 Rodgers Avenue, Aston, Pennsylvania;

16

(7) approximately $355,900 found inside a Ford Explorer in the garage of 614 Rodgers Avenue in Aston, Pennsylvania on or about May 8, 2017;

(8) a Ford Explorer seized from the garage of 614 Rodgers Avenue in Aston, Pennsylvania on or about May 8, 2017;

(9) the property located at 916 Marshall Street, Wilmington, Delaware; and

(10) approximately $167,000 found on or about May 10, 2017, inside a storage unit rented by a person affiliated with defendant COLON ("PERSON 2").

If any of the forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All in accordance with Title 21, United States Code, Sections 853 & 881, and Rule 32.2(a), Federal Rules of Criminal Procedure.

### NOTICE OF FORFEITURE- COUNTS III and IV

Upon conviction for the controlled substance offense alleged in Counts III and IV of this Second Superseding Indictment, defendant Omar Morales COLON, a/k/a "El Tigre" ("COLON") shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting or derived from proceeds obtained, directly or indirectly, as a result of said violation,

17

and upon conviction for the controlled substance offenses alleged in Counts III or IV of this Second Superseding Indictment, any property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of, said violation, including, but not limited to:

(1) the property located at 4010 Kirkwood St Georges Road, Bear, Delaware;

(2) approximately $167,000 found on or about May 10, 2017, inside a storage unit rented by a person affiliated with defendant COLON ("PERSON 2").

If any of the forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All in accordance with Title 21, United States Code, Sections 853 & 881, and Rule 32.2(a), Federal Rules of Criminal Procedure.

## NOTICE OF FORFEITURE – COUNTS V-IX, XI-XIII, and XV

Upon conviction for the money laundering offenses alleged in Counts V, VI, VII, VIII, IX, XI, XII, XIII, and XV of this Second Superseding Indictment, defendants, Omar MORALES COLON a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982, all property, real and personal,

18

involved in the money laundering offenses specified below by count, and all property traceable to such property, including but not limited to the following:

(1) the property located at 17 Memorial Drive, New Castle, Delaware (Count V);

(2) the property located at 14 Chelwynne Road, New Castle, Delaware (Count V);

(3) the property located at 2000 Linkwood Avenue, Wilmington, Delaware (Count V);

(4) the property located at 4010 Kirkwood Saint-Georges Road, Bear, Delaware (Count V);

(5) the property located at 822 West 9th Street, Wilmington, Delaware (Count V);

(6) the property located at 505 North Harrison Street, Wilmington, Delaware (Count V);

(7) the properties located at 106 and 114 North Union Street, Wilmington, Delaware (Count V);

(8) the property located at 241 ½ Smalley's Dam Road, Newark, Delaware (Count V);

(9) the property located at 507 North Lincoln Street, Wilmington, Delaware (Counts V, XI, and XII);

(10) the property located at 614 Rodgers Avenue, Aston, Pennsylvania (Counts V, VI, VII, VIII, and IX);

(11) the property located at 0 Smalley's Dam Road, Newark, Delaware (Counts V and XIII);

(12) the properties located at 914-920 Marshall Street, Wilmington, Delaware and 917 Brown Street, Wilmington, Delaware (Counts V and XV); and

(13) the property located at 1024 Brown Street, Wilmington, Delaware (Count V).

Upon conviction for the money laundering offenses alleged in Counts V, XI, and XIII of this Second Superseding Indictment, defendant ZEMI PROPERTY MANAGEMENT, INC. shall

19

forfeit to the United States pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offenses specified below by count, and all property traceable to such property, including but not limited to the following:

(1) the property located at 17 Memorial Drive, New Castle, Delaware (Count V);

(2) the property located at 14 Chelwynne Road, New Castle, Delaware (Count V);

(3) the property located at 2000 Linkwood Avenue, Wilmington, Delaware (Count V);

(4) the property located at 4010 Kirkwood Saint-Georges Road, Bear, Delaware (Count V);

(5) the property located at 822 West 9th Street, Wilmington, Delaware (Count V);

(6) the property located at 505 North Harrison Street, Wilmington, Delaware (Count V);

(7) the properties located at 106 and 114 North Union Street, Wilmington, Delaware (Count V);

(8) the property located at 241 ½ Smalley's Dam Road, Newark, Delaware (Count V);

(9) the property located at 507 North Lincoln Street, Wilmington, Delaware (Counts V and XI);

(10) the property located at 614 Rodgers Avenue, Aston, Pennsylvania (Count V);

(11) the property located at 0 Smalley's Dam Road, Newark, Delaware (Counts V and XIII);

(12) the properties located at 914-920 Marshall Street, Wilmington, Delaware and 917 Brown Street, Wilmington, Delaware (Count V); and

(13) the property located at 1024 Brown Street, Wilmington, Delaware (Count V).

If any of the property described above, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence; has been transferred or sold to,

or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) (as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c)).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461.

### NOTICE OF FORFEITURE – COUNTS X, XIV, and XVI

Upon conviction for the offenses alleged in Counts X, XIV, and XVI of this Second Superseding Indictment, defendant SHAKIRA MARTINEZ shall forfeit to the United States pursuant to Title 31, United States Code, Section 5317(c)(1), any property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of, said violation, including but not limited to:

(1) the property located at 507 North Lincoln Street, Wilmington, Delaware (Count X);

(2) the property located at 0 Smalley's Dam Road, Newark, Delaware (Count XIV); and

(3) the properties located at 914-920 Marshall Street, Wilmington, Delaware and 917 Brown Street, Wilmington, Delaware (Count XVI).

If any of the property described above, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute

21

property pursuant to Title 21, United States Code, Section 853(p) (as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c)).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461.

A TRUE BILL

_____
FOREPERSON

DAVID C. WEISS
UNITED STATES ATTORNEY

_____
By:     Jennifer K. Welsh
        Whitney C. Cloud
        Assistant United States Attorneys

Dated: August 7, 2018

22