IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

- - -

UNITED STATES OF AMERICA,　　　:　　CRIMINAL ACTION
　　　　　　　　　　　　　　　　:
　　　　　Plaintiff,　　　　　　:
v　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
OMAR MORALES COLON, and　　　　:
SHAKIRA MARTINEZ,　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　Defendant.　　　　　　:　　NO. 17-47-LPS

- - -

Wilmington, Delaware
Wednesday, May 29, 2019
*Motion Hearing*

- - -

BEFORE:　　　　HONORABLE LEONARD A. STARK, Chief Judge

- - -

APPEARANCES:


　　　　UNITED STATES ATTORNEY'S OFFICE
　　　　BY:  CHRISTOPHER de BARRENA SAROBE, ESQ.,
　　　　And, WHITNEY CLOUD, ESQ.
　　　　Assistant United States Attorneys

　　　　　　Counsel for Government


　　　　LAW OFFICE OF LUIS ORTIZ
　　　　BY:  LUIS ORTIZ, ESQ.
　　　　　　(Philadelphia, Pennsylvania)

　　　　　　On behalf of Omar Morales Colon


　　　　　　　　Brian P. Gaffigan
　　　　　　　　Official Court Reporter

APPEARANCES:  (Continued)


                LAW OFFICE OF JOHN S. MALIK
                BY:  JOHN S. MALIK, ESQ.

                        Counsel for Shakira Martinez

                            - oOo -

                    P R O C E E D I N G S

            (REPORTER'S NOTE:  The following Motion Hearing
was held in open court, beginning at 3:08 p.m.)

THE COURT: Good afternoon.

MR. MALIK: Good afternoon, Your Honor.

MS. CLOUD: Good afternoon, Your Honor. Whitney Cloud for the United States. Now is the time the Court has set for the status hearing in U.S. versus Omar Morales Colon, Criminal Action No. 17-47-LPS.

The defendant, Mr. Colon is present along with his counsel, Mr. Ortiz. The defendant, Ms. Martinez is also present along with her counsel, Mr. Malik. And the government is ready to proceed, Your Honor.

THE COURT: Okay. Thank you.

Good afternoon, Mr. Ortiz and Mr. Colon.

Mr. Ortiz, are you ready to proceed?

MR. ORTIZ: Well, yeah. I'm ready to proceed in that we can address the motion.

THE COURT: Right. That's the motion to address the status of counsel.

MR. ORTIZ: Yes.

THE COURT: Correct? Okay.

And Mr. Malik, good afternoon.

MR. MALIK: Good afternoon Your Honor.

THE COURT: Were there any matters you wanted to a raise?

MR. MALIK: No, Your Honor. But since it was something that at least tangentially impacts my client I

wanted to be here.  I don't have anything to say at this time but I appreciate the Court recognizing me.

Thank you, Your Honor.

THE COURT:  Okay.  And any objection from the government to proceeding with the colloquy that you outlined?

MS. CLOUD:  No, Your Honor.  Only -- obviously, the colloquy is a little bit more lengthy than a normal colloquy.  Just because given the various factual circumstances of this case we want, we wanted to the Court to apprise the defendant of all the particular challenges that might arise from proceeding pro se rather than continuing with appointed counsel.

THE COURT:  Okay.  Now, there was, I think what we may hear is that the defendant wants stand-by counsel.

If that is your understanding, I'm not sure that his proposed stand-by counsel is here.  Do you have any issue with that?

MS. CLOUD:  Your Honor, I recently learned that myself.  We have no issue with Mr. Tauber being appointed as stand-by counsel and greatly prefer Mr. Colon to have stand-by counsel and particularly stand-by counsel who is already familiar with the case.

However, I'm not sure whether the Court has any experience with appointing stand-by counsel who is absent.

THE COURT: All right. Thank you.

Mr. Ortiz?

MR. ORTIZ: Your Honor, I spoke to Mr. Tauber and Mr. Tauber has a brief due today where he was not granted any further continuances so Your Honor can appreciate that he is working on these documents.

But Mr. Tauber would be of a position unfortunately -- I encouraged him to take a different position but he has indicated to me to represent to the Court that his role in the case that we had established as a team was very specific and quite useful, very beneficial to both of us. And I believe Mr. Colon but he would prefer not to be stand-by counsel because he is concerned about the position that that would place him in and he is concerned that he might be made counsel again and would still need second counsel and he has indicated that he would actually prefer not to be stand-by counsel.

That is his personal decision. He has had a chance to work alongside with me for quite some time now. As Your Honor saw, we filed some pretty lengthy motions that we drafted but he clearly understood his role as I, myself taking the lead and directing the ship and does not want to take the position where he is the director of a ship, that he wasn't really intending to be the captain of.

