**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Criminal Action No. 17-47-LPS-2** |
| **ROQUE VALDEZ,** | : | |
| | : | |
| **Defendant.** | : | |

### <u>GOVERNMENT'S SENTENCING MEMORANDUM</u>

Roque Valdez knowingly drove seventy-seven kilograms of cocaine from California to Delaware over six months ending in May 2017. He watched bricks of cocaine get loaded and concealed in oxygen tanks in California, and he helped Mohamed Aviles Camberos unload that cocaine in residences controlled by co-defendant Omar Morales Colon, their Delaware customer. Valdez happily accepted the $10,000 paid to him as his fee for each trip. He would have done it again and again had he not been arrested mid-deal on May 6, 2017.

According to the presentence report, Valdez has a total offense level of 29 and a Guidelines Range of 87 to 108 months. PSR ¶ 94. He will have served 53 months by the time of sentencing on October 18, 2021. Considering the factors set forth in 18 U.S.C. § 3553(a), the government believes the goals of sentencing will be fulfilled by a sentence of time served, followed by three years of supervised release.[1]

The sentencing factors under 18 U.S.C. § 3553(a) demand consideration of both global and personal characteristics. For Valdez, those characteristics point in opposite directions. The global aspects of the sentencing factors set forth in § 3553(a) easily justify a lengthy sentence for Valdez and his co-defendants. The nature and circumstance of Valdez's offense are incredibly serious – the quantity of cocaine that he personally helped bring to our community was enormous and yet

---

[1] As always, the government files a Sealed Attachment A with its sentencing memorandum.

all too simple to execute. *Id.* § 3553(a)(1). For that reason, sentences for offenders like Valdez must reflect the seriousness of the offense and the message that these crimes will be met with years of incarceration, negating any short-term financial benefit. *Id.* § 3553(a)(2)-(3). Therefore, the government frequently recommends ten-year sentences for individuals like Valdez who traffic over five kilograms of cocaine, even when those individuals have lesser roles and are safety-valve eligible. *Id.* § 3553(a)(6). Although no multi-year sentence will deter determined drug-dealers from committing their crimes at the expense of others, it has slightly more hope of deterring opportunistic drug couriers like Valdez.

But the personal factors that the Court should consider under § 3553(a) counsel in favor of more leniency when it comes to Valdez's sentence. Apart from a DUI from a decade before, Valdez has no criminal history.[2] PSR ¶ 50. For most of his adult life, Valdez was gainfully employed in California, predominantly tiling floors. PSR ¶¶ 82-88. Valdez's turn to crime at the age of 37 appears to be an aberration, perhaps influenced by the same substances he would help traffic. PSR ¶ 77. Considering Valdez's personal nature and characteristics, § 3553(a)(1), his involvement in trafficking cocaine amounted to a series of terrible decisions, but not necessarily a career choice.

Most importantly, from the day of his arrest, Valdez has demonstrated acceptance of responsibility and remorse at his own tragic decisions. During the fifty-three months he has been incarcerated, he has missed important life events, including the death of both parents. PSR ¶ 57. The thousands of dollars Valdez made in the spring of 2017 for his role in the cocaine conspiracy could never justify the personal cost of the last four years. It is therefore the government's fervent

---

[2] Any other brushes with criminality are only known to the government and probation through Valdez's own candor.

hope that fifty-three months incarceration followed by three years of supervised release justly punishes Valdez for his actions and deters him from ever engaging in this or other criminal conduct.

For these reasons, the government recommends a sentence of time served, followed by three years of supervised release.

Respectfully submitted,

DAVID C. WEISS
United States Attorney

By:    _/s/ Whitney Cloud_____
Whitney C, Cloud
Jennifer K. Welsh
Assistant United States Attorneys

Dated: October 5, 2021

3