**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | **Criminal Action No. 17-47-LPS-3** |
| MOHAMED AVILES CAMBEROS, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

Mohamed Aviles Camberos ("Camberos") was the supplier for Omar Colon, a major Delaware cocaine dealer. He sold Colon seventy-seven kilograms of cocaine over six months, ending in May 2017. He retrieved the kilograms from cocaine dealers in California, hid them inside oxygen tanks, transported them to Delaware, met with Colon for payment, unloaded the cocaine in residences controlled by Colon, and packaged Colon's cash in the now-empty oxygen tanks to transport them back to California. Camberos was vocal about his intention to provide Colon with increasingly large amounts of cocaine, and his drug trafficking would have continued indefinitely had he not been arrested mid-deal on May 6, 2017.

According to the presentence report, Camberos has a total offense level of 33 and a Guidelines Range of 135-168 months. PSR ¶ 93. The applicable mandatory minimum is 120 months. PSR ¶ 92. He will have served 55 months by the time of sentencing on December 17, 2021. Considering the factors set forth in 18 U.S.C. § 3553(a), the government believes the goals of sentencing will be fulfilled by a sentence of 120 months incarceration, followed by five years of supervised release.[1] This sentence represents a 15-month downward variance from the applicable sentencing guidelines range as calculated by the United States Probation Office.

---

[1] As always, the government files a Sealed Attachment A with its sentencing memorandum.

A. **Calculating the United States Sentencing Guidelines Range**

As the Court is well aware, the first step of the three-step sentencing process is that the Court must calculate the applicable Guidelines range. After that initial calculation, the court must then rule on any motions for departure and, if a motion is granted, state how the departure affects the Guidelines calculation. Finally, after allowing the parties an opportunity for argument, the court must consider all of the § 3553(a) factors and determine the appropriate sentence to impose, which may vary from the sentencing range called for by the Guidelines. United States v. Levinson, 543 F.3d 190, 194-95 (3d Cir. 2009).

There is a dispute about the Guidelines calculation in this case. The United States Probation Office has found – and the government agrees – that Camberos was a leader or organizer of his co-conspirator Roque Valdez. PSR at ¶ 44. This finding is based in part on Mr. Valdez's trial testimony at the September 2021 trial of Colon, but it is bolstered by his pre-trial interviews and trial preparation sessions. While Mr. Valdez has described his initial meeting with Camberos as having occurred in two different places – either at a barbecue or a restaurant – he has always been clear on the most important matter: Camberos is the one who asked Valdez to take cross-country trips to deliver cocaine to Colon. Camberos was the connection between Colon and the California drug suppliers. Absent Camberos, Valdez would never have been delivering drugs to Delaware, and he would never have met Omar Colon.

Camberos claims that in fact it was Valdez who recruited him into the conspiracy. This argument is not supported by the evidence. In reviewing Colon's cell phone records, there is no contact between Valdez and Colon – but significant communication over the course of months between Colon and Camberos coordinating the drug deliveries to Delaware. And Camberos and Colon clearly had a closer relationship than Valdez and Colon based on their conduct on the day

of the arrests.  Before the three men were arrested, they met inside Colon's truck.  Valdez was asked to leave after a few minutes and left the truck carrying a bag containing a money counter and vacuum sealed bags.  Camberos and Colon stayed inside for more than ten minutes, and then Camberos left with a bag as well – but his bag contained nearly $400,000 in cash.  Common sense dictates that the more centrally involved person in the conspiracy would be the one to interface with the customer and the one trusted with the cash.

Because of Camberos's leadership role, he does not qualify for the two-level safety valve adjustment, and he is subject to a 120-month mandatory minimum term of incarceration.  U.S.S.G. §2D1.1(b)(18) and §5C1.2(a); 18 U.S.C. 3553(f)(1)-(5).  He is also subject to a two-level enhancement for his aggravating role.  U.S.S.G. §3B1.1(c).  Therefore, the Court should find that his guideline range is 135-168 months, as the United States Probation Office concluded.

B.  **Analysis of §3553(a) Factors and Request for Variance**

The nature and circumstance of Camberos's offense are incredibly serious – the quantity of cocaine that he personally helped bring to our community was enormous.  He took great lengths to transport the drugs in a way that law enforcement could not detect, and that meant that he would have likely continued his conspiracy indefinitely had law enforcement not dedicated tremendous resources (months of wiretaps, GPS tracking, surveillance) to the effort.  18 U.S.C. § 3553(a)(1).  For that reason, sentences for offenders like Camberos must reflect the seriousness of the offense and the message that these crimes will be met with a lengthy prison term.  18 U.S.C. § 3553(a)(2)-(3).  The government's requested sentence sends that message.

Absent the unique circumstances of the trajectory of Camberos's case, the government would not be seeking leniency for this defendant.  He supplied dozens of kilograms of cocaine to a major drug trafficker, and he recruited Roque Valdez – who otherwise had no criminal history

to speak of – to help him do it.  PSR at ¶ 26.  The defendant involved himself in a dangerous trade with violent co-conspirators – some of whom he reports kidnapped him and beat him in Mexico. PSR at ¶ 72.  But his personal history and characteristics and other §3553(a) factors warrant a slight variance from the sentencing guidelines.  He has no criminal history, and there is no evidence of him having been arrested before his arrest in this case at approximately 43 years of age.  And his incarceration in this case was particularly difficult for him.  He was detained pretrial for about four and a half years, thereby denying him the benefit of programs that are not available at the Federal Detention Center in Philadelphia for pretrial inmates.  Given that the goals of sentencing include just punishment and deterrence from future criminal conduct, Camberos's first brush with the justice system was more severe than for the average defendant.  A 120 month sentence, under these unique circumstances, will justly punish him and may deter him from choosing a criminal path in the future – but it will still send the appropriate message that his criminal conduct warrants a substantial prison term.

For these reasons, the government recommends a sentence of 120 months of incarceration, followed by three years of supervised release.

Respectfully submitted,

DAVID C. WEISS
United States Attorney

By:    _/s/ Jennifer K. Welsh_____
Jennifer K. Welsh
Whitney C. Cloud
Assistant United States Attorneys

Dated: December 8, 2021

4