IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No.   17-47-SB-4 |
| | ) | |
| SHAKIRA MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

### THE UNITED STATES' SENTENCING MEMORANDUM

NOW COMES the United States of America, by and through its attorneys, Julianne E. Murray, United States Attorney for the District of Delaware, and Meredith C. Ruggles and Jennifer K. Welsh, Assistant United States Attorneys for the District of Delaware, and hereby submits this Sentencing Memorandum in anticipation of Defendant Martinez's resentencing.[1]   In light of the retroactive guidelines amendment relating to zero-point offenders and for the reasons set forth below, the government recommends a sentence of 87 months, in the middle of the adjusted guidelines range.

### I.   PROCEDURAL HISTORY[2]

This matter comes before the Court following vacatur of Defendant Martinez's sentence and remand for resentencing by the United States Court of Appeals for the Third Circuit.   *See* Judgment, *United States v. Martinez*, No. 23-1449 (3rd Cir. May 20, 2025), ECF 74.   On April 17, 2025, the Third Circuit issued a precedential opinion holding that when a defendant is entitled to seek the benefit of a retroactive guidelines provision by filing a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2), the Third Circuit may vacate the sentence and remand for resentencing pursuant to its discretionary authority under 28 U.S.C. § 2106.   *United States v. Martinez*, 137 F.4th 858, 860-

---

[1] As is the standard practice in this District, the government is attaching a sealed Attachment A to this Sentencing Memorandum.

[2] Because the recently filed Joint Status Report describes procedural history relating to the enactment and retroactive application of Amendment 821 as well as Defendant's arguments on appeal, it is not reproduced herein.   *See* D.I. 778.

61 (3rd Cir. 2025).   With respect to Martinez, the Third Court found that she was entitled to seek the benefit of the retroactive amendment found in U.S.S.G. § 4C1.1 allowing certain offenders with no criminal history a two-point reduction in total offense level.   *Id.* at 860.   The Third Circuit further found that exercising its discretionary authority under § 2106 in Martinez's case would "promote[] judicial economy and serve[] the interest of justice."   *Id.* at 859.   In accordance with its opinion, the Third Circuit vacated this Court's Judgment (D.I. 713) and remanded for resentencing "in a manner consistent with U.S.S.G. § 4C1.1 and U.S.S.G. § 1B1.10(b)."   Judgment, *United States v. Martinez*, No. 23-1449 (3rd Cir. May 20, 2025), ECF 74.   Sentencing in this matter is set for August 18, 2025.

## II.   ADJUSTED GUIDELINES CALCULATION[3]

Section 4C1.1 provides for a two-point reduction in the total offense level of a defendant who has "not receive[d] any criminal history points" and who meets certain other criteria.   Martinez has zero criminal history points and otherwise meets the criteria set forth in § 4C1.1(a).   *See* D.I. 777 (Fourth Revised Presentence Investigation Report dated August 7, 2025 ("Revised PSR")) ¶¶ 59, 65. Accordingly, as reflected in the Revised PSR, she is eligible for a two-level reduction to her total offense level for an adjusted total offense level of 28.   Revised PSR ¶ 59.   In light of the retroactive amendment, based on the adjusted offense level and criminal history category of I, Martinez's adjusted guidelines range is 78-97 months.   Revised PSR ¶ 109.

---

[3] Pursuant to the Third Circuit's instructions, the adjustment to defendant's guidelines at resentencing is limited by U.S.S.G. § 1B1.10(b).   *See* Judgment, *United States v. Martinez*, No. 23-1449 (3rd Cir. May 20, 2025), ECF 74.   Accordingly, the Court "'shall substitute only the [retroactive] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced' but otherwise leave '[a]ll other guideline application decisions . . . unaffected.'"   *Martinez*, 137 F.4th 858, at 861 (quoting U.S.S.G. § 1B1.10(b) n.2).

### III.    THE UNITED STATES' SENTENCING RECOMMENDATION[4]

As reflected in the Joint Status Report (D.I. 778), upon a motion for a reduction in sentence under 18 U.S.C. § 3582(c), it has been the practice in the District of Delaware for the government to agree to an adjusted guidelines range for eligible defendants and recommend a sentence reflective of where the sentencing judge elected to sentence the defendant within the original guidelines range. Such a practice aims to give due consideration to the sentencing court's careful balancing of the 3553(a) factors in imposing its original sentence.   The government submits that a sentence consistent with this practice is appropriate here and otherwise serves the ends of sentencing set forth in 18 U.S.C. § 3553(a).

At sentencing, this Court properly determined Martinez's then-applicable guidelines range of 97-121 months.   D.I. 719 at 15-16.   After hearing from the parties, the Court methodically marched through the relevant 3553(a) factors.   D.I. 719 at 45-52.   In particular, the Court underscored the seriousness of Martinez's money laundering offenses and its impact on the community (D.I. 719 at 47) as well as the need for general deterrence (D.I. 719 at 50-51).   The Court also considered Martinez's mitigation arguments as well as her personal history and characteristics, including her lack of criminal history, personal hardship, and relationship with co-Defendant Colon.   D.I. 719 at 48-52. Having given meaningful consideration to the parties' arguments and the § 3553(a) factors, the Court imposed a sentence of 108 months, in the middle of the applicable guidelines range.   D.I. 719 at 52-53.

---

[4] The government incorporates by reference its prior arguments relating to the 3553(a) factors made in its sentencing memoranda and Martinez's sentencing hearing. *See generally*, D.I. 654 (United States's Response to Defendant Martinez's Sentencing Memorandum), D.I. 708 (United States's Supplemental Sentencing Memorandum), D.I. 719 (Sentencing Hr'g Tr., Feb. 23, 2023).

Upon remand for resentencing, retroactive application of § 4C1.1 provides a new starting point for consideration of an appropriate sentence pursuant to the § 3553(a) factors. The adjusted guidelines range of 78-97 months reflects the Sentencing Commission's goal of reducing sentences for first time offenders, such as Martinez, whose offense conduct does not involve certain aggravating factors.

A sentence within the adjusted guidelines range is appropriate. Resentencing Martinez within the adjusted guidelines range is consistent with the text of § 4C1.1, the Sentencing Commission's decision to give retroactive effect to Amendment 821, and the Sentencing Commission's aforementioned goal. Moreover, a sentence with the adjusted guidelines range will also avoid creating an unwarranted disparity between Martinez and other similarly situated defendants to whom § 4C1.1 applies. Indeed, imposition of the original sentence of 108 months notwithstanding the retroactive amendment would likely make Martinez an outlier as compared to other similarly situated defendants.

The government recommends a sentence of 87 months, in the middle of the adjusted guidelines range. Such a sentence would reflect this Court's careful balancing of the § 3553(a) factors at Martinez's initial sentencing. That careful balancing led this Court to conclude previously that Martinez's conduct, her history and characteristics, and the other § 3553(a) factors all weighed in favor of a sentence in the middle of the guidelines range. None of those factors have changed. Consistent with this Court's prior analysis, a sentence in the middle of the adjusted guidelines range would be sufficient but not greater than necessary to meet the statutory sentencing goals in light of the retroactive amendment.

For the reasons above, the government respectfully requests that the Court sentence Martinez to a 87-month term of imprisonment.

Respectfully submitted,

JULIANNE E. MURRAY
United States Attorney

BY: */s/ Meredith C. Ruggles*
Meredith C. Ruggles
Jennifer K. Welsh
Assistant United States Attorneys

Dated:    August 13, 2025