So, again, that is his position. I wish it were

otherwise because he is so up to speed on the case but I spoke to him again within the last hour trying to see if I can convince him to do that, and he asked me to represent that he apologizes and he greatly appreciates the opportunity to work on this case but after a lot of thought and talk with his own family, you know, he felt that this was much more than where he thought he was going to be. And Your Honor may know, I have had, I did a case as stand-by. It was as much work as if I had been lead counsel. And I spent an entire year of my life in this courthouse doing a third offense child porn case that literally consumed me for over a year. And I would not want to put someone that I asked to be my second chair when I had agreed to it a take that on myself. So that is his position at this time.

THE COURT: Thank you. With respect to the proposed colloquy, do you on behalf of Mr. Colon have any objection or concerns about me going through that colloquy?

MR. ORTIZ: Well, Your Honor, Your Honor has the right to conduct any colloquy the way Your Honor would like. I don't have any personal objection.

Mr. Colon's objection is that he did not receive it timely enough. I don't know that -- what is in the colloquy, it's more than thorough enough. It may be a bit longer than I would have suggested, quite frankly, but I don't know how more questions that don't require an

admission of guilt or innocence would affect the colloquy. So it's up to Your Honor how to conduct it. As long as it comports with case law, he has a right to represent himself. So whatever Your Honor feels is appropriate.

THE COURT: What about, do you suggest or require that I put him under oath before he answers these questions? Do you have a position on that?

MR. ORTIZ: Normally, my client has been put under oath but I don't know if it's required.

THE COURT: Do you know, Ms. Cloud?

MS. CLOUD: I think it is normal for him to be placed under oath and particularly because this issue ends up coming so -- coming up so much later. And the voluntariness is a determination, and so I think an oath is --

THE COURT: All right. Mr. Colon, you can put your hand down. I'll have you come to the podium with him, please.

THE DEFENDANT: Good afternoon, Your Honor.

THE COURT: Yes. Good afternoon again.

So if it is still your intent to proceed pro se, without an attorney representing you, I am going have you placed under oath while we go through a colloquy. Is that still your intent?

THE DEFENDANT: I think I want to address a

matter that is before we get into this. Is that Mr. Tauber is not here. The last time I spoke with Mr. Tauber, he agreed to be my stand-by counsel up to say the last day that I was here. It was in April 17th, Mr. Tauber was going to be my counsel. So the allegations that he is bringing in today or whatever he explained to the Court today was not said to me up to today. So I will request, my request is to postpone this until Mr. Tauber can speak, because I have not speak with anybody. Just here.

THE COURT: If, in turn, if it is the fact that Mr. Tauber is not going to be interested in being stand-by counsel and therefore there is a chance I won't make him stay part of this case, is it still your request to terminate your relationship with Mr. Ortiz?

THE DEFENDANT: Well, I definitely want to terminate my relationship. We don't have a relationship. But as far as I know, when I came in here April 17th and prior to coming April 17, Mr. Tauber agreed to be my attorney, and I want, I was expecting him to come visit me prior to me coming in here to see if he was in agreement. Apparently, he has another case that he has to handle. Mr. Ortiz comes and interprets whatever Mr. Tauber is saying which I don't know, and I come here today, too, and I'm just in the dark.

THE COURT: Right. So my understanding was you

wanted to proceed pro se.

THE DEFENDANT: Well, I don't know if I'm going to proceed pro se but I definitely don't want to proceed with Mr. Ortiz because he jeopardize my case. Whether I am at the end of the day or not, I need the stand-by counsel to help me out because I don't know all the ends and outs of the court, Your Honor.

I definitely don't want Mr. Ortiz as my counsel. I think he should just say from the door he don't want to be my counsel because we don't have no relationship.

THE COURT: Right. Well, maybe what this is, is you're a requesting appointment of different counsel.

THE DEFENDANT: One more time, Your Honor. When I spoke with Mr. Tauber, he agreed to be my stand-by counsel. He was working on my motions. We were working on motions. We were trying to communicate when he, prior to April 17, he spoke to me at the FDC and he said, okay, we're going to work this out.

Not a problem. We come over here on April 17. Everything was good from April 17 until today. I have not spoke to Mr. Tauber, so I come in, I come in here ready because Mr. Tauber was gonna be my stand-by counsel or at some point we could agree to something else but excluding Mr. Ortiz at that time. Not having that now, he turn this all around to what I'm trying to do, whatever the Court can

do for me to help me out.

THE COURT: Okay. Well, stay there.

Mr. Ortiz, anything you want to say about this? I'm not sure now what your client is requesting.

MR. ORTIZ: Your Honor, I don't either. If Your Honor wants to appoint new counsel, appoint new counsel, then he can revisit that issue.

The problem is Mr. Tauber has been very clear as an Officer of the Court that he will not remain on the case. And I will emphasis again, despite my requesting that he remain on the case. So he has made personal, family and everything else life decisions that he did not sign up to be lead counsel in the case or have what appears to be some strategy having switched and him being made lead counsel so therein lies the problem.

So I can't make any representation other than what I just spoke to him about. So if Your Honor would like to appoint new counsel and see if that is the avenue or if Mr. Colon wants to proceed otherwise, but Mr. Tauber made clear he does not desire that status at this time. Maybe in the past he thought about it but I don't think he does at the time.

THE COURT: All right. Thank you.

Ms. Cloud, what, if anything, does the government suggest I do at this point?

MS. CLOUD: Your Honor, this is unfortunately the first we are hearing about Mr. Tauber's decision as well.

So I do actually agree with defendant that we probably need to have another hearing where Mr. Tauber is present, although potentially based on Mr. Ortiz's representations, that is obviated. I do think perhaps appointing new counsel, as painful as it is, given that Mr. Tauber and Mr. Ortiz just filed motions that the government is in the middle of responding to, that they have all this discovery that the government furnished to this second counsel, and there is concern about postponement based on appointing third counsel. However, I know the Court is not in the habit of forcing counsel, particularly second chair counsel, of staying involved in a case.

It does appear from Mr. Colon's statements that he might be amenable and seeks to have some sort of counsel available to him, whether it is new counsel or stand-by counsel. So the Court is going to have to appoint -- my understanding is the Court is going to have to appoint some lawyer to assist Mr. Colon.

THE COURT: Thank you.

Bear with me for a moment.

(The Court and Deputy Clerk confer.)

THE COURT: Just give me a moment.

(The Court and Deputy Clerk further confer.)

THE COURT: All right. Mr. Colon, anything you want to add at this point?

THE DEFENDANT: I came ready to say 1,000 things, Your Honor. This caught me off guard today. I don't know what else to say. I don't know if you would like to proceed and put some of the things on the record and then address or we wait until Mr. Tauber comes and we settle the situation. I don't know what to do, Your Honor.

THE COURT: All right. Mr. Malik, do you have anything to say? It is possible the way this plays out ultimately may impact the over at case schedule. So I don't know if you have anything to say.

MR. MALIK: Your Honor. I don't. My client was brought into the case in subsequent Indictments, Superseding Indictment. She has only been charged with the money laundering and structuring charges so her case is a little bit different. I have filed a motion for severance. When the time comes, Your Honor, I think I could address that. I'm not exactly sure how the case is going to move forward with Mr. Colon representing himself but I do have concerns about that and how it relates to my client appearing in the same proceeding with a pro se litigant.

So I think it may be premature to address that but I'm just articulating some of the concerns I have moving

forward based on the motion I've filed.

THE COURT: Ms. Cloud, did you have anything else you wanted to say?

MS. CLOUD: Your Honor, just in order to not make today a total loss for the Court's time, Mr. Colon has set forth both in the letter and in his representations to the Court what appears to be an irreconcilable difference with Mr. Ortiz; so to the extent the Court wants to make a finding to that effect, the government has no opposition.

THE COURT: Right. Okay.

Mr. Ortiz.

MR. ORTIZ: Yes, I just wanted to make a possible suggestion. So as not to waste the Court's time, this is what I would suggest.

I agree there is an irreconcilable difference. Mr. Colon has made that quite clear. So I don't have a problem doing that. That there is that.

Mr. Tauber can perhaps file, as I did the other day, a memorandum, a joint memorandum because to come down here and to repeat exactly what I know to be an Officer of the Court what his position is. I will continue to try to change that position, Your Honor, but should that not happen, we could file that and then perhaps through new counsel, Mr. Colon could decide either to provide pro se or with new counsel, as he chooses.

THE COURT: Ms. Cloud, any objection to proceeding in that manner?

MS. CLOUD: No, Your Honor. No objection to that proposal.

THE COURT: So here is -- I appreciate the suggestions. First things first.

There is no point in me going through the colloquy but I do appreciate what the Government put together at this point because it is not clear to me the defendant is even asking right now to proceed pro se. That may happen, but at this very moment, I don't think I have such a request in front of me.

Second, I do think unfortunately the relationship to Mr. Colon and Mr. Ortiz has broken down irreconcilably. I appreciate all that I'm sure Mr. Ortiz has put into this case. He has handled many, many cases for this Court and others exceedingly well, but sometimes things don't work out and so I am going to excuse him from any further representation of Mr. Colon.

In terms of Mr. Tauber, who is not here, I do want to hear from him and I want to give him a chance to let us know in writing where he is as a result of the decision I have just made which is to excuse Mr. Ortiz.

The way we'll do this, I'm going to direct the government to file a joint status report by a week from

today, but what I'm principally looking for in that report is some further indication of what Mr. Tauber's view is. And I don't mean to preclude him from directly addressing the Court in writing or if he wants to request a call, but it will be satisfactory for my purposes to get a joint status report filed by the government that reports on Mr. Tauber's position.

If Mr. Tauber is not inclined to stay on this case, it's quite likely that the next step will be that I will appoint new counsel and begin to discuss the case with him and, of course, he or she will have to meet with Mr. Colon and we'll see where we are after all that.

But I need not decide that just yet because I do, while I totally accept the representations Mr. Ortiz has made, I do want to hear directly from Mr. Tauber particularly in light of what has happened today and any further conversations Mr. Ortiz may have with him.

THE DEFENDANT: Your Honor.

THE COURT: Yes.

THE DEFENDANT: May I have say something before we get dismissed? Another matter that we can get on the record also is I have not received my discovery yet, Your Honor.

THE COURT: All right.

THE DEFENDANT: And if I'm going to defend

myself, there must -- my attorney have my discovery. They suppose to give me my discovery. They didn't give me my full discovery, Your Honor, and I haven't even be able to do anything with my discovery.

THE COURT: Well, if, and when, we get to the question whether you are going to represent yourself, I will explain, as you probably already know, the challenges of representing yourself, include the difficulty of having access that you may want to the discovery.

That said, we'll do our best whether you are represented or not, but that can be part of it, part of the challenge.

But in any event, Mr. Ortiz, is there anything that you want to say about the status of the discovery?

MR. ORTIZ: No, Your Honor.

THE COURT: Okay. Ms. Cloud.

MS. CLOUD: Yes, Your Honor. Briefly.

From my understanding, and our discussions with Mr. Ortiz, the government has attempted to provide Mr. Colon with extensive discovery to the FDC direct. We amended the protective order. Discovery was sent in August and again in February, especially reformatted discovery, so the defendant would be able to view it on the computers.

This is the issue that the government anticipated would be a driving factor and of deep concern to

Mr. Colon.

The defendant, we are, we are trying to make accommodations so he can view discovery, but the reasons for the protective order and the protections underlying it are still, are still going to continue.

So it will be as the Court just highlighted it, it will be a challenge. The government will continue to try to work with defendant to proceed on a timely basis and to make sure that he has access to the extent possible but that is why stand-by counsel or different counsel is going to be so essential.

THE DEFENDANT: Your Honor, may I say something?

THE COURT: Yes.

THE DEFENDANT: She just said that they reformatted my discovery which recently was given to me to be given.

That never happened. I have one set of 21 disks. Four little disks included were not on my cellphone. I don't know how that came up to be, in my cellphone, five disks. All these disks were not discovery, Your Honor. If they were supposed to redact the list of something out of it, okay. But that was not discovery. Four disks of porn? Preggers? When you open a disk, is one page. At FDC, I cannot grab discovery and then start pulling pages one by one. You find page 1 in number five disk, page 3 in disk

one.

If that was reformatting it, and she gave it to Mr. Ortiz because I gave the disk to Mr. Ortiz, and I said this is not, this is not the disk that I cannot see. He was suppose to give it to her. The day that he present me to Mr. Tauber at the FDC, he still had the disk with him and he said that he spoke with the government and that the government said that it was only an issue with the program. He couldn't even open the disk at FDC.

But this reformat discovery I was supposed to receive I never got, even though if I'm going to defend myself on that, for me to be able to assist him at that time, I need that discovery.

THE COURT: All right.

THE DEFENDANT: These were given to me. I'm sorry, Your Honor. These were given to me and I couldn't see my discovery. I couldn't even make a rational decision because I don't know what happened with my case.

THE COURT: Okay. Well, I need to get resolved the question of who is representing you or if you are representing yourself. I'm not in the middle of these discovery disputes. I don't know where the discovery, if they have been reformatted or not. I will make sure your have rights to, you know, either put on a defense or have someone that you can assist defend yourself but there are

real world limitations to what access you are going to have to discovery regardless.

But I'm not making any decision on anything right now. I don't know what happened to those disks. The priority for me is to figure out who is representing you, whether it be you or some other lawyer, and we'll move forward as quickly as we can to resolve that.

THE DEFENDANT: Thank you, Your Honor.

THE COURT: Is there anything else from the government?

MS. CLOUD: No, Your Honor.

THE COURT: Okay. Mr. Malik, anything further?

MR. MALIK: No, Your Honor. Thank you.

THE COURT: Mr. Colon, anything else?

THE DEFENDANT: (Shaking head no.)

THE COURT: Okay. Mr. Ortiz, thank you for your time.

MR. ORTIZ: Thank you.

THE COURT: We will be in recess.

(Proceedings end at 3:30 p.m.)


I hereby certify the foregoing is a true and accurate transcript from my stenographic notes in the proceeding.


/s/ Brian P. Gaffigan
Official Court Reporter
U.S. District Court