MEMORANDUM OF LAW
PROCEDURAL HISTORY

TABLE OF CONTENTS

APPX 0012.............................................1
APPX 0118-0124....................................2-8
APPX 0152-0173....................................9-30
APPX 0078.............................................31
APPX 0079-0089....................................32-42
APPX 1013-1024....................................44-54
APPX 1072-1110               ....................55-92
APPX 1123-1124....................................93-94
APPX 1118-1129....................................95-105
APPX 1059-1065....................................106-112
APPX 1066-1067....................................113-114
APPX 1113.............................................115
APPX 0113-0114....................................116-117
APPX 1118-1120....................................118-120
APPX 1143-1158....................................121-136
APPX 0088.............................................137
APPX 1220-1223 ...................................138-141
APPX 1224-1230 ...................................142-148
APPX 1231-1235 ...................................149-153
APPX 1236-1242 ...................................154-160
APPX 0101-0103....................................161-163
APPX 0105-0106....................................164-165
APPX 0002-0008....................................166-172
APPX 0001-.........................................173


RECEIVED
MAR 16 2026
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## I. BACKGROUND

In May 2017, Colon was arrested at a Red Roof Inn in Newark, Delaware. Trial Tr. July 5, 2022, at 350:10–11; Trial Tr. July 6, 2022, at 41:7–9. He had just handed $382,045 in cash to drug smugglers from California. Trial Tr. July 6, 2022, at 45:24; Trial Tr. July 7, 2022, at 104:14–105:24. Officers searched the smugglers' truck and found seventeen kilograms of cocaine. Trial Tr. July 6, 2022, at 61:17–64:16. Later searches of Colon's home, storage units, and rental properties turned up about seventeen kilograms of marijuana and another $524,000 in cash, plus a large bunker under his home accessible via a false fireplace. Trial Tr. July 12, 2022, at 232:21–245:18, 74:5–75:3; Trial Tr. July 8, 2022, at 162:10–166:18. A grand jury charged him with four counts of drug trafficking and nine counts of money laundering. D.I. 96. The money-laundering counts also applied to his wife, Shakira Martinez. *Id.*

Because the COVID-19 pandemic made it hard to hold a multidefendant trial, the Court split the proceedings into two jury trials: one on drug trafficking, the other on money laundering. D.I. 317. Judge Leonard Stark presided over the first in September 2021, where Colon was convicted on two counts of drug trafficking and acquitted on two others. D.I. 429. At the second, in July 2022, Colon and Martinez were convicted on all counts of their money-laundering charges. D.I. 597.

Colon has now moved for a new trial under Federal Rule of Criminal Procedure 33. D.I. 631. Rule 33 lets a court grant a new trial when "the interest of justice so requires." Fed. R. Crim. P. 33. "[Rule 33] motions are not favored and should be granted sparingly and only in exceptional cases." *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008) (internal quotation marks omitted). "When evaluating a Rule 33

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OMAR MORALES COLON a/k/a "El Tigre," ROQUE VALDEZ, and MOHAMED AVILES CAMBEROS a/k/a "Pedrito,"<br><br>Defendants. | : <br> : <br> : <br> : Criminal Action No. 17-47-UNA<br> : <br> : <br> : <br> : <br> : REDACTED<br> : <br> : |

## INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT I

Beginning on or about December 14, 2016, and continuing to on or about March, 2017, in the District of Delaware and elsewhere, the defendants,

**Omar MORALES COLON a/k/a "El Tigre," Roque VALDEZ and Mohamed AVILES CAMBEROS a/k/a "Pedrito,"**

knowingly and intentionally combined, conspired, confederated and agreed with each other, and with other persons known and unknown to the Grand Jury, to distribute five (5) kilograms or more of a mixture and substance containing cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

2.

APPX0118

## Manner and Means

It was part of the conspiracy that:

1.  On at least four occasions, VALDEZ and CAMBEROS obtained cocaine from a supplier in California.  The first three occasions, VALDEZ and CAMBEROS obtained approximately twenty (20) kilograms of cocaine, and the fourth occasion VALDEZ and CAMBEROS obtained approximately seventeen (17) kilograms of cocaine.

2.  In California, VALDEZ and CAMBEROS concealed that cocaine inside oxygen tanks and welded the tanks shut.

3.  VALDEZ and CAMBEROS drove from California to Delaware to deliver the oxygen tanks filled with cocaine to COLON.

4.  Once VALDEZ and CAMBEROS arrived in Delaware, COLON provided VALDEZ and CAMBEROS with cash to pay for the cocaine.

5.  COLON also provided VALDEZ and CAMBEROS with access, including keys and garage door openers, for locations, including a location on Marshall Street in Wilmington, Delaware ("the Marshall Street Property"), which was one of twelve properties owned by COLON through a corporation for which he was sole shareholder, Zemi Property Management.

6.  Once at the Marshall Street Property and any other properties to which COLON directed VALDEZ and CAMBEROS, VALDEZ and CAMBEROS opened the oxygen tanks, removed the cocaine, placed the cash that COLON had provided inside the oxygen tanks, and welded the oxygen tanks shut.

7.  VALDEZ and CAMBEROS then drove the oxygen tanks containing the cash back to California.

3.

APPX01

Case 1:17-cr-00047-SB    Document 786-1    Filed 03/16/26    Page 5 of 174 PageID #:
11663
Case 1:17-cr-00047-SB    Document 9-1 Filed 06/06/17    Page 3 of 7 PageID #: 4

8.    COLON then distributed the kilograms of cocaine to his customers, including customers in Delaware.

## Overt Acts

9.    The following overt acts, among others, were committed in furtherance of the conspiracy:

a.    On or about December 14, 2016, VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Christiana, Delaware.

b.    On or about January 27, 2017 VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Christiana, Delaware.

c.    On or about March 9, 2017 VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Christiana, Delaware.

d.    On or about May 5, 2017, VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Christiana, Delaware.

e.    On or about May 6, 2017, COLON delivered approximately $382,000 in cash, which was payment for cocaine, to VALDEZ and CAMBEROS in the parking lot of a hotel in Christiana, Delaware.

f.    On or about May 6, 2017, CAMBEROS provided COLON with a pink post-it note on which was hand-written "$393,400," the amount that COLON was to pay VALDEZ and CAMBEROS for the cocaine they delivered from California.

g.    On or about May 6, 2017, COLON provided VALDEZ and CAMBEROS with a garage door opener for the Marshall Street Property, with the intention that VALDEZ and CAMBEROS would go to the Marshall Street Property to unload the cocaine.

4.

APPX0120

h.    On or about May 6, 2017, VALDEZ and CAMBEROS possessed approximately seventeen (17) kilograms of cocaine, which were concealed within green oxygen tanks, with the intent to distribute that cocaine to COLON.

All in violation of Title 21, United States Code, Section 846.

## COUNT II

On or about May 6, 2017, in the District of Delaware, the defendant,

**Omar MORALES COLON a/k/a "El Tigre,"**

did knowingly and intentionally attempt to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A). All in violation of Title 21, United States Code, Section 846.

## COUNT III

On or about May 6, 2017, in the District of Delaware, the defendants,

**Roque VALDEZ and Mohamed AVILES CAMBEROS a/k/a "Pedrito,"**

did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture and substance containing cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## COUNT IV

On or about May 6, 2017, in the District of Delaware, the defendant,

**Omar MORALES COLON a/k/a "El Tigre,"**

did knowingly and intentionally manufacture one hundred (100) or more marijuana plants, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

5.

APPX0

## COUNT V

On or about May 6, 2017, in the District of Delaware, the defendant,

**Omar MORALES COLON a/k/a "El Tigre,"**

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectible amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## NOTICE OF FORFEITURE- Counts I, IV and V

Upon conviction for the controlled substance offense(s) alleged in Count I (with respect to Omar MORALES COLON a/k/a "El Tigre", Roque VALDEZ, and Mohamed CAMBEROS a/k/a "Pedrito")) and Counts IV and V (with respect to Omar MORALES COLON) of this Indictment, the defendants shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting or derived from proceeds obtained, directly or indirectly, as a result of said violation(s), and any property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of, said violation, including, but not limited to: (1) approximately $382,000 in cash seized on or about May 6, 2017; (2) a white Dodge Ram pickup truck with Colorado license plate number ILQ847, registered to Roque VALDEZ; (3) a Bronze Ford F-450 pickup registered to Omar Morales COLON; (4) the property located at 4010 Kirkwood St. Georges Road, Bear, Delaware; (5) approximately $10,500 found inside 4010 Kirkwood St. Georges Road, Bear, Delaware on or about May 6 and 9, 2017; (6) the property located at 614 Rogers Avenue, Aston, Pennsylvania; (7) approximately $355,900 found inside a Ford Explorer in the garage of 614 Rogers Avenue in Aston, Pennsylvania on or about May 8, 2017; (8) a Ford Explorer seized from the garage of 614 Rogers Avenue in Aston, Pennsylvania on or about May

6.

8, 2017; (9) the property located at 916 Marshall Street, Wilmington, Delaware; and (10) approximately $167,000 found on or about May 10, 2017, inside a storage unit rented by N.M.

If any of the forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All in accordance with Title 21, United States Code, Sections 853 & 881, and Rule 32.2(a), Federal Rules of Criminal Procedure.

## NOTICE OF FORFEITURE- Counts II and III

Upon conviction for the controlled substance offense alleged in Counts II and III of this Indictment, the defendants, Omar MORALES COLON a/k/a "El Tigre," Roque VALDEZ and Mohamed AVILES CAMBEROS a/k/a "Pedrito," shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of, said violation, including but not limited to: (1) approximately $382,000 in cash seized on or about May 6, 2017; (2) a white Dodge Ram pickup truck with Colorado license plate number ILQ847, registered to Roque VALDEZ; (3) a Bronze Ford F-450 pickup registered to Omar Morales COLON; and (4) the property located at 916 Marshall Street, Wilmington, Delaware.

7.

APPX01

If any of the forfeitable property, as a result of any act or omission of the defendant:

(f) cannot be located upon the exercise of due diligence;

(g) has been transferred or sold to, or deposited with, a third party;

(h) has been placed beyond the jurisdiction of the court;

(i) has been substantially diminished in value; or

(j) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

982(b)(1) and Title 28, United States Code, Section 2461(c).

All in accordance with Title 21, United States Code, Sections 853 & 881, and Rule

32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

_____
FOREPERSON

DAVID C. WEISS
ACTING UNITED STATES ATTORNEY

_____
By:    Jennifer K. Welsh
       Whitney Cloud
       Assistant United States Attorneys

Dated: June 6, 2017

8.

APPX0124

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | : Criminal Action No. 17-47-LPS |
| v. | : |
| | : |
| OMAR MORALES COLON a/k/a "El Tigre," | : |
| SHAKIRA MARTINEZ, and | : |
| ZEMI PROPERTY MANAGEMENT, INC. | : |
| | : |
| Defendants. | : |



REDACTED

FILED

AUG 07 2018

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## SECOND SUPERSEDING INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT I

1.     Beginning on or about December 14, 2016, and continuing to on or about May 6, 2017, in the District of Delaware and elsewhere, defendant Omar Morales COLON, a/k/a "El Tigre" ("COLON") knowingly and intentionally combined, conspired, confederated and agreed with separately charged co-conspirators Roque VALDEZ and Mohamed AVILES CAMBEROS a/k/a "Pedrito," and with other persons known and unknown to the Grand Jury, to distribute five (5) kilograms or more of a mixture and substance containing a detectible amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

DISTRICT OF DELAWARE
CLERK U.S. DISTRICT COURT
FILED

2018 AUG -7 PM 1: 55

APPX0152

## Manner and Means

It was part of the conspiracy that:

2.     On at least four occasions, VALDEZ and CAMBEROS obtained cocaine from a supplier in California.  The first three occasions, VALDEZ and CAMBEROS obtained approximately twenty (20) kilograms of cocaine, and the fourth occasion VALDEZ and CAMBEROS obtained approximately seventeen (17) kilograms of cocaine.

3.     In California, VALDEZ and CAMBEROS concealed that cocaine inside oxygen tanks and welded the tanks shut.

4.     VALDEZ and CAMBEROS drove from California to Delaware to deliver the oxygen tanks filled with cocaine to COLON.

5.     Once VALDEZ and CAMBEROS arrived in Delaware, COLON provided VALDEZ and CAMBEROS with cash to pay for the cocaine.

6.     COLON also provided VALDEZ and CAMBEROS with access, including keys and garage door openers, for locations, including a location on Marshall Street in Wilmington, Delaware ("the Marshall Street Property").

7.     Once at the Marshall Street Property and any other properties to which COLON directed VALDEZ and CAMBEROS, VALDEZ, and CAMBEROS opened the oxygen tanks, removed the cocaine, placed the cash that COLON had provided inside the oxygen tanks, and welded the oxygen tanks shut.

8.     VALDEZ and CAMBEROS then drove the oxygen tanks containing the cash back to California.

9.     COLON then distributed the kilograms of cocaine to his customers, including customers in Delaware.

10.

APPX015

## Overt Acts

10.    The following overt acts, among others, were committed in furtherance of the conspiracy:

     a.    On or about December 14, 2016, VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Newark, Delaware.

     b.    On or about January 27, 2017, VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Newark, Delaware.

     c.    On or about March 9, 2017, VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Newark, Delaware.

     d.    On or about May 5, 2017, VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Newark, Delaware.

     e.    On or about May 6, 2017, COLON delivered approximately $382,000 in cash, which was payment for cocaine, to VALDEZ and CAMBEROS in the parking lot of a hotel in Newark, Delaware.

     f.    On or about May 6, 2017, CAMBEROS provided COLON with a pink post-it note on which was hand-written "$393,400," the amount that COLON was to pay VALDEZ and CAMBEROS for the cocaine they delivered from California.

     g.    On or about May 6, 2017, COLON provided VALDEZ and CAMBEROS with a garage door opener for the Marshall Street Property, with the intention that VALDEZ and CAMBEROS would go to the Marshall Street Property to unload the cocaine.

     h.    On or about May 6, 2017, VALDEZ and CAMBEROS possessed approximately seventeen (17) kilograms of cocaine, which were concealed within green oxygen tanks, with the intent to distribute that cocaine to COLON.

APPX0154

All in violation of Title 21, United States Code, Section 846.

## COUNT II

11.    Paragraphs 1-10 are hereby incorporated as if set forth fully herein.

12.    On or about May 6, 2017, in the District of Delaware, defendant Omar Morales COLON, a/k/a "El Tigre" ("COLON") did knowingly and intentionally attempt to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectible amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and 846.

## COUNT III

13.    On or about May 6, 2017, in the District of Delaware, defendant Omar Morales COLON, a/k/a "El Tigre" ("COLON") did knowingly and intentionally manufacture one hundred (100) or more marijuana plants, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT IV

14.    On or about May 6, 2017, in the District of Delaware, defendant Omar Morales COLON, a/k/a "El Tigre" ("COLON") did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectible amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT V

15.    Paragraphs 1-14 are hereby incorporated as if set forth fully herein.

12.

APPX

## Background

At all times material to this Indictment:

16.    ZEMI PROPERTY MANAGEMENT, INC. ("ZEMI") was a business incorporated in Delaware in 2009 that bought, sold, and renovated real property in Delaware and Pennsylvania. From its incorporation in 2009 to May 2017, OMAR MORALES COLON a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ ("MARTINEZ") have been active members.

17.    Defendant COLON was an officer and active member of defendant ZEMI.

18.    Defendant MARTINEZ was a management-level employee, agent, and active member of ZEMI. In 2015, COLON and MARTINEZ were legally married.

19.    From in or around November 2009, and continuing thereafter to on or about May 6, 2017, in the State and District of Delaware and elsewhere, the defendants COLON, MARTINEZ, and ZEMI did knowingly, intentionally, and unlawfully conspire with each other and with persons both known and unknown to the grand jury, to conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is, the conspiracy to manufacture and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846, knowing that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to the provisions of Title 18, United States Code, Section 1956(a)(1)(B)(i).

13.

APPX0156

## Object of the Conspiracy

20.    It was an object of the conspiracy for defendants COLON, MARTINEZ, and ZEMI, together with other persons known and unknown to the grand jury, to conceal the proceeds of specified unlawful activity – to wit, conspiracy to manufacture and distribute controlled substances – through financial transactions, including, but not limited to, the purchase, improvement, rental, sale, and mortgaging of properties by ZEMI and third parties.

## Manner and Means of the Conspiracy

21.    It was part of the conspiracy that defendants COLON and MARTINEZ built an underground bunker beneath their main residence at 4010 Kirkwood St Georges Road in Bear, Delaware in or around fall 2013, which bunker was used to grow marijuana.

22.    It was further part of the conspiracy that between at least November 2009 and May 6, 2017, defendants COLON and MARTINEZ concealed the proceeds of the conspiracy to manufacture and distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, by purchasing and renovating at least 14 parcels of real property in Delaware and Pennsylvania through ZEMI, all of which were purchased in U.S. currency with no financing.  Those properties are as follows:

a.    17 Memorial Drive, New Castle, Delaware – purchased by ZEMI in or around December 2009;

b.    14 Chelwynne Road, New Castle, Delaware – purchased by ZEMI in or around February 2010;

c.    4784 South Dupont Parkway, Townsend, Delaware – purchased by ZEM in or around March 2010;

14.

APPX015

    d.    4010 Kirkwood Saint-Georges Road, Bear, Delaware – purchased by ZEMI in or around March 2010;

    e.    2000 Linkwood Avenue, Wilmington, Delaware – purchased by ZEMI in or around October 2010;

    f.    822 West 9th Street, Wilmington, Delaware – purchased by ZEMI in or around January 2011;

    g.    505 North Harrison Street, Wilmington, Delaware – purchased by ZEMI in or around August 2012;

    h.    106 & 114 North Union Street, Wilmington, Delaware – purchased by ZEMI in or around August 2012;

    i.    241 ½ Smalley's Dam Road, Newark, Delaware – purchased by ZEMI in or around September 2014;

    j.    507 North Lincoln Street, Wilmington, Delaware – purchased by ZEMI in or around December 2014;

    k.    614 Rodgers Avenue, Aston, Pennsylvania – purchased by ZEMI in or around December 2014;

    l.    1901 A West 5th Street, Parcel B "Alley," Wilmington, Delaware – purchased by ZEMI in or around October 2016;

    m.    914, 916, and 920 Marshall Street, and 917 Brown Street, Wilmington, Delaware – purchased by ZEMI in or around December 2016; and

    n.    1024 Brown Street, Wilmington Delaware – purchased by ZEMI in or around January 2017.

APPX0158

23. It was further part of the conspiracy that the defendants COLON and MARTINEZ caused "PERSON 1" to purchase outright with U.S. currency, without financing, real property, to wit, 0 Smalley's Dam in Newark, Delaware, in or around November 2015.

24. It was further part of the conspiracy that defendants COLON and MARTINEZ transferred money and otherwise caused to be deposited U.S. currency into bank accounts controlled by PERSON 1 between 2014 and 2017.

25. It was further part of the conspiracy that the defendants COLON and MARTINEZ caused to be deposited more than $850,000 in U.S. currency in bank accounts controlled by defendants COLON, MARTINEZ, and ZEMI between at least January 2011 and May 6, 2017.

26. It was further part of the conspiracy that defendants COLON and MARTINEZ purchased cashier's checks using funds from multiple bank accounts; caused ZEMI to purchase cashier's checks; and solicited and encouraged third parties to purchase cashier's checks, which cashier's checks were made out to the law firms handling at least the real property closings described in paragraphs 22-23.

27. It was further part of the conspiracy that defendants COLON and MARTINEZ frequently purchased or caused to be purchased cashier's checks in denominations under $10,000 to avoid currency transaction reporting requirements.

28. It was further part of the conspiracy that defendant MARTINEZ structured cash deposits into multiple bank accounts within a single day to purchase multiple cashier's checks in denominations under $10,000 to avoid currency transaction reporting requirements.

29. It was further part of the conspiracy that defendants COLON and MARTINEZ purchased money orders made out to defendant MARTINEZ, defendant ZEMI, and third part

16.

APPX

which money orders were then used to purchase cashier's checks utilized in at least the real property purchases described in paragraphs 22-23.

30. It was further part of the conspiracy that defendant COLON caused money orders to be purchased in the names of third parties, which money orders were then used to purchase cashier's checks utilized in at least the real property purchases described in paragraphs 22-23.

All in violation of Title 18, United States Code, Sections 1956(h) and 2.

## COUNT VI

31. Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

32. On or about October 7, 2014, in the District of Delaware and elsewhere, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of a cashier's check for $7,000.00 made payable to a law firm in connection with the purchase of real property at 614 Rodgers Avenue in Aston, Pennsylvania, which financial transaction involved the proceeds of a specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT VII

33. Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

17.

APPX0160

34.    On or about October 13, 2014, in the District of Delaware and elsewhere, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ did knowingly cause PERSON 1 to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the transfer of funds and the negotiation of a personal check for $25,600.00 made payable to a law firm in connection with the purchase of 614 Rodgers Avenue in Aston, Pennsylvania, which financial transaction involved the proceeds of a specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT VIII

35.    Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

36.    On or about October 13, 2014, in the District of Delaware and elsewhere, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of a cashier's check for $13,780.00 made payable to a law firm in connection with the purchase of real property at 614 Rodgers Avenue in Aston, Pennsylvania, which financial transaction involved the proceeds of a specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled substances in violation of Title 21,

18.

United States Code, Sections 841(a)(1) and 846, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT IX

37. Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

38. On or about October 13, 2014, in the District of Delaware and elsewhere, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of funds and the negotiation of a personal check for $12,000.00—which check was made payable to a law firm in connection with the purchase of real property located at 614 Rodgers Avenue in Aston, Pennsylvania—such property, that is, the check, having been derived from a specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

All in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT X

39. Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

40. On or about the date listed below, in the District of Delaware, defendant, SHAKIRA MARTINEZ, did knowingly and for the purpose of evading the reporting

19.

APPX0162

requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the following transactions with a domestic financial institution:

| Date | Description of Transaction |
|---|---|
| 11/20/2014 | $5,000.00 cash deposit at TD Bank |
| 11/20/2014 | $6,000.00 cash deposit at WSFS Bank |

All in violation of Title 31, United States Code, Section 5324(a)(3) and (d)(2); Title 31, Code of Federal Regulations, Section 103.11; and Title 18, United States Code, Section 2.

## COUNT XI

41.     Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

42.     On or about November 21, 2014, in the District of Delaware, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON"), SHAKIRA MARTINEZ, and ZEMI PROPERTY MANAGEMENT, INC., did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of a cashier's check for $10,000.00 made payable to a law firm in connection with the purchase of real property at 507 North Lincoln Street in Wilmington, Delaware, which financial transaction involved the proceeds of a specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

20.

APPX0

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT XII

43. Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

44. On or about November 21, 2014, in the District of Delaware, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ did knowingly cause PERSON 1 to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the transfer of funds and the negotiation of a personal check for $10,000.00 made payable to a law firm in connection with the purchase of 507 North Lincoln Street in Wilmington, Delaware, which financial transaction involved the proceeds of a specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT XIII

45. Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

46. On or about November 10, 2015, in the District of Delaware, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON"), SHAKIRA MARTINEZ, and ZEMI PROPERTY MANAGEMENT, INC., did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of a cashier's check

21.

APPX0164

for $32,304.15 made payable to a law firm in connection with the purchase of real property at 0

Smalley's Dam in Newark, Delaware, which financial transaction involved the proceeds of a

specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled

substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that

the transaction was designed in whole and in part to conceal and disguise the nature, location,

source, ownership, and control of the proceeds of said specified unlawful activity and that while

conducting and attempting to conduct such financial transaction defendants knew that the

property involved in the financial transaction represented the proceeds of some form of unlawful

activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT XIV

47.     Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

48.     On or about the date listed below, in the District of Delaware, defendant

SHAKIRA MARTINEZ, did knowingly and for the purpose of evading the reporting

requirements of Section 5313(a) of Title 31, United States Code, and the regulations

promulgated thereunder, structure and assist in structuring the following transactions with a

domestic financial institution:

| Date | Description of Transaction |
|------|---------------------------|
| 11/10/2015 | $9,580.00 cash deposit at TD Bank |
| 11/10/2015 | $9,500.00 cash deposit at WSFS Bank |

All in violation of Title 31, United States Code, Section 5324(a)(3) and (d)(2); Title 31, Code of

Federal Regulations, Section 103.11; and Title 18, United States Code, Section 2.

22.

APPX

## COUNT XV

49.    Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

50.    On or about December 5, 2016, in the District of Delaware, defendants Omar Morales COLON, a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ did knowingly cause PERSON 1 to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of a cashier's check for $9,000.00 made payable to a law firm in connection with the purchase of real property located at 914, 916, and 920 Marshall Street and 917 Brown Street in Wilmington, Delaware, which involved the proceeds of a specified unlawful activity, that is, conspiracy to manufacture and to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT XVI

51.    Paragraphs 1-30 are hereby incorporated as if set forth fully herein.

52.    On or about the date listed below, in the District of Delaware, defendant SHAKIRA MARTINEZ did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the following transactions with a

23.

APPX0166

domestic financial institution:

| Date | Description of Transaction |
|------|----------------------------|
| 12/5/2016 | $9,500.00 cash deposit at WSFS Bank |
| 12/5/2016 | $9,508.00 cash deposit at TD Bank |

All in violation of Title 31, United States Code, Section 5324(a)(3) and (d)(2); Title 31, Code of Federal Regulations, Section 103.11; and Title 18, United States Code, Section 2.

## NOTICE OF FORFEITURE- COUNTS I and II

Upon conviction for the controlled substance offense alleged in Counts I and II of this Second Superseding Indictment, defendant Omar Morales COLON, a/k/a "El Tigre" ("COLON") shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting or derived from proceeds obtained, directly or indirectly, as a result of said violation, and upon conviction for the controlled substance offenses alleged in Counts I or II of this Second Superseding Indictment, any property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of, said violation, including, but not limited to:

(1) approximately $382,000 in cash seized on or about May 6, 2017;

(2) a white Dodge Ram pickup truck with Colorado license plate number ILQ847, registered to Roque VALDEZ;

(3) a Bronze Ford F-450 pickup truck registered to COLON;

(4) the property located at 4010 Kirkwood St Georges Road, Bear, Delaware;

(5) approximately $10,500 found inside 4010 Kirkwood St Georges Road, Bear, Delaware on or about May 6 and 9, 2017;

(6) the property located at 614 Rodgers Avenue, Aston, Pennsylvania;

24.

APPX

(7) approximately $355,900 found inside a Ford Explorer in the garage of 614 Rodgers Avenue in Aston, Pennsylvania on or about May 8, 2017;

(8) a Ford Explorer seized from the garage of 614 Rodgers Avenue in Aston, Pennsylvania on or about May 8, 2017;

(9) the property located at 916 Marshall Street, Wilmington, Delaware; and

(10) approximately $167,000 found on or about May 10, 2017, inside a storage unit rented by a person affiliated with defendant COLON ("PERSON 2").

If any of the forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All in accordance with Title 21, United States Code, Sections 853 & 881, and Rule 32.2(a), Federal Rules of Criminal Procedure.

### NOTICE OF FORFEITURE- COUNTS III and IV

Upon conviction for the controlled substance offense alleged in Counts III and IV of this Second Superseding Indictment, defendant Omar Morales COLON, a/k/a "El Tigre" ("COLON") shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting or derived from proceeds obtained, directly or indirectly, as a result of said violation,

APPX0168

and upon conviction for the controlled substance offenses alleged in Counts III or IV of this Second Superseding Indictment, any property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of, said violation, including, but not limited to:

(1) the property located at 4010 Kirkwood St Georges Road, Bear, Delaware;

(2) approximately $167,000 found on or about May 10, 2017, inside a storage unit rented by a person affiliated with defendant COLON ("PERSON 2").

If any of the forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All in accordance with Title 21, United States Code, Sections 853 & 881, and Rule 32.2(a), Federal Rules of Criminal Procedure.

## NOTICE OF FORFEITURE – COUNTS V-IX, XI-XIII, and XV

Upon conviction for the money laundering offenses alleged in Counts V, VI, VII, VIII, IX, XI, XII, XIII, and XV of this Second Superseding Indictment, defendants, Omar MORALES COLON a/k/a "El Tigre" ("COLON") and SHAKIRA MARTINEZ, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982, all property, real and personal,

26.

APPX0

involved in the money laundering offenses specified below by count, and all property traceable to such property, including but not limited to the following:

(1) the property located at 17 Memorial Drive, New Castle, Delaware (Count V);

(2) the property located at 14 Chelwynne Road, New Castle, Delaware (Count V);

(3) the property located at 2000 Linkwood Avenue, Wilmington, Delaware (Count V);

(4) the property located at 4010 Kirkwood Saint-Georges Road, Bear, Delaware (Count V);

(5) the property located at 822 West 9th Street, Wilmington, Delaware (Count V);

(6) the property located at 505 North Harrison Street, Wilmington, Delaware (Count V);

(7) the properties located at 106 and 114 North Union Street, Wilmington, Delaware (Count V);

(8) the property located at 241 ½ Smalley's Dam Road, Newark, Delaware (Count V);

(9) the property located at 507 North Lincoln Street, Wilmington, Delaware (Counts V, XI, and XII);

(10) the property located at 614 Rodgers Avenue, Aston, Pennsylvania (Counts V, VI, VII, VIII, and IX);

(11) the property located at 0 Smalley's Dam Road, Newark, Delaware (Counts V and XIII);

(12) the properties located at 914-920 Marshall Street, Wilmington, Delaware and 917 Brown Street, Wilmington, Delaware (Counts V and XV); and

(13) the property located at 1024 Brown Street, Wilmington, Delaware (Count V).

Upon conviction for the money laundering offenses alleged in Counts V, XI, and XIII of this Second Superseding Indictment, defendant ZEMI PROPERTY MANAGEMENT, INC. shall

-27-

APPX0170

forfeit to the United States pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offenses specified below by count, and all property traceable to such property, including but not limited to the following:

(1) the property located at 17 Memorial Drive, New Castle, Delaware (Count V);

(2) the property located at 14 Chelwynne Road, New Castle, Delaware (Count V);

(3) the property located at 2000 Linkwood Avenue, Wilmington, Delaware (Count V);

(4) the property located at 4010 Kirkwood Saint-Georges Road, Bear, Delaware (Count V);

(5) the property located at 822 West 9th Street, Wilmington, Delaware (Count V);

(6) the property located at 505 North Harrison Street, Wilmington, Delaware (Count V);

(7) the properties located at 106 and 114 North Union Street, Wilmington, Delaware (Count V);

(8) the property located at 241 ½ Smalley's Dam Road, Newark, Delaware (Count V);

(9) the property located at 507 North Lincoln Street, Wilmington, Delaware (Counts V and XI);

(10) the property located at 614 Rodgers Avenue, Aston, Pennsylvania (Count V);

(11) the property located at 0 Smalley's Dam Road, Newark, Delaware (Counts V and XIII);

(12) the properties located at 914-920 Marshall Street, Wilmington, Delaware and 917 Brown Street, Wilmington, Delaware (Count V); and

(13) the property located at 1024 Brown Street, Wilmington, Delaware (Count V).

If any of the property described above, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence; has been transferred or sold to,

28.

APPX0171

or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) (as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c)).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461.

## NOTICE OF FORFEITURE – COUNTS X, XIV, and XVI

Upon conviction for the offenses alleged in Counts X, XIV, and XVI of this Second Superseding Indictment, defendant SHAKIRA MARTINEZ shall forfeit to the United States pursuant to Title 31, United States Code, Section 5317(c)(1), any property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of, said violation, including but not limited to:

(1) the property located at 507 North Lincoln Street, Wilmington, Delaware (Count X);

(2) the property located at 0 Smalley's Dam Road, Newark, Delaware (Count XIV); and

(3) the properties located at 914-920 Marshall Street, Wilmington, Delaware and 917 Brown Street, Wilmington, Delaware (Count XVI).

If any of the property described above, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute

property pursuant to Title 21, United States Code, Section 853(p) (as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c)).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461.

A TRUE BILL

_____

FOREPERSON

DAVID C. WEISS
UNITED STATES ATTORNEY

By:   Jennifer K. Welsh
       Whitney C. Cloud
       Assistant United States Attorneys

Dated: August 7, 2018

30.

APPX01

| | | |
|---|---|---|
| | | one, shall be due on or before Monday, October 26, 2020. Ordered by Judge Leonard P. Stark on 10/23/2020. (etg) (Entered: 10/23/2020) |
| 10/26/2020 | 311 | SEALED REPLY TO RESPONSE to Motion by Omar Morales Colon re 304 First MOTION for Medical Treatment *and Hearing to Address Need for Urgent Medical Care* (To be maintained on file in Clerk's Office) (etg) (Entered: 10/26/2020) |
| 10/28/2020 | 312 | ORAL ORDER as to Omar Morales Colon: Having reviewed Defendant Colon's motion for a hearing to address the need for urgent medical care and the related filings (D.I. 304, 307, 309, 311), IT IS HEREBY ORDERED that Defendant's motion (D.I. 304) is DENIED. The Court's review of the medical records (see D.I. 309 Exs. A-G) supports the government's contention that Defendant has received, is currently receiving, and can be expected to continue receiving adequate medical treatment. There is no need for a hearing on this issue. Defendant's reply indicates that he recently had another medical appointment and the records of that visit will soon be shared with defense counsel. Defendant requests a teleconference to discuss those records once they arrive but the Court sees no need at present to do so. Should Defendant believe the new records (or any subsequent information) provide a materially different or new basis for seeking relief, he may file another appropriate motion and/or he may update the Court in a forthcoming joint status report (see D.I. 301). Ordered by Judge Leonard P. Stark on 10/28/2020. (etg) (Entered: 10/28/2020) |
| 11/02/2020 | 313 | STATUS REPORT *(Joint) and Request for Video Conference* by USA as to Omar Morales Colon, Shakira Martinez (Cloud, Whitney) (Entered: 11/02/2020) |
| 11/03/2020 | 314 | ORAL ORDER as to Omar Morales Colon, Shakira Martinez: IT IS HEREBY ORDERED that a Video Status Conference is set for 11/5/2020 at 2:00 PM before Judge Leonard P. Stark. The Defendants and their counsel shall attend. Ordered by Judge Leonard P. Stark on 11/3/2020. (etg) (Entered: 11/03/2020) |
| 11/05/2020 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Video Status Conference as to Omar Morales Colon, Shakira Martinez held on 11/5/2020 (Court Reporter B. Gaffigan.) (etg) (Entered: 11/25/2020) |
| 11/10/2020 | 315 | Letter to Hon. Leonard P. Stark from Mark E. Cedrone regarding clarifying Ms. Martinez's position re: government's request to bifurcate. (Cedrone, Mark) (Entered: 11/10/2020) |
| 11/12/2020 | 316 | STATUS REPORT *(Joint) and Request for Video Conference* by USA as to Omar Morales Colon, Shakira Martinez (Attachments: # 1 Text of Proposed Order)(Welsh, Jennifer) (Entered: 11/12/2020) |
| 11/12/2020 | 317 | ORDER as to Omar Morales Colon, Shakira Martinez: IT IS HEREBY ORDERED that Counts 5-16 of the Second Superseding Indictment will be severed from Counts 1-4 for the purpose of trial. The trial of Counts 5-16 of the Second Superseding Indictment will be continued from the 1/11/2021 date until later in 2021. A Telephone Conference is set for 2/1/2021 at 08:30 AM before Judge Leonard P. Stark to discuss a trial date for Counts 5-16 of the Second Superseding Indictment. Based on the reasons set forth by the parties, the Court finds that the ends of justice are served by a continuance, and that such ends outweigh the interests of the defendants and the public in a speedy trial, 18 U.S.C. § 3161(h)(7)(A). The trial of Counts 1-4 against defendant Colon shall proceed as scheduled on 1/11/2021, subject to any further order of the Court. The deadlines for Motions *in Limine*, currently set for 11/23/2020, are hereby continued to a date to be determined. The parties shall submit a Status Report due by 11/20/2020. A Telephone Conference is set for 11/23/2020 at 08:30 AM before Judge Leonard P. Stark. The government shall arrange the call (See Order for complete details). Signed by Judge Leonard P. Stark on 11/12/2020. (etg) (Entered: 11/13/2020) |

31.

| 11/16/2020 | 318 | SEALED JOINT MOTION to Continue Sentencing as to Roque Valdez (To be maintained on file in Clerk's Office) (etg) (Entered: 11/16/2020) |
|---|---|---|
| 11/16/2020 | 319 | SEALED JOINT MOTION to Continue Sentencing as to Mohamed Aviles Camberos (To be maintained on file in Clerk's Office) (etg) (Entered: 11/16/2020) |
| 11/19/2020 | 320 | ORDER granting 318 SEALED JOINT MOTION to Continue Sentencing as to Roque Valdez. Sentencing is rescheduled for 3/3/2021 at 09:00 AM in Courtroom 6B before Judge Leonard P. Stark. Signed by Judge Leonard P. Stark on 11/19/2020. (etg) (Entered: 11/19/2020) |
| 11/19/2020 | 321 | ORDER granting 319 SEALED JOINT MOTION to Continue Sentencing as to Mohamed Aviles Camberos. Sentencing is rescheduled for 3/3/2021 at 10:00 AM in Courtroom 6B before Judge Leonard P. Stark. Signed by Judge Leonard P. Stark on 11/19/2020. Spanish Interpreter Requested for this proceeding (etg) (Entered: 11/19/2020) |
| 11/20/2020 | 322 | STATUS REPORT (Joint) by USA as to Omar Morales Colon (Welsh, Jennifer) (Entered: 11/20/2020) |
| 11/23/2020 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Telephone Conference as to Omar Morales Colon, Shakira Martinez held on 11/23/2020 (Court Reporter B. Gaffigan.) (etg) (Entered: 11/23/2020) |
| 11/25/2020 | 323 | ORAL ORDER as to Omar Morales Colon, Shakira Martinez: IT IS HEREBY ORDERED that trial on Counts 1-4 of the Second Superseding Indictment is CONTINUED from the January 11, 2021 date and is RESCHEDULED for April 26, 2021. A pretrial conference is scheduled for April 9, 2021 at 11:30 a.m. The parties shall file, by no later than Monday, December 7, 2020, a joint status report addressing (i) how the Court should proceed with respect to scheduling trial on the remaining charges; (ii) any updates relating to Colon's medical situation; (iii) how the Court should proceed with respect to issues relating to Colon's representation; (iv) proposed pretrial deadlines, including a Motions in Limine deadline; and (v) anything else the parties wish to include. IT IS FURTHER ORDERED that the time from the date of this Order until April 26, 2021 is excluded under the Speedy Trial Act, because the ends of justice served by the delay outweigh the best interest of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). Ordered by Judge Leonard P. Stark on 11/25/2020. (etg) (Entered: 11/25/2020) |
| 12/01/2020 | 324 | SEALED MOTION by Roque Valdez (To be maintained on file in Clerk's Office) (etg) (Entered: 12/01/2020) |
| 12/01/2020 | 325 | ORAL ORDER as to Roque Valdez: IT IS HEREBY ORDERED that the Government shall respond to 324 Sealed Motion by Roque Valdez on or before 12/03/2020. Defendant may file a Reply on or before 12/04/2020. Ordered by Judge Leonard P. Stark on 12/1/2020. (etg) (Entered: 12/01/2020) |
| 12/03/2020 | 326 | SEALED RESPONSE to Motion by USA with Exhibit A re 324 SEALED MOTION by Roque Valdez (To be maintained on file in Clerk's Office) (etg) Modified on 1/5/2021 to correct docket text (etg). (Entered: 12/03/2020) |
| 12/07/2020 | 327 | STATUS REPORT (Joint) by USA as to Omar Morales Colon, Shakira Martinez (Welsh, Jennifer) (Additional attachment added on 12/8/2020 at the request of the filer: # 1 Exhibit 1) (etg). (Entered: 12/07/2020) |
| 12/08/2020 | 328 | ORAL ORDER as to Omar Morales Colon, Shakira Martinez: Having reviewed the parties' joint status report of December 7 (D.I. 327), IT IS HEREBY ORDERED that: (i) in view of the Court's calendar and the parties' competing requests with respect to timing of trial on the remaining charges, the Court will defer scheduling that trial until a later |

32.

APPX0079

| | | |
|---|---|---|
| | | date in all subsequent joint status reports all parties shall continue to provide their positions on whether a trial date should be set and, if so, the desired timeframe for that trial; (ii) the proposed pretrial deadlines preceding the scheduled April 2021 trial involving only Defendant Colon (id. at 2) are ADOPTED; (iii) the parties shall provide joint status reports on the following dates: January 27 and February 27 and all other orders requiring status reports are VACATED as to the filing of status reports requirements; (iv) the Court will hold an in-court proceeding to consider issues relating to representation of Colon on January 13 at 10:00 a.m. and the government shall submit a proposed colloquy no later than January 11; and (v) the status teleconference of February 1, 2021 at 8:30 a.m. (see D.I. 317) will remain on the Court's calendar. Ordered by Judge Leonard P. Stark on 12/8/2020. (etg) (Entered: 12/08/2020) |
| 12/30/2020 | 329 | MEMORANDUM ORDER re 324 SEALED MOTION by Roque Valdez. Signed by Judge Leonard P. Stark on 12/30/2020. (etg) Modified on 1/5/2021 to unseal document (etg). (Entered: 12/30/2020) |
| 01/05/2021 | 330 | REDACTED VERSION of 326 Response to Motion filed by USA by USA as to Roque Valdez (Cloud, Whitney) (Entered: 01/05/2021) |
| 01/05/2021 | 331 | REDACTED VERSION of 324 *Second Motion for Compassionate Release* by Roque Valdez (Brose, James) Modified on 1/5/2021 to update docket text to include D.I. number (etg). (Entered: 01/05/2021) |
| 01/07/2021 | 332 | SEALED MOTION with Exhibit A by Omar Morales Colon (To be maintained on file in Clerk's Office) (etg) (Entered: 01/08/2021) |
| 01/08/2021 | 333 | ORAL ORDER as to Omar Morales Colon: IT IS HEREBY ORDERED that the government shall respond to 332 SEALED MOTION by Omar Morales Colon on or before 1/11/2021. Ordered by Judge Leonard P. Stark on 1/8/2021. (etg) (Entered: 01/08/2021) |
| 01/11/2021 | 334 | SEALED RESPONSE to Motion by USA as to Omar Morales Colon re 332 SEALED MOTION. (To be maintained on file in Clerk's Office) (etg) (Entered: 01/11/2021) |
| 01/13/2021 | 335 | ORAL ORDER as to Omar Morales Colon: IT IS HEREBY ORDERED that the in-court proceeding set for 1/13/2021 at 10:00 AM is continued to 1/14/2021 at 1:30 PM in Courtroom 4B before Judge Leonard P. Stark. Ordered by Judge Leonard P. Stark on 1/13/2021. (etg) (Entered: 01/13/2021) |
| 01/14/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Miscellaneous Hearing as to Omar Morales Colon held on 1/14/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 01/15/2021) |
| 01/15/2021 | 336 | ORAL ORDER as to Omar Morales Colon: IT IS HEREBY ORDERED that a Telephone Conference is set for 1/21/2021 at 12:45 PM with the government coordinating the call. Ordered by Judge Leonard P. Stark on 1/15/2021. (etg) (Entered: 01/15/2021) |
| 01/21/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Telephone Conference as to Omar Morales Colon held on 1/21/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 01/21/2021) |
| 01/27/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Telephone Conference as to Omar Morales Colon held on 1/27/2021 (Court Reporter B. Gaffigan.) (ntl) (Entered: 01/27/2021) |
| 01/27/2021 | 337 | STATUS REPORT *(Joint)* by USA as to Omar Morales Colon, Shakira Martinez (Cloud, Whitney) (Entered: 01/27/2021) |

APPX0080

| 01/27/2021 | 338 | SEALED JOINT MOTION to Continue Sentencing as to Roque Valdez (To be maintained on file in Clerk's Office) (etg) (Entered: 01/29/2021) |
| 01/27/2021 | 339 | SEALED JOINT MOTION to Continue Sentencing as to Mohamed Aviles Camberos (To be maintained on file in Clerk's Office) (etg) (Entered: 01/29/2021) |
| 01/29/2021 | 340 | ORDER granting 338 SEALED JOINT MOTION to Continue Sentencing as to Roque Valdez. Sentencing is rescheduled for 6/2/2021 at 10:00 AM in Courtroom 6B before Judge Leonard P. Stark. Signed by Judge Leonard P. Stark on 1/29/2021. (etg) (Entered: 01/29/2021) |
| 01/29/2021 | 341 | ORDER granting 339 SEALED JOINT MOTION to Continue Sentencing as to Mohamed Aviles Camberos. Sentencing is rescheduled for 6/2/2021 at 11:00 AM in Courtroom 6B before Judge Leonard P. Stark. Spanish Interpreter Requested for this proceeding. Signed by Judge Leonard P. Stark on 1/29/2021. (etg) (Entered: 01/29/2021) |
| 01/29/2021 | 342 | ORDER as to Omar Morales Colon, Shakira Martinez: IT IS ORDERED that the scheduled February 1, 2021 teleconference is cancelled; The parties should propose a trial schedule for Counts 5-16 of the Second Superseding Indictment in their February 27, 2021 joint status report; and the government shall file a letter and a proposed order by Wednesday, February 3, 2021. Signed by Judge Leonard P. Stark on 1/29/2021. (etg) (Entered: 01/29/2021) |
| 02/03/2021 | 343 | Letter to Chief Judge Stark from AUSA Welsh and Cloud regarding Good Cause for Substitution of Counsel. (Attachments: # 1 Text of Proposed Order)(Welsh, Jennifer) (Entered: 02/03/2021) |
| 02/04/2021 | 344 | ORDER as to Omar Morales Colon: IT IS ORDERED that: 1) As arranged by the Clerk of the Court, Mr. Colon should be served a copy of the government's letter filed on February 3, 2021 and this Order. 2) Mr. Colon will have until February 19, 2021 to mail a letter to the Court, ex parte, that must set forth all of his good cause reasons for replacing his current court-appointed counsel. Because Mr. Colon has previously requested a hearing, within his letter, Mr. Colon shall also identify any witnesses he would call if he were granted a hearing, and what he anticipates their testimony will be. 3) A copy of Mr. Colon's letter will be furnished to Caroline Cinquanto. The Court further orders Ms. Cinquanto to respond to Mr. Colon's letter by February 25. 2021. 4) Upon reviewing the letters, the Court will decide if any further hearing is warranted and if it will share any parts of the letters with the government. 5) At the conclusion of its determination of cause, the Court will hold a status conference, to be set at a later date. 6) The submissions from Mr. Colon and Ms. Cinquanto shall each be limited to twenty pages maximum. 7) If Ms. Cinquanto seeks to withdraw as counsel, as she indicated to the Court in a January 27, 2021 teleconference, she must submit such a request in writing. Signed by Judge Leonard P. Stark on 2/4/2021. (A copy of this Order and D.I. 343 has been mailed to Mr. Colon, via U.S.P.S., at the F.D.C. Philadelphia) (etg) (Entered: 02/04/2021) |
| 02/19/2021 | 345 | Sealed EX PARTE Document by Omar Morales Colon (To be maintained on file in Clerk's Office) (Document furnished to Caroline Cinquanto via email) (etg) (Entered: 02/19/2021) |
| 02/21/2021 | 346 | MOTION for Caroline Goldner Cinquanto to Withdraw as Attorney by Omar Morales Colon. (Cinquanto, Caroline) (Entered: 02/21/2021) |
| 02/26/2021 | 347 | STATUS REPORT *(Joint)* by USA as to Omar Morales Colon, Shakira Martinez (Cloud, Whitney) (Entered: 02/26/2021) |
| 03/03/2021 | 348 | Sealed EX PARTE Document by Omar Morales Colon (To be maintained on file in Clerk's Office) (Document furnished to Caroline Cinquanto via email) (etg) (Entered: |

34.

APPX0081

| | | |
|---|---|---|
| 03/03/2021) | | |
| 03/03/2021 | 349 | Sealed Document by USA as to Omar Morales Colon (To be maintained on file in Clerk's Office) (etg) (Entered: 03/03/2021) |
| 03/03/2021 | 354 | Sealed EX PARTE Document by Omar Morales Colon (To be maintained on file in Clerk's Office) (etg) (Entered: 03/05/2021) |
| 03/04/2021 | 350 | ORAL ORDER as to Omar Morales Colon: Having communicated with defense counsel ex parte, IT IS HEREBY ORDERED that Ms. Cinquanto shall respond to Mr. Colon's ex parte letters (D.I. 345, 348) by March 8, 2021. IT IS FURTHER ORDERED that a Status Telephone Conference is set for March 9, 2021 at 1:15 PM with the government coordinating the call. Ordered by Judge Leonard P. Stark on 3/4/2021. (etg) (Entered: 03/04/2021) |
| 03/04/2021 | 351 | Emergency MOTION for Hearing *to Address the Need for Immediate Post-Operative Medical Care* by Omar Morales Colon. (Attachments: # 1 Exhibit Letter Regarding Post-Operative Care)(Cinquanto, Caroline) (Entered: 03/04/2021) |
| 03/04/2021 | 352 | ORAL ORDER as to Omar Morales Colon: Having reviewed Colon's emergency motion (D.I. 351), IT IS HEREBY ORDERED that the Court will hear argument on the motion during a teleconference tomorrow, March 5, at 1:45 p.m. Ordered by Judge Leonard P. Stark on 3/4/2021. (etg) (Entered: 03/04/2021) |
| 03/05/2021 | 353 | Sealed EX PARTE Document by Omar Morales Colon (To be maintained on file in Clerk's Office) (etg) (Entered: 03/05/2021) |
| 03/05/2021 | 355 | Sealed Document by USA as to Omar Morales Colon (To be maintained on file in Clerk's Office) (etg) (Entered: 03/05/2021) |
| 03/05/2021 | 356 | ORAL ORDER: As discussed during today's status teleconference, IT IS HEREBY ORDERED that the government shall file a status report no later than 11:00 a.m. on March 8, 2021. IT IS FURTHER ORDERED that Ms. Cinquanto's request (D.I. 353) for an extension of the deadline to respond to Mr. Colon's letters (D.I. 345, 348) to March 19, 2021 is GRANTED. Ordered by Judge Leonard P. Stark on 3/5/2021. (etg) (Entered: 03/05/2021) |
| 03/05/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Telephone Conference as to Omar Morales Colon held on 3/5/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 03/05/2021) |
| 03/08/2021 | 357 | Sealed Document by USA as to Omar Morales Colon (To be maintained on file in Clerk's Office) (etg) (Entered: 03/08/2021) |
| 03/08/2021 | 358 | ORAL ORDER as to Omar Morales Colon: IT IS HEREBY ORDERED that the Status Telephone Conference set for March 9, 2021 at 1:15 PM is RESCHEDULED for March 9, 2021 at 1:00 PM. Ordered by Judge Leonard P. Stark on 3/8/201. (etg) (Entered: 03/08/2021) |
| 03/09/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Status Telephone Conference as to Omar Morales Colon held on 3/9/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 03/09/2021) |
| 03/09/2021 | 359 | ORDER as to Omar Morales Colon, Shakira Martinez: IT IS ORDERED that the trial of Counts 1-4 of the Second Superseding Indictment, currently scheduled tobegin on April 26, 2021, is hereby canceled. All deadlines in connection with this trial are hereby vacated. The parties shall provide a joint status report on or before May 14, 2021. The parties should propose a trial schedule for Counts 5-16 of the Second Superseding Indictment in their joint status report. Based on the reasons set forth by the parties, the |

35.

APPX0082

| | | Court finds that the ends of justice are served by a continuance, and that such ends outweigh the interests of the defendants and the public in a speedy trial, 18 U.S.C. § 3161(h)(7)(A). Signed by Judge Leonard P. Stark on 3/9/2021. (etg) (Entered: 03/09/2021) |
|---|---|---|
| 03/09/2021 | 360 | ORAL ORDER: IT IS HEREBY ORDERED that Defendant Colon's Sealed Motion (D.I. 332) is DENIED AS MOOT. Ordered by Judge Leonard P. Stark on 3/9/2021. (etg) (Entered: 03/09/2021) |
| 03/19/2021 | 361 | Sealed EX PARTE Document by Omar Morales Colon (To be maintained on file in Clerk's Office) (etg) (Entered: 03/22/2021) |
| 04/08/2021 | 362 | Letter to Caroline Cinquanto, Esq. from Clerk's Office forwarding correspondence from client. (etg) (Entered: 04/08/2021) |
| 04/19/2021 | 363 | ORAL ORDER as to Omar Morales Colon: IT IS HEREBY ORDERED that a Status Telephone Conference is set for April 23, 2021 at 11:15 AM with the government coordinating the call. Ordered by Judge Leonard P. Stark on 4/19/2021. (etg) (Entered: 04/19/2021) |
| 04/23/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Status Telephone Conference as to Omar Morales Colon held on 4/23/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 04/23/2021) |
| 04/23/2021 | 364 | ORAL ORDER as to Omar Morales Colon: Having held a Status Telephone Conference with the parties on April 23, 2021, IT IS HEREBY ORDERED that the government shall submit a joint status report due on or before Friday, April 30, 2021. Ordered by Judge Leonard P. Stark on 4/23/2021. (etg) (Entered: 04/23/2021) |
| 04/30/2021 | 365 | STATUS REPORT *(Joint)* by USA as to Omar Morales Colon (Cloud, Whitney) (Entered: 04/30/2021) |
| 05/03/2021 | 366 | OFFICIAL TRANSCRIPT of Video Telephone Conference held on May 7, 2020 before Chief Judge Leonard P. Stark. Court Reporter: Brian Gaffigan, email: gaffigan@verizon.net. Transcript may be viewed at the court public terminal or ordered/purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 5/24/2021. Redacted Transcript Deadline set for 6/3/2021. Release of Transcript Restriction set for 8/2/2021. (bpg) (Entered: 05/03/2021) |
| 05/03/2021 | 367 | SEALED TRANSCRIPT of Video Telephone Conference held on May 7, 2020 before Chief Judge Leonard P. Stark. (Transcript on file in Clerk's Office) (bpg) (Entered: 05/03/2021) |
| 05/03/2021 | 368 | OFFICIAL TRANSCRIPT of Status Telephone Conference held on May 7, 2020 before Chief Judge Leonard P. Stark. Court Reporter: Brian Gaffigan, email: gaffigan@verizon.net. Transcript may be viewed at the court public terminal or ordered/purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 5/24/2021. Redacted Transcript Deadline set for 6/3/2021. Release of Transcript Restriction set for 8/2/2021.(bpg) (Entered: 05/03/2021) |
| 05/03/2021 | 369 | OFFICIAL TRANSCRIPT of Status Telephone Conference held on November 5, 2020 before Chief Judge Leonard P. Stark. Court Reporter: Brian Gaffigan, email: gaffigan@verizon.net. Transcript may be viewed at the court public terminal or ordered/purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 5/24/2021. Redacted Transcript Deadline set for 6/3/2021. Release of |

36·

APPX0083

| | | |
|---|---|---|
| | | Transcript Restriction set for 8/2/2021.(bpg) (Main Document 369 replaced on 5/4/2021 as per the Court Reporter's request) (etg). (Entered: 05/03/2021) |
| 5/03/2021 | 370 | OFFICIAL TRANSCRIPT of In-Court Status Conference held on January 14, 2021 before Chief Judge Leonard P. Stark. Court Reporter: Brian Gaffigan, email: gaffigan@verizon.net. Transcript may be viewed at the court public terminal or ordered/purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 5/24/2021. Redacted Transcript Deadline set for 6/3/2021. Release of Transcript Restriction set for 8/2/2021.(bpg) (Entered: 05/03/2021) |
| 05/03/2021 | 371 | SEALED TRANSCRIPT of In-Court Status Conference held on January 14, 2021 before Chief Judge Leonard P. Stark. (Transcript on file in Clerk's Office) (bpg) (Entered: 05/03/2021) |
| 05/03/2021 | 372 | OFFICIAL TRANSCRIPT of Telephone Status Conference held on April 23, 2021 before Chief Judge Leonard P. Stark. Court Reporter: Brian Gaffigan, email: gaffigan@verizon.net. Transcript may be viewed at the court public terminal or ordered/purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 5/24/2021. Redacted Transcript Deadline set for 6/3/2021. Release of Transcript Restriction set for 8/2/2021.(bpg) (Entered: 05/03/2021) |
| 05/03/2021 | 373 | OFFICIAL TRANSCRIPT of Telephone Conference held on January 27, 2021 before Chief Judge Leonard P. Stark. Court Reporter: Brian Gaffigan, email: gaffigan@verizon.net. Transcript may be viewed at the court public terminal or ordered/purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 5/24/2021. Redacted Transcript Deadline set for 6/3/2021. Release of Transcript Restriction set for 8/2/2021. (bpg) (Entered: 05/03/2021) |
| 05/03/2021 | 374 | Memorandum Opinion as to Omar Morales Colon (ntl) Modified on 5/7/2021 to unseal document (etg). (Entered: 05/03/2021) |
| 05/03/2021 | 375 | ORDER as to Omar Morales Colon re 374 Memorandum Opinion -- 346 MOTION for Caroline Goldner Cinquanto to Withdraw as Attorney filed by Omar Morales Colon is GRANTED. The Clerk of Court is directed to appoint new counsel for Defendant. Signed by Judge Leonard P. Stark on 5/3/21. (ntl) Modified on 5/7/2021 to update docket text (etg). (Entered: 05/03/2021) |
| 05/10/2021 | 376 | ORAL ORDER as to Omar Morales Colon, Shakira Martinez: IT IS HEREBY ORDERED that the current status report deadline set for May 14 is VACATED. The Court will set a Status Teleconference once new counsel for Defendant Colon has been appointed. Ordered by Judge Leonard P. Stark on 5/10/2021. (etg) (Entered: 05/10/2021) |
| 05/18/2021 | | ORAL ORDER appointing Dina Chavar, Esq., for Omar Morales Colon until further Order of the Court. The CJA representation type is Criminal Case. Signed by Judge Leonard P. Stark on 5/18/21. (kjk) (Entered: 05/18/2021) |
| 05/19/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Telephone Conference as to Omar Morales Colon held on 5/19/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 05/20/2021) |
| 05/21/2021 | 377 | Joint MOTION for Hearing *In Person Status Conference* by USA as to Omar Morales Colon. (Cloud, Whitney) (Entered: 05/21/2021) |
| 05/21/2021 | 378 | ORDER as to Omar Morales Colon: IT IS HEREBY ORDERED that a Status Conference is set for 5/27/2021 at 11:30 AM in Courtroom 4B before Judge Leonard P. Stark. A |

APPX0084

| | | |
|---|---|---|
| | | Pretrial Conference is set for 9/9/2021 at 10:00 AM in Courtroom 6B before Judge Leonard P. Stark. A Jury Trial is set for 9/20/2021 at 09:00 AM in Courtroom 6B before Judge Leonard P. Stark. Time is excluded from 5/21/2021 until 9/20/2021. Signed by Judge Leonard P. Stark on 5/21/2021. (etg) (Entered: 05/21/2021) |
| 05/26/2021 | 379 | ORAL ORDER as to Omar Morales Colon: IT IS HEREBY ORDERED that the Status Conference set for 5/27/2021 at 11:30 AM will take place in Courtroom 6B before Judge Leonard P. Stark. Ordered by Judge Leonard P. Stark on 5/26/2021. (etg) (Entered: 05/26/2021) |
| 05/26/2021 | 380 | Letter to Chief Judge Stark from AUSAs Cloud & Welsh regarding Proposed Discussion for Status Conference - re 378 Order,, Set Hearings,, Order to Continue - Ends of Justice,, (Cloud, Whitney) (Entered: 05/26/2021) |
| 05/27/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Status Conference as to Omar Morales Colon held on 5/27/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 05/27/2021) |
| 05/27/2021 | 381 | SEALED JOINT MOTION to Continue Sentencing as to Mohamed Aviles Camberos (To be maintained on file in Clerk's Office) (etg) (Entered: 05/27/2021) |
| 05/27/2021 | 382 | SEALED JOINT MOTION to Continue Sentencing as to Roque Valdez (To be maintained on file in Clerk's Office) (etg) (Entered: 05/27/2021) |
| 05/28/2021 | 383 | Letter to Honorable Leonard Stark from Dina Chavar, Esquire. (Chavar, Dina) (Entered: 05/28/2021) |
| 05/28/2021 | 384 | MOTION for Proposed Schedule for Pre-Trial Deadlines by USA as to Omar Morales Colon. (Cloud, Whitney) (Entered: 05/28/2021) |
| 05/28/2021 | 385 | ORDER granting 381 SEALED JOINT MOTION to Continue Sentencing as to Mohamed Aviles Camberos. Sentencing is rescheduled for 10/18/2021 at 10:00 AM in Courtroom 6B before Judge Leonard P. Stark. Signed by Judge Leonard P. Stark on 5/28/2021. A Spanish Interpreter is requested for this proceeding. (etg) (Entered: 05/28/2021) |
| 05/28/2021 | 386 | ORDER granting 382 SEALED JOINT MOTION to Continue Sentencing as to Roque Valdez. Sentencing is rescheduled for 10/18/2021 at 11:00 AM in Courtroom 6B before Judge Leonard P. Stark. Signed by Judge Leonard P. Stark on 5/28/2021. (etg) (Entered: 05/28/2021) |
| 05/28/2021 | 387 | ORDER as to Omar Morales Colon: IT IS HEREBY ORDERED that a Telephone Conference is set for 6/11/2021 at 04:15 PM before Judge Leonard P. Stark. IT IS FURTHER ORDERED that the government shall file a joint status report on or before 6/10/2021. Signed by Judge Leonard P. Stark on 5/28/2021. (etg) (Entered: 05/28/2021) |
| 06/01/2021 | 388 | ORDER re Pre-Trial Deadlines as to Omar Morales Colon. Signed by Judge Leonard P. Stark on 6/1/2021. (etg) (Entered: 06/01/2021) |
| 06/10/2021 | 389 | STATUS REPORT *(Joint)* by USA as to Omar Morales Colon (Cloud, Whitney) (Entered: 06/10/2021) |
| 06/11/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Telephone Conference as to Omar Morales Colon held on 6/11/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 06/11/2021) |
| 07/23/2021 | 390 | Letter to Jose Luis Ongay, Esq. from Clerk's Office enclosing correspondence from client. (etg) (Entered: 07/23/2021) |

38.

APPX0085

| | | |
|---|---|---|
| 08/16/2021 | 391 | Letter to Dina Chavar, Esq. from Clerk's Office forwarding correspondence. (etg) (Entered: 08/16/2021) |
| 08/19/2021 | 392 | MOTION in Limine *and Trial Memorandum* by USA as to Omar Morales Colon. (Cloud, Whitney) (Entered: 08/19/2021) |
| 08/23/2021 | 393 | MOTION for Extension of Time to File *Pretrial Motions* by Omar Morales Colon. (Attachments: # 1 Text of Proposed Order)(Chavar, Dina) (Entered: 08/23/2021) |
| 08/25/2021 | 394 | ORDER re 393 MOTION for Extension of Time to File Pretrial Motions by Omar Morales Colon. Motions in Limine shall be due on or before 8/26/2021. A joint request for proposed jury instructions and proposed verdict sheet, and any joint or special requests for voir dire, shall be due on or before 9/2/2021. Responses to Motions in Limine, if any, shall be due on or before 9/3/2021. Signed by Judge Leonard P. Stark on 8/25/2021. (etg) (Entered: 08/25/2021) |
| 08/30/2021 | 395 | ORAL ORDER as to Omar Morales Colon: IT IS HEREBY ORDERED that Jury Selection is set for 9/17/2021 09:00 AM in Courtroom 6B before Judge Leonard P. Stark. Counsel shall be present in the Courtroom at 8:30 a.m. on that day and each succeeding day of the trial. Ordered by Judge Leonard P. Stark on 8/30/2021. (etg) (Entered: 08/30/2021) |
| 08/31/2021 | 396 | Letter to The Honorable Leonard P. Stark from Assistant United States Attorney Jennifer K. Welsh regarding Pretrial Conference. (Welsh, Jennifer) (Entered: 08/31/2021) |
| 09/02/2021 | 397 | Proposed Voir Dire by USA as to Omar Morales Colon (Cloud, Whitney) (Entered: 09/02/2021) |
| 09/02/2021 | 398 | Proposed Jury Instructions by USA as to Omar Morales Colon (Cloud, Whitney) (Entered: 09/02/2021) |
| 09/03/2021 | 399 | Letter to Judge Stark from AUSAs Cloud & Welsh regarding FILING PROPOSED ORDERS. (Attachments: # 1 Text of Proposed Order, # 2 Attachment A)(Cloud, Whitney) (Entered: 09/03/2021) |
| 09/06/2021 | 400 | MOTION in Limine *to Preclude Expert Testimony from Agent Bernal* by Omar Morales Colon. (Chavar, Dina) (Entered: 09/06/2021) |
| 09/08/2021 | 401 | RESPONSE to Motion by USA as to Omar Morales Colon re 400 MOTION in Limine *to Preclude Expert Testimony from Agent Bernal* (Cloud, Whitney) (Entered: 09/08/2021) |
| 09/09/2021 | 402 | MOTION for Extension of Time to File Response/Reply as to 392 MOTION in Limine *and Trial Memorandum Nunc Pro Tunc* by Omar Morales Colon. (Chavar, Dina) (Entered: 09/09/2021) |
| 09/09/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Pretrial Conference as to Omar Morales Colon held on 9/9/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 09/10/2021) |
| 09/10/2021 | 403 | Letter to Judge Stark from AUSAs Cloud & Welsh regarding SECOND LETTER FILING PROPOSED ORDERS. (Attachments: # 1 Text of Proposed Order)(Cloud, Whitney) (Entered: 09/10/2021) |
| 09/10/2021 | 404 | ORAL ORDER: IT IS HEREBY ORDERED that, for the reasons stated during the Pretrial Conference, the Motion for Extension of Time to File Response/Reply filed by Omar Morales Colon (D.I. 402) is GRANTED. Ordered by Judge Leonard P. Stark on 9/10/2021. (etg) (Entered: 09/10/2021) |
| 09/13/2021 | 405 | ORDER as to Omar Morales Colon regarding the government's motion to authenticate wire recordings. Signed by Judge Leonard P. Stark on 9/13/2021. (etg) (Entered: |

39.

APPX0086

| | | |
|---|---|---|
| | | 09/13/2021) |
| 09/13/2021 | 406 | ORDER as to Omar Morales Colon regarding the government's pretrial motion to authenticate transcripts. Signed by Judge Leonard P. Stark on 9/13/2021. (etg) (Entered: 09/13/2021) |
| 09/13/2021 | 407 | ORDER as to Omar Morales Colon regarding the government's pretrial motion to authenticate Cellebrite reports. Signed by Judge Leonard P. Stark on 9/13/2021. (etg) (Entered: 09/13/2021) |
| 09/13/2021 | 408 | ORDER as to Omar Morales Colon regarding the government's motion to authenticate T-Mobile records. Signed by Judge Leonard P. Stark on 9/13/2021. (etg) (Entered: 09/13/2021) |
| 09/13/2021 | 409 | ORDER as to Omar Morales Colon regarding the government's pretrial motion to authenticate and admit various business records. Signed by Judge Leonard P. Stark on 9/13/2021. (etg) (Entered: 09/13/2021) |
| 09/13/2021 | 410 | ORDER as to Omar Morales Colon regarding the government's Motion to Admit Certain Evidence of Cooperators' plea agreements. Signed by Judge Leonard P. Stark on 9/13/2021. (etg) (Entered: 09/13/2021) |
| 09/13/2021 | 411 | ORDER as to Omar Morales Colon regarding the government's Motion to Admit Certain Evidence of Consciousness of Guilt. Signed by Judge Leonard P. Stark on 9/13/2021. (etg) (Entered: 09/13/2021) |
| 09/13/2021 | 412 | ORDER as to Omar Morales Colon regarding the government's Motion to Recall Special Agents. Signed by Judge Leonard P. Stark on 9/13/2021. (etg) (Entered: 09/13/2021) |
| 09/13/2021 | 413 | ORDER as to Omar Morales Colon regarding the government's Motion to Call Resident Agent-in-Charge and Forensic Chemist. Signed by Judge Leonard P. Stark on 9/13/2021. (etg) (Entered: 09/13/2021) |
| 09/13/2021 | 414 | ORDER as to Omar Morales Colon regarding the government's Motion to Admit Evidence in a bifurcated forfeiture proceeding. Signed by Judge Leonard P. Stark on 9/13/2021. (etg) (Entered: 09/13/2021) |
| 09/13/2021 | 415 | ORDER as to Omar Morales Colon regarding the government's pretrial motion to admit lay witness opinion. Signed by Judge Leonard P. Stark on 9/13/2021. (etg) (Entered: 09/13/2021) |
| 09/15/2021 | 416 | Voir Dire Questions as to Omar Morales Colon. (etg) (Entered: 09/15/2021) |
| 09/15/2021 | 417 | SEALED MOTION by USA as to Roque Valdez (To be maintained on file in Clerk's Office) (etg) (Entered: 09/16/2021) |
| 09/16/2021 | 418 | First MOTION to Continue *Trial* by Omar Morales Colon. (Chavar, Dina) (Entered: 09/16/2021) |
| 09/17/2021 | 419 | SEALED ORDER re 417 SEALED MOTION by USA as to Roque Valdez (To be maintained on file in Clerk's Office) filed by USA. Signed by Judge Leonard P. Stark on 9/17/2021. (etg) (Entered: 09/17/2021) |
| 09/17/2021 | 420 | ORAL ORDER: IT IS HEREBY ORDERED that, for the reasons stated during today's hearing, Defendant's Motion to Continue Trial (D.I. 418) is DENIED. Ordered by Judge Leonard P. Stark on 9/17/2021. (etg) (Entered: 09/17/2021) |
| 09/17/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Jury Selection as to Omar Morales Colon held on 9/17/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 09/20/2021) |

-40-

APPX0087

| 09/20/2021 | 421 | Letter to Judge Stark from AUSAs Cloud & Welsh regarding Proposed Order. (Attachments: # 1 Text of Proposed Order)(Cloud, Whitney) (Entered: 09/20/2021) |
| 09/20/2021 | 422 | PRELIMINARY JURY INSTRUCTIONS as to Omar Morales Colon (etg) (Entered: 09/20/2021) |
| 09/20/2021 | 423 | ORDER as to Omar Morales Colon regarding the government's Motion to Call Resident Agent-in-Charge as an expert. Signed by Judge Leonard P. Stark on 9/20/2021. (etg) (Entered: 09/20/2021) |
| 09/20/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Jury Trial as to Omar Morales Colon held on 9/20/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 09/21/2021) |
| 09/21/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Jury Trial as to Omar Morales Colon held on 9/21/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 09/22/2021) |
| 09/22/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Jury Trial as to Omar Morales Colon held on 9/22/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 09/23/2021) |
| 09/23/2021 | 424 | Letter to Judge Stark from AUSAs Cloud & Welsh regarding Counsel Status Correspondence. (Attachments: # 1 Exhibit A) (Welsh, Jennifer) Modified on 9/23/2021 - Exhibit A replaced with redacted version (etg). (Entered: 09/23/2021) |
| 09/23/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Jury Trial as to Omar Morales Colon held on 9/23/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 09/24/2021) |
| 09/24/2021 | 425 | ORDER: IT IS HEREBY ORDERED that Dina Chavar, Esquire is granted leave to withdraw as counsel for the Defendant. IT IS FURTHER ORDERED that Eleni Kousoulis, Esquire, from the Office of the Federal Public Defender for the District of Delaware is hereby appointed as stand-by counsel until further order of the Court. Signed by Judge Leonard P. Stark on 9/24/2021. (etg) (Entered: 09/24/2021) |
| 09/24/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Jury Trial as to Omar Morales Colon held on 9/24/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 09/27/2021) |
| 09/27/2021 | 426 | FINAL JURY INSTRUCTIONS as to Omar Morales Colon (etg) (Entered: 09/27/2021) |
| 09/27/2021 | 427 | FINAL VERDICT SHEET as to Omar Morales Colon. (etg) (Entered: 09/27/2021) |
| 09/27/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Jury Trial as to Omar Morales Colon held on 9/27/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 09/28/2021) |
| 09/27/2021 | 428 | SEALED JURY VERDICT as to Omar Morales Colon: Guilty on Count 1ss,4ss. Not Guilty on Count 2ss,3ss. (etg) (Entered: 09/28/2021) |
| 09/27/2021 | 429 | REDACTED VERSION of 428 SEALED JURY VERDICT as to Omar Morales Colon. (etg) (Entered: 09/28/2021) |
| 09/27/2021 | 431 | PRELIMINARY JURY INSTRUCTIONS ON CRIMINAL FORFEITURE OF PROPERTY as to Omar Morales Colon (etg) (Entered: 09/28/2021) |
| 09/28/2021 | 430 | STATUS REPORT *and Motion for Video Status Conference (Joint)* by USA as to Omar Morales Colon, Shakira Martinez (Cloud, Whitney) (Entered: 09/28/2021) |

41.

| 09/28/2021 | 432 | FINAL JURY INSTRUCTIONS ON CRIMINAL FORFEITURE OF PROPERTY as to Omar Morales Colon (etg) (Entered: 09/28/2021) | 10 |
| 09/28/2021 | 433 | FINAL SPECIAL VERDICT FORM as to Morales Colon. (etg) (Entered: 09/28/2021) | 10 |
| 09/28/2021 | 434 | SEALED JURY VERDICT on Forfeiture as to Omar Morales Colon (etg) (Entered: 09/28/2021) | |
| 09/28/2021 | 435 | REDACTED VERSION 434 SEALED JURY VERDICT on Forfeiture as to Omar Morales Colon (etg) (Entered: 09/28/2021) | 10 |
| 09/28/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Jury Trial as to Omar Morales Colon held on 9/28/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 09/29/2021) | |
| 09/28/2021 | 445 | Jury Notes (SEALED) as to Omar Morales Colon (Jury Notes on file in Clerk's Office) (etg) (Entered: 10/06/2021) | 1 |
| 10/01/2021 | 438 | ACKNOWLEDGEMENT OF RECEIPT of Certain Government Exhibits as to Omar Morales Colon (etg) (Entered: 10/01/2021) | |
| 10/01/2021 | 439 | ORDER directing that jurors be provided lunch (cc: Finance). Signed by Judge Leonard P. Stark on 10/1/2021. (etg) (Entered: 10/04/2021) | |
| 10/05/2021 | 440 | ORAL ORDER RESCHEDULING SENTENCING as to Roque Valdez: IT IS HEREBY ORDERED that the Sentencing hearing set for 10/18/2021 at 11:00 AM is CONTINUED to 10/18/2021 at 1:00 PM in Courtroom 6B before Judge Leonard P. Stark. Ordered by Judge Leonard P. Stark on 10/5/2021. (etg) (Entered: 10/05/2021) | |
| 10/05/2021 | 441 | ORAL ORDER RESCHEDULING SENTENCING as to Mohamed Aviles Camberos: IT IS HEREBY ORDERED that the Sentencing hearing set for 10/18/2021 at 10:00 AM is CONTINUED to 10/27/2021 at 11:30 AM in Courtroom 6B before Judge Leonard P. Stark. Ordered by Judge Leonard P. Stark on 10/5/2021. Spanish Interpreter Requested for this proceeding. (etg) (Entered: 10/05/2021) | |
| 10/05/2021 | 442 | SENTENCING MEMORANDUM by USA as to Roque Valdez (Cloud, Whitney) (Entered: 10/05/2021) | |
| 10/05/2021 | 443 | ORDER as to Omar Morales Colon, Shakira Martinez: A Status Conference is set for 10/25/2021 at 12:00 PM in Courtroom 6B before Judge Leonard P. Stark. Time is excluded from 9/20/2021 until 10/25/2021. Signed by Judge Leonard P. Stark on 10/5/2021. (etg) (Entered: 10/05/2021) | |
| 10/05/2021 | 444 | Sealed Document by USA as to Roque Valdez (To be maintained on file in Clerk's Office) (etg) (Entered: 10/06/2021) | |
| 10/08/2021 | 446 | SENTENCING MEMORANDUM by Roque Valdez (Attachments: # 1 Affidavit electronic service)(Brose, James) (Entered: 10/08/2021) | |
| 10/12/2021 | 449 | Defendant's Rule 29 Motion for Judgment of Acquittal or, in the alternative, Rule 33 for New Trial by Omar Morales Colon. (etg) (Main Document 449 replaced on 10/26/2021) (etg). (Entered: 10/13/2021) | |
| 10/12/2021 | 450 | Defendant's Rule 29 Motion for Judgment of Acquittal by Omar Morales Colon. (etg) (Main Document 450 replaced on 10/26/2021) (etg). (Entered: 10/13/2021) | |
| 10/13/2021 | 451 | [Deficiency cleared] Letter to Omar Morales Colon from the Clerk's Office regarding Deficiency Notice - re 449 Defendant's Rule 29 Motion for Judgment of Acquittal or, the alternative, Rule 33 for a New Trial filed by Omar Morales Colon, 450 Defendant' | |

42.

APPX0089

740

- oOo -

P R O C E E D I N G S

(REPORTER'S NOTE:  The following jury trial was held in open court, beginning at 10:50 a.m.)

THE COURT:  Good morning.

(The attorneys respond, "Good morning, Your Honor.")

THE COURT:  Have a seat.

So essentially, most likely by printing and documenting all the e-mails that we have exchanged since we last saw each other in court at 5:00 p.m. yesterday, I will update the records, but right now I'm mostly focused on where are we right now and how should we proceed.

Ms. Chavar, do you want to start and tell us what you know and what you and perhaps your client think we should be doing at this point?

MS. CHAVAR:  Thank you, Your Honor.

So the most I could learn this morning was that there is a CLE shortage, but I haven't gotten any information back as to what that was.  I don't believe that I am short of CLE credits.  I went online, and what I see online is that I have no CLE for 2019, 2020, or 2021.  Like nothing, which makes no sense.

THE COURT:  You know that you did some CLE.

MS. CHAVAR:  Of course I did.  And I have my

APPX1013

741

attorney license from '20 through July of '21, which wouldn't have been given to me if I had no CLE.

I have it from 2019 through 2020, which wouldn't be given to me if I had no CLE.

I -- what I remember is that I pretty much had most of the coming year fulfilled. So I'm still waiting to hear back from them as to where that is.

I do have certificates and so forth in my paperwork, which is in my Pocono office that I will be forwarding to them.

THE COURT: All right. So what do you propose that we do at this point?

MS. CHAVAR: You know, Your Honor. I have nothing. I didn't know anything about this until I received a phone call from Ms. Welsh. I was not able to get any information last night.

I'm operating on what I learned at 9:00 o'clock this morning. I quite frankly don't know what to do.

THE COURT: All right. All right.

MS. CHAVAR: It's a situation that I never expected to happen --

THE COURT: Understood.

MS. CHAVAR: -- and it completely surprised me, so ...

THE COURT: Let's see if the government has any

44.

APPX1014

742

thoughts on what I should be doing and what we should be doing at this point.

Good morning.

MS. CLOUD: Good morning, Your Honor. Whitney Cloud for the United States.

We have taken a look at this issue more from the legal side. We're not sure about the on-the-ground facts of the CLE but just assuming that there is an administrative suspension in operation, we -- and has been throughout the duration of the appointment, we think there are several potential issues to be examined.

These issues relate to this court's Local Rules, the Model Rules of Professional Conduct and then the Sixth Amendment right to counsel.

With respect to Local Rules, Rule 83.5(f)(1) says that attorneys who are in good standing with their bar may act as an attorney in our court.

If it is the case that Ms. Chavar is not in good standing, we turn to Rule 83.6(b), which governs in position of discipline reciprocal to that imposed by another court.

This Court can make a determination whether or not it wants to impose reciprocal discipline. I believe the Court has in fact examined that in a different matter last year and chose not to impose reciprocal discipline.

The timing of that process I think normally is

45.

APPX1015

743

a little bit less expedited.  That's what the rules anticipate.  So whether or not a determination may be expedited is a little bit unclear under the rules that -- but that determination appears to be a threshold issue for the Court if Ms. Chavar is suspended.

Should the Court find good cause to proceed with Ms. Chavar's standing in this court, there is a related issue whether such representation poses a conflict of interest under the Model Rules, and specifically Model Rule 1.7.  And if such a conflict exists, whether it could be waived.

My office cannot take a position on that, Your Honor.

Finally, if these determinations are resolved in favor of continued representation, the issue of Sixth Amendment right to counsel appears.

This -- actually through the case law we found, and I'm happy to hand up to the Court, we did forward it to Ms. Chavar and Ms. Rossman.  This actually appears in the most straightforward.  Although there is not an on-point case in our Circuit, there are several other Circuits that have examined this issue and have concluded that situations like this are not, per se, constitutional ineffectiveness.

So that's the -- that's what we have been able to deduce under the legal standards.  And I can answer any

APPX1016

744

questions the Court has.

THE COURT:  That's very helpful.

Why don't you pass up the Sixth Amendment cases --

MS. CLOUD:  Yes, Your Honor.  I will.

THE COURT:  -- you have.

And so I take it, I can say I'm very familiar with the Local Rules here.  And on the Sixth Amendment, Ms. Cloud, do I understand you correctly that the government's position is from what you know now, and I assume and understand you know no more than what is in the e-mails plus what Ms. Chavar has told us this morning; correct?

MS. CLOUD:  Correct, Your Honor.  The only other thing we do know is that through, just through some Google research, it appears that the administrative suspension was active as of March 2021.

THE COURT:  We saw something that indicated that might have been the first notice and then it was effective 30 days later.

MS. CLOUD:  Okay.

THE COURT:  That may be what you are referring to.

MS. CLOUD:  Yes, Your Honor.

THE COURT:  But you know nothing more than that.

MS. CLOUD:  No, Your Honor.

THE COURT:  So I think I can resolve the Local

APPX1017

745

Rule issue.

The government has no position on the Model Rule issue.

On the Sixth Amendment, it sounds like you think if the first two issues are resolved, the government does not believe, based on what you know to be the facts at this point, that there is an ineffective assistance of counsel issue and you'd be prepared to proceed if that was the case.

MS. CLOUD: Right, Your Honor. We would, we would argue that there is not a, per se, ineffective assistance of counsel and a lot of these cases have found that there wasn't -- addressing this exact conflict generally after the fact, they found it wasn't ineffective assistance of counsel.

THE COURT: Okay. Thank you.

MS. CLOUD: Thank you.

THE COURT: Ms. Chavar, why don't you come back --

MS. CHAVAR: Just quickly.

THE COURT: -- and add anything you would like.

MS. CHAVAR: So I don't know what the August 2020 notice is, but that would have come from the office, the registration office that confirmed for me. They did not put me on suspension or notice me. However --

THE COURT: Hold on a second. Did you mention August 2020?

48.

APPX1018

746

MS. CHAVAR:  Yes.

MS. CLOUD:  I thought I mentioned March 2021.

MS. CHAVAR:  Oh, I thought you said both. Right.  So March 2021.  But it would not -- it would have been a notice, and it would have gone into effect probably May?

THE COURT:  Just to be clear --

MS. CHAVAR:  Yes.

THE COURT:  -- that what I saw and what I think Ms. Cloud is referring to, if you do some Google search on the Internet, you can find a list of Pennsylvania attorneys, some dated March of 2021, indicating you've got CLE related issues.  Your name is on there somewhere, and it says you've got 30 days to clear this up.  So that's why I assume the suspension went into effect some time in late April.

MS. CHAVAR:  I received no certified mail from PA CLE or, or the Office of Attorney Registration.  I have received no Federal Express mail.  I received no mail that you would think would be served on me to provide notice.  I have received no email.  I went back through everything and looked.

I didn't receive any notice of this.  And I, I do not believe that I'm not in compliance, but I am looking into that.

Thank you.

747

THE COURT:  A few other questions for you, Ms. Chavar.

We're talking about your Pennsylvania admission. Are you barred in any other states?

MS. CHAVAR:  No, I am not.

THE COURT:  Okay.  And do you agree that the legal framework I should be applying requires an analysis of this Court's Local Rules of the Model Rules of Professional Conduct and that of the Sixth Amendment?

MS. CHAVAR:  I do.

THE COURT:  With respect to our Local Rules, the rules that Ms. Cloud referenced indicate, in substance, if the Court gets notice, and I think that puts an obligation on members of our bar to give us notice when you get notice of some type of disciplinary action, there is essentially a presumption that we will impose the same, i.e., reciprocal discipline, but there is a process by which the attorney can ask us to not impose the reciprocal discipline and then that process typically does take many months for us to work out if we're going to impose reciprocal discipline.

If it turns out you are administratively suspended in Pennsylvania, we would clearly have notice of that at that point.

Do you anticipate that you might ask us not to impose the same discipline on you as a member of this

50.

APPX1020

748

court's bar?

MS. CHAVAR:  I would, Your Honor.

THE COURT:  Okay.  And have you discussed all of this with your attorney -- your attorney, sorry -- with your client?  Have you had it a chance to do that yet?

MS. CHAVAR:  No, I have not.  I was unsure as to whether or not it would be appropriate.

THE COURT:  All right.  Okay.

Ms. Cloud, do you believe from your research that the defendant's own views, whatever they may be, would have any bearing on the issues the Court would have to decide?

(Government counsel confer.)

MS. CLOUD:  If it's a conflict, Your Honor, I think the next question would be is it a waivable conflict.

THE COURT:  But only -- so that's the second of the three legal regimes you suggested I need to apply.

MS. CLOUD:  Yes, Your Honor.

THE COURT:  How about with respect to the Local Rules here?  Do you think the defendant's views have anything to do with that analysis?

MS. CLOUD:  No, I don't.

THE COURT:  How about the Sixth Amendment?

MS. CLOUD:  Not under my reading.

THE COURT:  How about the Sixth Amendment?

749

MS. CLOUD:  I think that's a matter that the defendant can and/or would raise post-trial.  Certainly if he wants to be heard on that issue, we wouldn't object to that, but on the first one, squarely no.  On the third one, the Court can make -- we could have opportunity for him to be heard, but I think that is more of a post-trial issue.

THE COURT:  Okay.  Thank you.

And, Ms. Chavar, in light of all the events, have you had the time that you had requested to speak with Mr. Colon about other issues related to the trial, assuming we proceed with the trial, or do you need more time for that as well?

MS. CHAVAR:  I need time.  I need more time.

THE COURT:  Right.  Okay.

MS. CHAVAR:  Could you repeat the question, please?

THE COURT:  Sure.  So we were starting late today at your request because of the point at which we are in this case.  We anticipate the government is going to be resting some time soon, and so we would be turning to you and you had asked for some time to confer with Mr. Colon about how he might like to proceed.

I'm just assuming in light of everything that happened since last night, you have not had that time to speak to him about how he would like to proceed, and I just

52.

APPX1022

wanted to confirm that.  Is that right?

MS. CHAVAR:  That's correct, Your Honor.

THE COURT:  And do you have any indication from this Pennsylvania disciplinary board how soon you may get some more clarity from them?

MS. CHAVAR:  I believe by midday.  And it would -- I believe by midday today.

THE COURT:  All right.  And how long -- if I tell you, and I am going to take a break and look at these cases and think about this a little bit more, but if I ultimately decide we're going forward today, how much time would you need to be ready to proceed with trial?  It's 11:00 o'clock now, so rather than how much time, what is the time would you be able to proceed with trial in light of everything that has occurred?

MS. CHAVAR:  I just, I'm not sure right now.

THE COURT:  Okay.

MS. CHAVAR:  I haven't really been able to think anything but about getting this resolved.

THE COURT:  Okay.

MS. CHAVAR:  I'm sorry.  I don't have a direct answer.

THE COURT:  Why don't you think about it a little bit more.  We'll take a recess and I'll come back in a little bit and we'll figure out what we're going to do

53.

751

next.

MS. CHAVAR:  Thank you.

THE COURT:  We will be in recess.

(Brief recess taken.)

*     *     *

(Proceedings reconvened after recess.)

THE COURT:  Have a seat.  Here is how I propose to proceed.  I'll certainly welcome your views.

The jury is here.  They've been here since a little before 10:00.  I propose that we continue trial until tomorrow morning, but that we meet to discuss further these issues, which may include possibly having to continue the trial further.  I don't know.  I will talk more about the substantive issues in a moment, but my initial concern is 13 jurors that are sitting there and expecting to have lunch shortly whether we have not ordered lunch for them, not knowing what was going to happen.

So I propose first to bring them in, just tell them that they are excused for the day, that I have matters that came up that I have to attend to and that they are to be back here in time to start at 9:00 o'clock tomorrow.  If I do that, then I would stick around and talk to you all a little bit.

I have some initial thoughts on the legal issues, but my further thought would be that we convene

54.

APPX1024



# U.S. Department of Justice

*United States Attorney*
*District of Delaware*

*The Hercules Building*
*1313 N. Market Street*
*P. O. Box 2046*
*Wilmington, Delaware  19899-2046*

*(302) 573-6277*
*FAX (302) 573-6220*

September 23, 2021

**VIA CM/ECF**

The Honorable Leonard P. Stark
United States District Judge
United States District Court
844 N. King Street
Wilmington, DE 19801

     RE:   **United States v. Omar Morales Colon**
          **Criminal Action No. 17-47-LPS-1**

Dear Judge Stark,

     Per the Court's request, attached as Exhibit A are emails that were exchanged in the above-referenced case regarding counsel's status.

                    Very truly yours,

                    DAVID C. WEISS
                    United States Attorney

BY:    /s/ Jennifer K. Welsh
          Jennifer K. Welsh
          Whitney C. Cloud
          Assistant United States Attorneys

CC:  Dina Chavar, Esq.

55·

APPX1072

| | |
|---|---|
| **From:** | Dina Chavar < ██████████ > |
| **Sent:** | Wednesday, September 22, 2021 9:46 AM |
| **To:** | ██████████ |
| **Cc:** | Welsh, Jennifer (USADE); Cloud, Whitney (USADE); ██████ ; ██████ |
| **Subject:** | [EXTERNAL] FW: Dina Chavar #88436 |

*Good morning*

*As you all know, after Court yesterday I was informed that I was placed on Administrative Suspension. The Offices of Attorney Registration and Disciplinary Board for Pennsylvania closed at 5:00 p.m. so I was unable to speak with anyone there. However, their website directs to an email address where questions concerning the suspension as well as what must be done to lift it can be addressed. Below is my email inquiring as to the suspension and the response I received this morning. You will note that the Office of Attorney Registration refers me to PACLE due to an alleged shortage of CLE credits. I don't agree that I was short of CLE credits but I am still trying to secure further information from PACLE who has not returned my phone call thus far. I believe I can obtain more concrete answers for the Court in the next half hour and request that the 9:45 a.m. hearing be rescheduled to 10:30 a.m. so that when I appear I can provide a more definitive report to the Court.*

*Thank you*
*Dina Chavar*

**From:** atty registration < ██████████ >
**Sent:** Wednesday, September 22, 2021 8:17 AM
**To:** Dina Chavar < ██████████ >
**Cc:** ██████████
**Subject:** RE: Dina Chavar #88436

You were placed on administrative suspension for failure to complete your CLE requirements.

I am copying the PACLE Board on this email to provide additional information.

Thank you,
Attorney Registration Office
601 Commonwealth Avenue, Suite 5600
PO Box 62625
Harrisburg, PA  17106-2625
Telephone:  (717) 231-3380
Fax:  (717) 231-3381

**From:** Dina Chavar < ██████████ >
**Sent:** Tuesday, September 21, 2021 6:00 PM
**To:** atty registration < ██████████ >
**Subject:** Dina Chavar #88436

**CAUTION: This is an external email. Please think before you click on an attachment or link!**

56.                                                                                                    APPX1074

*It has come to my attention that I am administratively suspended. Can you tell me what this suspension is based upon? And, what do I need to do to lift the suspension please?*
*Thank you*
*Dina Chavar #88436*

Sent from Mail for Windows

---

Scanned by McAfee and confirmed virus-free.

57.

APPX1075

**From:**

**Sent:** Wednesday, September 22, 2021 9:49 AM

**To:**

**Cc:** Welsh, Jennifer (USADE); Cloud, Whitney (USADE);

**Subject:** RE: Dina Chavar #88436

Good morning, Ms. Chavar –
Judge Stark said he will meet with the parties at 10:30 am.

Courtroom Deputy for the Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street, Unit 26
Wilmington, DE 19801
Chambers Phone: 302-573-4571

**From:** Dina Chavar                           >
**Sent:** Wednesday, September 22, 2021 9:46 AM
**To:**                                          >
**Cc:** Welsh, Jennifer (USADE)                  >; Cloud, Whitney (USADE) <                    >;
                                                  >

**Subject:** FW: Dina Chavar #88436

**CAUTION - EXTERNAL:**

*Good morning*
*As you all know, after Court yesterday I was informed that I was placed on Administrative Suspension. The Offices of Attorney Registration and Disciplinary Board for Pennsylvania closed at 5:00 p.m. so I was unable to speak with anyone there. However, their website directs to an email address where questions concerning the suspension as well as what must be done to lift it can be addressed. Below is my email inquiring as to the suspension and the response I received this morning. You will note that the Office of Attorney Registration refers me to PACLE due to an alleged shortage of CLE credits. I don't agree that I was short of CLE credits but I am still trying to secure further information from PACLE who has not returned my phone call thus far. I believe I can obtain more concrete answers for the Court in the next half hour and request that the 9:45 a.m. hearing be rescheduled to 10:30 a.m. so that when I appear I can provide a more definitive report to the Court.*

*Thank you*
*Dina Chavar*

**From:** atty registration <
**Sent:** Wednesday, September 22, 2021 8:17 AM
**To:** Dina Chavar <                    >

58.

Cc: ████████████████████████
Subject: RE: Dina Chavar #88436

You were placed on administrative suspension for failure to complete your CLE requirements.

I am copying the PACLE Board on this email to provide additional information.

Thank you,
Attorney Registration Office
601 Commonwealth Avenue, Suite 5600
PO Box 62625
Harrisburg, PA  17106-2625
Telephone:  (717) 231-3380
Fax:  (717) 231-3381

From: Dina Chavar < ██████████████ >
Sent: Tuesday, September 21, 2021 6:00 PM
To: atty registration < ████████████ >
Subject: Dina Chavar #88436

| CAUTION: This is an external email. Please think before you click on an attachment or link! |

*It has come to my attention that I am administratively suspended. Can you tell me what this suspension is based upon And, what do I need to do to lift the suspension please?*

*Thank you*
*Dina Chavar #88436*

Sent from Mail for Windows

[×]    Scanned by McAfee and confirmed virus-free.

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

59.

APPX1077

**From:** Dina Chavar < ▮▮▮▮ >
**Sent:** Wednesday, September 22, 2021 10:26 AM
**To:** ▮▮▮▮ ; ▮▮▮▮
**Cc:** Welsh, Jennifer (USADE); Cloud, Whitney (USADE); ▮▮▮▮
**Subject:** [EXTERNAL] RE: Dina Chavar #88436

*From what I can tell thus far it looks like non-compliance is alleged for 2021-2022, but I've still not received a definitive response. I will report to Court and await further information there or I can advise when I do have further definitive information. Please let me know what the Court prefers. Thank you*

**From:** ▮▮▮▮
**Sent:** Wednesday, September 22, 2021 9:49 AM
**To:** Dina Chavar ▮▮▮▮ ; ▮▮▮▮ >
**Cc:** Welsh, Jennifer (USADE) ▮▮▮▮ ; Cloud, Whitney (USADE) ▮▮▮▮ ; ▮▮▮▮ >
**Subject:** RE: Dina Chavar #88436

Good morning, Ms. Chavar –
Judge Stark said he will meet with the parties at 10:30 am.

▮▮▮▮
Courtroom Deputy for the Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street, Unit 26
Wilmington, DE 19801
Chambers Phone: 302-573-4571

**From:** Dina Chavar ▮▮▮▮ >
**Sent:** Wednesday, September 22, 2021 9:46 AM
**To:** Leonard Stark ▮▮▮▮ >
**Cc:** Welsh, Jennifer (USADE) < ▮▮▮▮ ; Cloud, Whitney (USADE) ▮▮▮▮ ; ▮▮▮▮ >
**Subject:** FW: Dina Chavar #88436

**CAUTION - EXTERNAL:**

*Good morning*
*As you all know, after Court yesterday I was informed that I was placed on Administrative Suspension. The Offices of Attorney Registration and Disciplinary Board for Pennsylvania closed at 5:00 p.m. so I was unable to speak with anyone there. However, their website directs to an email address where questions concerning the suspension as well as what must be done to lift it can be addressed. Below is my email inquiring as to the suspension and the response I received this morning. You will note that the Office of Attorney Registration refers me to PACLE due to an alleged shortage of CLE credits. I don't agree that I was short of CLE credits but I am still trying to secure further information from PACLE who has not returned my phone call thus far. I believe I can obtain more concrete answers for the Court in the next half*

60.

APPX1078

*hour and request that the 9:45 a.m. hearing be rescheduled to 10:30 a.m. so that when I appear I can prov a more definitive report to the Court.*

*Thank you*
*Dina Chavar*

**From:** atty registration ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Wednesday, September 22, 2021 8:17 AM
**To:** Dina Chavar <▮▮▮▮▮▮▮▮▮▮▮▮▮>
**Cc:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Subject:** RE: Dina Chavar #88436

You were placed on administrative suspension for failure to complete your CLE requirements.

I am copying the PACLE Board on this email to provide additional information.

Thank you,
Attorney Registration Office
601 Commonwealth Avenue, Suite 5600
PO Box 62625
Harrisburg, PA  17106-2625
Telephone:  (717) 231-3380
Fax:  (717) 231-3381

**From:** Dina Chavar <▮▮▮▮▮▮▮▮▮▮>
**Sent:** Tuesday, September 21, 2021 6:00 PM
**To:** atty registration▮▮▮▮▮▮▮▮▮▮▮▮
**Subject:** Dina Chavar #88436

**CAUTION: This is an external email. Please think before you click on an attachment or link!**

*It has come to my attention that I am administratively suspended. Can you tell me what this suspension is based upo And, what do I need to do to lift the suspension please?*
*Thank you*
*Dina Chavar #88436*

Sent from Mail for Windows

Scanned by McAfee and confirmed virus-free.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

61.

APPX1079

*ovide*

**From:**
**Sent:** Wednesday, September 22, 2021 10:28 AM
**To:**
**Cc:** Welsh, Jennifer (USADE); Cloud, Whitney (USADE);
**Subject:** RE: Dina Chavar #88436

Thank you, Ms. Chavar.
Judge Stark wants to see the parties in the courtroom as soon as possible. When can you be here?

**From:** Dina Chavar <                    >
**Sent:** Wednesday, September 22, 2021 10:26 AM
**To:**                                                                      >
**Cc:** Welsh, Jennifer (USADE) <                    ; Cloud, Whitney (USADE) <                >;
>
**Subject:** RE: Dina Chavar #88436

**CAUTION - EXTERNAL:**

*From what I can tell thus far it looks like non-compliance is alleged for 2021-2022, but I've still not received a definitive response. I will report to Court and await further information there or I can advise when I do have further definitive information. Please let me know what the Court prefers. Thank you*

**From:**
**Sent:** Wednesday, September 22, 2021 9:49 AM
**To:** Dina Chavar                    >; Leonard Stark
**Cc:** Welsh, Jennifer (USADE)                    ; Cloud, Whitney (USADE) <                >;
**Subject:** RE: Dina Chavar #88436

Good morning, Ms. Chavar –
Judge Stark said he will meet with the parties at 10:30 am.

Courtroom Deputy for the Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street, Unit 26
Wilmington, DE 19801
Chambers Phone: 302-573-4571

**From:** Dina Chavar <                    >
**Sent:** Wednesday, September 22, 2021 9:46 AM
**To:** Leonard Stark <                    >
**Cc:** Welsh, Jennifer (USADE) <                >; Cloud, Whitney (USADE)
**Subject:** FW: Dina Chavar #88436

62.

**CAUTION - EXTERNAL:**

*Good morning*
*As you all know, after Court yesterday I was informed that I was placed on Administrative Suspension. Offices of Attorney Registration and Disciplinary Board for Pennsylvania closed at 5:00 p.m. so I was unable to speak with anyone there. However, their website directs to an email address where questions concerning the suspension as well as what must be done to lift it can be addressed. Below is my email inquiring as to the suspension and the response I received this morning. You will note that the Office of Attorney Registration refers me to PACLE due to an alleged shortage of CLE credits. I don't agree that was short of CLE credits but I am still trying to secure further information from PACLE who has not returned my phone call thus far. I believe I can obtain more concrete answers for the Court in the next h hour and request that the 9:45 a.m. hearing be rescheduled to 10:30 a.m. so that when I appear I can pr a more definitive report to the Court.*

*Thank you*
*Dina Chavar*

From: atty registration <█████████████████████>
Sent: Wednesday, September 22, 2021 8:17 AM
To: Dina Chavar <████████████>
Cc: ████████████████
Subject: RE: Dina Chavar #88436

You were placed on administrative suspension for failure to complete your CLE requirements.

I am copying the PACLE Board on this email to provide additional information.

Thank you,
Attorney Registration Office
601 Commonwealth Avenue, Suite 5600
PO Box 62625
Harrisburg, PA  17106-2625
Telephone:  (717) 231-3380
Fax:  (717) 231-3381

From: Dina Chavar <████████████████>
Sent: Tuesday, September 21, 2021 6:00 PM
To: atty registration ████████████████████
Subject: Dina Chavar #88436

CAUTION: This is an external email. Please think before you click on an attachment or link!

*It has come to my attention that I am administratively suspended. Can you tell me what this suspension is based u*
*And, what do I need to do to lift the suspension please?*
*Thank you*
*Dina Chavar #88436*

Sent from <u>Mail</u> for Windows

63.

APPX1081

Scanned by McAfee and confirmed virus-free.

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

64.

APPX1082

**From:** Dina Chavar < ███████████ >
**Sent:** Wednesday, September 22, 2021 10:28 AM
**To:** ███████
**Cc:** Welsh, Jennifer (USADE); Cloud, Whitney (USADE); ███████
**Subject:** [EXTERNAL] RE: Dina Chavar #88436

On my way. Thank you

Sent from Mail for Windows

**From:** ███████
**Sent:** Wednesday, September 22, 2021 10:27 AM
**To:** Dina Chavar
**Cc:** Welsh, Jennifer (USADE); Cloud, Whitney (USADE); ███████
**Subject:** RE: Dina Chavar #88436

Thank you, Ms. Chavar.
Judge Stark wants to see the parties in the courtroom as soon as possible.  When can you be here?

**From:** Dina Chavar < ███████ >
**Sent:** Wednesday, September 22, 2021 10:26 AM
**To:** ███████
**Cc:** Welsh, Jennifer (USADE) ███████ ; Cloud, Whitney (USADE) ███████ ;
**Subject:** RE: Dina Chavar #88436

**CAUTION - EXTERNAL:**

*From what I can tell thus far it looks like non-compliance is alleged for 2021-2022, but I've still not rec͏ a definitive response. I will report to Court and await further information there or I can advise when I a have further definitive information. Please let me know what the Court prefers. Thank you*

**From:** ███████
**Sent:** Wednesday, September 22, 2021 9:49 AM
**To:** Dina Chavar <dina@dinachavar.com>; ███████
**Cc:** Welsh, Jennifer (USADE) < ███████ >; Cloud, Whitney (USADE) < ███████ >;
**Subject:** RE: Dina Chavar #88436

Good morning, Ms. Chavar –
Judge Stark said he will meet with the parties at 10:30 am.

███████

Courtroom Deputy for the Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street, Unit 26

65.

APPX1083

Wilmington, DE 19801
Chambers Phone: 302-573-4571

From: Dina Chavar <███████████>
Sent: Wednesday, September 22, 2021 9:46 AM
To: ███████████ ; Cloud, Whitney (USADE) <████████████>;
Cc: Welsh, Jennifer (USADE) ███████████
███████████ >

Subject: FW: Dina Chavar #88436

**CAUTION - EXTERNAL:**

Good morning
As you all know, after Court yesterday I was informed that I was placed on Administrative Suspension. The Offices of Attorney Registration and Disciplinary Board for Pennsylvania closed at 5:00 p.m. so I was unable to speak with anyone there. However, their website directs to an email address where questions concerning the suspension as well as what must be done to lift it can be addressed. Below is my email inquiring as to the suspension and the response I received this morning. You will note that the Office of Attorney Registration refers me to PACLE due to an alleged shortage of CLE credits. I don't agree that I was short of CLE credits but I am still trying to secure further information from PACLE who has not returned my phone call thus far. I believe I can obtain more concrete answers for the Court in the next half hour and request that the 9:45 a.m. hearing be rescheduled to 10:30 a.m. so that when I appear I can provide a more definitive report to the Court.

Thank you
Dina Chavar

From: atty registration <███████████>
Sent: Wednesday, September 22, 2021 8:17 AM
To: Dina Chavar <███████████>
Cc: ███████████
Subject: RE: Dina Chavar #88436

You were placed on administrative suspension for failure to complete your CLE requirements.

I am copying the PACLE Board on this email to provide additional information.

Thank you,
Attorney Registration Office
601 Commonwealth Avenue, Suite 5600
PO Box 62625
Harrisburg, PA  17106-2625
Telephone:  (717) 231-3380
Fax:  (717) 231-3381

From: Dina Chavar <███████████>
Sent: Tuesday, September 21, 2021 6:00 PM
To: atty registration ███████████
Subject: Dina Chavar #88436

66.

APPX1084

CAUTION: **This is an external email. Please think before you click on an attachment or link!**

*It has come to my attention that I am administratively suspended. Can you tell me what this suspension is based up*
*And, what do I need to do to lift the suspension please?*
*Thank you*
*Dina Chavar #88436*

Sent from <u>Mail</u> for Windows

Scanned by <u>McAfee</u> and confirmed virus-free.



**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

APPX1085

**From:** Dina Chavar <​█████████████​>
**Sent:** Wednesday, September 22, 2021 12:39 PM
**To:** ████████████████
**Cc:** Welsh, Jennifer (USADE); Cloud, Whitney (USADE); ██████
**Subject:** [EXTERNAL] RE: Dina Chavar #88436

*Good afternoon*

*A preliminary response from PACLE is that I was short by .5 ethics credits for 2020-2021. I am still waiting for an accounting of the CLE credits I have to date, because as I represented in Court, their website indicates that I have no CLE credits for the years 2019, 2020 or 2021. I have not received a response as to why my credits are not showing but at least I received confirmation that if I am actually short of CLE it is by a half-credit. PACLE forwarded a link to approved on-line courses I can take. I'm going to take one of those courses now so that I can focus on correcting the shortage, as PACLE reports, today and follow-up with the discrepancy that I believe there to be afterwards. The paperwork I would have to do that is in the Poconos and I don't think it makes sense for me to pursue that avenue first rather than just take an on-line course now (an overage later determined will carryover so will not be a loss). Also, I'm thinking that if I was a .5 credit short in 2020-2021 than I will need 2.0 ethics credits for 2021-2022; I can take care of that today as well. I believe I have substantive credits for the 2021-2022 compliance period.*

*Please let me know if you have any questions or if I can provide further clarification of the information I am relaying in this email. Thank you*
*~Dina*

**From:** ███████████████
**Sent:** Wednesday, September 22, 2021 9:49 AM
**To:** Dina Chavar ████████>;
**Cc:** Welsh, Jennifer (USADE) <​████████​>; Cloud, Whitney (USADE) <​████████​>;
████████>
**Subject:** RE: Dina Chavar #88436

Good morning, Ms. Chavar –
Judge Stark said he will meet with the parties at 10:30 am.

████████

Courtroom Deputy for the Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street, Unit 26
Wilmington, DE 19801
Chambers Phone: 302-573-4571

**From:** Dina Chavar <​████████​>
**Sent:** Wednesday, September 22, 2021 9:46 AM
**To:** ████████
**Cc:** Welsh, Jennifer (USADE) <​████████​>; Cloud, Whitney (USADE) <​████████​>;
████████>
**Subject:** FW: Dina Chavar #88436

68.                                                         APPX1086

**CAUTION - EXTERNAL:**

*Good morning*
*As you all know, after Court yesterday I was informed that I was placed on Administrative Suspens̄*
*Offices of Attorney Registration and Disciplinary Board for Pennsylvania closed  at 5:00 p.m. so I u*
*unable to speak with anyone there. However, their website directs to an email address where question*
*concerning the suspension as well as what must be done to lift it can be addressed. Below is my email*
*inquiring as to the suspension and the response I received this morning. You will note that the Office*
*Attorney Registration refers me to PACLE due to an alleged shortage of CLE credits. I don't agree tł*
*was short of CLE credits but I am still trying to secure further information from PACLE who has no*
*returned my phone call thus far. I believe I can obtain more concrete answers for the Court in the nex̄*
*hour and request that the 9:45 a.m. hearing be rescheduled to 10:30 a.m. so that when I appear I can*
*a more definitive report to the Court.*

*Thank you*
*Dina Chavar*

**From:** atty registration
**Sent:** Wednesday, September 22, 2021 8:17 AM
**To:** Dina Chavar <                    >
**Cc:**
**Subject:** RE: Dina Chavar #88436

You were placed on administrative suspension for failure to complete your CLE requirements.

I am copying the PACLE Board on this email to provide additional information.

Thank you,
Attorney Registration Office
601 Commonwealth Avenue, Suite 5600
PO Box 62625
Harrisburg, PA  17106-2625
Telephone:  (717) 231-3380
Fax:  (717) 231-3381

**From:** Dina Chavar <                    >
**Sent:** Tuesday, September 21, 2021 6:00 PM
**To:** atty registration
**Subject:** Dina Chavar #88436

**CAUTION: This is an external email. Please think before you click on an attachment or link!**

*It has come to my attention that I am administratively suspended. Can you tell me what this suspension is based u*
*And, what do I need to do to lift the suspension please?*
*Thank you*
*Dina Chavar #88436*

69.

APPX1087

Sent from Mail for Windows

Scanned by McAfee and confirmed virus-free.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

APPX1088

**From:**
**Sent:** Wednesday, September 22, 2021 12:52 PM
**To:**
**Cc:** Welsh, Jennifer (USADE); Cloud, Whitney (USADE);
**Subject:** RE: Dina Chavar #88436

Ms. Chavar –

Judge Stark said thank you for the update and he will see you at 2:30 PM.

Courtroom Deputy for the Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street, Unit 26
Wilmington, DE 19801
Chambers Phone: 302-573-4571

**From:** Dina Chavar <                    com>
**Sent:** Wednesday, September 22, 2021 12:39 PM
**To:**
**Cc:** Welsh, Jennifer (USADE) <                    >; Cloud, Whitney (USADE) <                    >;
**Subject:** RE: Dina Chavar #88436

**CAUTION - EXTERNAL:**

*Good afternoon*
*A preliminary response from PACLE is that I was short by .5 ethics credits for 2020-2021. I am still w.*
*for an accounting of the CLE credits I have to date, because as I represented in Court, their website ind.*
*that I have no CLE credits for the years 2019, 2020 or 2021. I have not received a response as to why n*
*credits are not showing but at least I received confirmation that if I am actually short of CLE it is by a*
*credit. PACLE forwarded a link to approved on-line courses I can take. I'm going to take one of those*
*courses now so that I can focus on correcting the shortage, as PACLE reports, today and follow-up wit*
*discrepancy that I believe there to be afterwards. The paperwork I would have to do that is in the Poco*
*and I don't think it makes sense for me to pursue that avenue first rather than just take an on-line cour.*
*now (an overage later determined will carryover so will not be a loss). Also, I'm thinking that if I was a*
*credit short in 2020-2021 than I will need 2.0 ethics credits for 2021-2022; I can take care of that toda.*
*well. I believe I have substantive credits for the 2021-2022 compliance period.*

*Please let me know if you have any questions or if I can provide further clarification of the information*
*relaying in this email. Thank you*
*~Dina*

**From:**
**Sent:** Wednesday, September 22, 2021 9:49 AM

71.

APPX1089



**To:** Dina Chavar < >;
**Cc:** Welsh, Jennifer (USADE) < >; Cloud, Whitney (USADE) < >;

**Subject:** RE: Dina Chavar #88436

Good morning, Ms. Chavar –

Judge Stark said he will meet with the parties at 10:30 am.

Courtroom Deputy for the Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street, Unit 26
Wilmington, DE 19801
Chambers Phone: 302-573-4571

**From:** Dina Chavar < >
**Sent:** Wednesday, September 22, 2021 9:46 AM
**To:**
**Cc:** Welsh, Jennifer (USADE) < >; Cloud, Whitney (USADE) < >;

**Subject:** FW: Dina Chavar #88436

**CAUTION - EXTERNAL:**

Good morning

As you all know, after Court yesterday I was informed that I was placed on Administrative Suspension. The Offices of Attorney Registration and Disciplinary Board for Pennsylvania closed at 5:00 p.m. so I was unable to speak with anyone there. However, their website directs to an email address where questions concerning the suspension as well as what must be done to lift it can be addressed. Below is my email inquiring as to the suspension and the response I received this morning. You will note that the Office of Attorney Registration refers me to PACLE due to an alleged shortage of CLE credits. I don't agree that I was short of CLE credits but I am still trying to secure further information from PACLE who has not returned my phone call thus far. I believe I can obtain more concrete answers for the Court in the next half hour and request that the 9:45 a.m. hearing be rescheduled to 10:30 a.m. so that when I appear I can provide a more definitive report to the Court.

Thank you
Dina Chavar

**From:** atty registration
**Sent:** Wednesday, September 22, 2021 8:17 AM
**To:** Dina Chavar < >
**Cc:**
**Subject:** RE: Dina Chavar #88436

You were placed on administrative suspension for failure to complete your CLE requirements.

I am copying the PACLE Board on this email to provide additional information.

72.

APPX1090

Thank you,
Attorney Registration Office
601 Commonwealth Avenue, Suite 5600
PO Box 62625
Harrisburg, PA  17106-2625
Telephone:  (717) 231-3380
Fax:  (717) 231-3381

From: Dina Chavar <​█████████████████>
Sent: Tuesday, September 21, 2021 6:00 PM
To: atty registration ███████████████████
Subject: Dina Chavar #88436

CAUTION: This is an external email. Please think before you click on an attachment or link!

*It has come to my attention that I am administratively suspended. Can you tell me what this suspension is based up*
*And, what do I need to do to lift the suspension please?*
*Thank you*
*Dina Chavar #88436*

Sent from Mail for Windows

Scanned by McAfee and confirmed virus-free.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

73.

APPX1091

**From:** Dina Chavar < ▓▓▓▓▓▓ >
**Sent:** Wednesday, September 22, 2021 1:15 PM
**To:**
**Cc:** Welsh, Jennifer (USADE); Cloud, Whitney (USADE); ▓▓▓▓▓▓
**Subject:** [EXTERNAL] RE: Dina Chavar #88436

*Thank you*
*I'm doing an online course now. I'm hoping to be done with it and still have time to try to speak with Mr. Colon before 2:30. I think I will have enough time to do that. But, I'd like to be able to say at our 2:30 meeting that I completed the alleged discrepancy in CLE which is why I'm putting the course before speaking with Mr. Colon. Please let me know if the Judge thinks I should reverse the priority. I appreciate everyone's patience and am profusely sorry for this confusion and inconvenience and all else I have caused.*

*-Dina*

**From:** ▓▓▓▓▓▓
**Sent:** Wednesday, September 22, 2021 12:52 PM
**To:** Dina Chavar < ▓▓▓▓▓▓ >; Cloud, Whitney (USADE) < ▓▓▓▓▓▓ >;
**Cc:** Welsh, Jennifer (USADE) < ▓▓▓▓▓▓ >;
**Subject:** RE: Dina Chavar #88436

Ms. Chavar –

Judge Stark said thank you for the update and he will see you at 2:30 PM.

▓▓▓▓▓▓
Courtroom Deputy for the Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street, Unit 26
Wilmington, DE 19801
Chambers Phone: 302-573-4571

**From:** Dina Chavar < ▓▓▓▓▓▓ >
**Sent:** Wednesday, September 22, 2021 12:39 PM
**To:**
**Cc:** Welsh, Jennifer (USADE) < ▓▓▓▓▓▓ >; Cloud, Whitney (USADE) < ▓▓▓▓▓▓ >;
**Subject:** RE: Dina Chavar #88436

CAUTION - EXTERNAL:

*Good afternoon*
*A preliminary response from PACLE is that I was short by .5 ethics credits for 2020-2021. I am still waiting for an accounting of the CLE credits I have to date, because as I represented in Court, their website indicates that I have no CLE credits for the years 2019, 2020 or 2021. I have not received a response as to why my*

APPX1092

credits are not showing but at least I received confirmation that if I am actually short of CLE it is by a credit. PACLE forwarded a link to approved on-line courses I can take. I'm going to take one of those courses now so that I can focus on correcting the shortage, as PACLE reports, today and follow-up with discrepancy that I believe there to be afterwards. The paperwork I would have to do that is in the Pocono and I don't think it makes sense for me to pursue that avenue first rather than just take an on-line course now (an overage later determined will carryover so will not be a loss). Also, I'm thinking that if I was a credit short in 2020-2021 than I will need 2.0 ethics credits for 2021-2022; I can take care of that today well. I believe I have substantive credits for the 2021-2022 compliance period.

Please let me know if you have any questions or if I can provide further clarification of the information I relaying in this email. Thank you

~Dina

**From:** ████████████████████
**Sent:** Wednesday, September 22, 2021 9:49 AM
**To:** Dina Chavar < ████████████████ >;
**Cc:** Welsh, Jennifer (USADE) < ████████████████ >; Cloud, Whitney (USADE) < ████████████ >;
████████████████

**Subject:** RE: Dina Chavar #88436

Good morning, Ms. Chavar –
Judge Stark said he will meet with the parties at 10:30 am.

████████████████

Courtroom Deputy for the Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street, Unit 26
Wilmington, DE 19801
Chambers Phone: 302-573-4571

**From:** Dina Chavar ████████████████ >
**Sent:** Wednesday, September 22, 2021 9:46 AM
**To:** ████████████████████
**Cc:** Welsh, Jennifer (USADE) < ████████████ >; Cloud, Whitney (USADE) < ████████████ >;

**Subject:** FW: Dina Chavar #88436

**CAUTION - EXTERNAL:**

Good morning
As you all know, after Court yesterday I was informed that I was placed on Administrative Suspension. Offices of Attorney Registration and Disciplinary Board for Pennsylvania closed at 5:00 p.m. so I was unable to speak with anyone there. However, their website directs to an email address where questions concerning the suspension as well as what must be done to lift it can be addressed. Below is my email inquiring as to the suspension and the response I received this morning. You will note that the Office of Attorney Registration refers me to PACLE due to an alleged shortage of CLE credits. I don't agree that I was short of CLE credits but I am still trying to secure further information from PACLE who has not returned my phone call thus far. I believe I can obtain more concrete answers for the Court in the next half

75.

*hour and request that the 9:45 a.m. hearing be rescheduled to 10:30 a.m. so that when I appear I can provide a more definitive report to the Court.*

*Thank you*
*Dina Chavar*

**From:** atty registration ███████████████████████
**Sent:** Wednesday, September 22, 2021 8:17 AM
**To:** Dina Chavar <████████████████>
**Cc:** ██████████████████████
**Subject:** RE: Dina Chavar #88436

You were placed on administrative suspension for failure to complete your CLE requirements.

I am copying the PACLE Board on this email to provide additional information.

Thank you,
Attorney Registration Office
601 Commonwealth Avenue, Suite 5600
PO Box 62625
Harrisburg, PA  17106-2625
Telephone:  (717) 231-3380
Fax:  (717) 231-3381

**From:** Dina Chavar <████████████████>
**Sent:** Tuesday, September 21, 2021 6:00 PM
**To:** ████████████████████████
**Subject:** Dina Chavar #88436

---

**CAUTION: This is an external email. Please think before you click on an attachment or link!**

---

*It has come to my attention that I am administratively suspended. Can you tell me what this suspension is based upon? And, what do I need to do to lift the suspension please?*
*Thank you*
*Dina Chavar #88436*

Sent from Mail for Windows

Scanned by McAfee and confirmed virus-free.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

APPX1094

77.

APPX1095

**From:**
**Sent:** Wednesday, September 22, 2021 1:29 PM
**To:** Welsh, Jennifer (USADE); Cloud, Whitney (USADE);
**Cc:**
**Subject:** RE: Dina Chavar #88436

Ms. Chavar – The Court has no preference.  Please proceed as you see fit.

See you at 2:30 PM.

Courtroom Deputy for the Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street, Unit 26
Wilmington, DE 19801
Chambers Phone: 302-573-4571

**From:** Dina Chavar <            com>
**Sent:** Wednesday, September 22, 2021 1:15 PM
**To:**
**Cc:** Welsh, Jennifer (USADE) <            >; Cloud, Whitney (USADE) <            >;
**Subject:** RE: Dina Chavar #88436

**CAUTION - EXTERNAL:**

*Thank you*
*I'm doing an online course now. I'm hoping to be done with it and still have time to try to speak with Mr. Colon before 2:30. I think I will have enough time to do that. But, I'd like to be able to say at our 2:30 meeting that I completed the alleged discrepancy in CLE which is why I'm putting the course before speaking with Mr. Colon. Please let me know if the Judge thinks I should reverse the priority. I appreciate everyone's patience and am profusely sorry for this confusion and inconvenience and all else I have caused.*
*~dina*

**From:**
**Sent:** Wednesday, September 22, 2021 12:52 PM
**To:** Dina Chavar <            >
**Cc:** Welsh, Jennifer (USADE) <            >; Cloud, Whitney (USADE) <            >;
**Subject:** RE: Dina Chavar #88436

Ms. Chavar –

Judge Stark said thank you for the update and he will see you at 2:30 PM.

78.

APPX1096

Courtroom Deputy for the Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street, Unit 26
Wilmington, DE 19801
Chambers Phone: 302-573-4571

From: Dina Chavar <                          >
Sent: Wednesday, September 22, 2021 12:39 PM
To:
Cc: Welsh, Jennifer (USADE) <                          >; Cloud, Whitney (USADE) <                          >;

Subject: RE: Dina Chavar #88436

**CAUTION - EXTERNAL:**

*Good afternoon*

*A preliminary response from PACLE is that I was short by .5 ethics credits for 2020-2021. I am still waiting for an accounting of the CLE credits I have to date, because as I represented in Court, their website indicates that I have no CLE credits for the years 2019, 2020 or 2021. I have not received a response as to why my credits are not showing but at least I received confirmation that if I am actually short of CLE it is by a half credit. PACLE forwarded a link to approved on-line courses I can take. I'm going to take one of those courses now so that I can focus on correcting the shortage, as PACLE reports, today and follow-up with the discrepancy that I believe there to be afterwards. The paperwork I would have to do that is in the Poconos and I don't think it makes sense for me to pursue that avenue first rather than just take an on-line course now (an overage later determined will carryover so will not be a loss). Also, I'm thinking that if I was a .5 credit short in 2020-2021 than I will need 2.0 ethics credits for 2021-2022; I can take care of that today as well. I believe I have substantive credits for the 2021-2022 compliance period.*

*Please let me know if you have any questions or if I can provide further clarification of the information I relaying in this email. Thank you*
*~Dina*

From:
Sent: Wednesday, September 22, 2021 9:49 AM
To: Dina Chavar <                          >;
Cc: Welsh, Jennifer (USADE) <                          >; Cloud, Whitney (USADE) <                          >;

Subject: RE: Dina Chavar #88436

Good morning, Ms. Chavar –
Judge Stark said he will meet with the parties at 10:30 am.

Courtroom Deputy for the Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street, Unit 26
Wilmington, DE 19801
Chambers Phone: 302-573-4571

79.

APPX1097

**From:** Dina Chavar <​                    ​>
**Sent:** Wednesday, September 22, 2021 9:46 AM
**To:**                              >; Cloud, Whitney (USADE) <​                    ​>;
**Cc:** Welsh, Jennifer (USADE) <
**Subject:** FW: Dina Chavar #88436

**CAUTION - EXTERNAL:**

Good morning

As you all know, after Court yesterday I was informed that I was placed on Administrative Suspension. The Offices of Attorney Registration and Disciplinary Board for Pennsylvania closed at 5:00 p.m. so I was unable to speak with anyone there. However, their website directs to an email address where questions concerning the suspension as well as what must be done to lift it can be addressed. Below is my email inquiring as to the suspension and the response I received this morning. You will note that the Office of Attorney Registration refers me to PACLE due to an alleged shortage of CLE credits. I don't agree that I was short of CLE credits but I am still trying to secure further information from PACLE who has not returned my phone call thus far. I believe I can obtain more concrete answers for the Court in the next half hour and request that the 9:45 a.m. hearing be rescheduled to 10:30 a.m. so that when I appear I can provide a more definitive report to the Court.

Thank you
Dina Chavar

**From:** atty registration <​                    ​>
**Sent:** Wednesday, September 22, 2021 8:17 AM
**To:** Dina Chavar <​            ​>
**Cc:**
**Subject:** RE: Dina Chavar #88436

You were placed on administrative suspension for failure to complete your CLE requirements.

I am copying the PACLE Board on this email to provide additional information.

Thank you,
Attorney Registration Office
601 Commonwealth Avenue, Suite 5600
PO Box 62625
Harrisburg, PA  17106-2625
Telephone:  (717) 231-3380
Fax:  (717) 231-3381

**From:** Dina Chavar <​                    ​>
**Sent:** Tuesday, September 21, 2021 6:00 PM
**To:** atty registration <​                    ​>
**Subject:** Dina Chavar #88436

**CAUTION: This is an external email. Please think before you click on an attachment or link!**

80-

*It has come to my attention that I am administratively suspended. Can you tell me what this suspension is based upon?*
*And, what do I need to do to lift the suspension please?*
*Thank you*
*Dina Chavar #88436*

Sent from Mail for Windows

☐    Scanned by McAfee and confirmed virus-free.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

81.

APPX1099

**From:**
**Sent:** Wednesday, September 22, 2021 5:13 PM
**To:** Welsh, Jennifer (USADE); Cloud, Whitney (USADE);
**Cc:**
**Subject:** RE: Dina Chavar #88436

Ms. Chavar – Judge Stark is ready to take the bench. Please report to Courtroom 6B as soon as possible?

**From:** Dina Chavar < >
**Sent:** Wednesday, September 22, 2021 1:15 PM
**To:** Welsh, Jennifer (USADE) < >; Cloud, Whitney (USADE) < >;
**Cc:** Welsh, Jennifer (USADE) <
**Subject:** RE: Dina Chavar #88436

**CAUTION - EXTERNAL:**

Thank you
I'm doing an online course now. I'm hoping to be done with it and still have time to try to speak with Mr. Colon before 2:30. I think I will have enough time to do that. But, I'd like to be able to say at our 2:30 meeting that I completed the alleged discrepancy in CLE which is why I'm putting the course before speaking with Mr. Colon. Please let me know if the Judge thinks I should reverse the priority. I appreciate everyone's patience and am profusely sorry for this confusion and inconvenience and all else I have caused.

–dina

**From:**
**Sent:** Wednesday, September 22, 2021 12:52 PM
**To:** Dina Chavar < >
**Cc:** Welsh, Jennifer (USADE) < >; Cloud, Whitney (USADE) < >;
**Subject:** RE: Dina Chavar #88436

Ms. Chavar –

Judge Stark said thank you for the update and he will see you at 2:30 PM.

Courtroom Deputy for the Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street, Unit 26
Wilmington, DE 19801
Chambers Phone: 302-573-4571

**From:** Dina Chavar >
**Sent:** Wednesday, September 22, 2021 12:39 PM

82.

APPX1100

**To:** ████████

**Cc:** Welsh, Jennifer (USADE) <████████ >; Cloud, Whitney (USADE) <████████ >;

**Subject:** RE: Dina Chavar #88436

**CAUTION - EXTERNAL:**


*Good afternoon*

*A preliminary response from PACLE is that I was short by .5 ethics credits for 2020-2021. I am still wait for an accounting of the CLE credits I have to date, because as I represented in Court, their website indic that I have no CLE credits for the years 2019, 2020 or 2021. I have not received a response as to why my credits are not showing but at least I received confirmation that if I am actually short of CLE it is by a h credit. PACLE forwarded a link to approved on-line courses I can take. I'm going to take one of those courses now so that I can focus on correcting the shortage, as PACLE reports, today and follow-up with discrepancy that I believe there to be afterwards. The paperwork I would have to do that is in the Pocono and I don't think it makes sense for me to pursue that avenue first rather than just take an on-line course now (an overage later determined will carryover so will not be a loss). Also, I'm thinking that if I was a credit short in 2020-2021 than I will need 2.0 ethics credits for 2021-2022; I can take care of that today well. I believe I have substantive credits for the 2021-2022 compliance period.*

*Please let me know if you have any questions or if I can provide further clarification of the information I relaying in this email. Thank you*
*~Dina*

**From:** ████████
**Sent:** Wednesday, September 22, 2021 9:49 AM
**To:** Dina Chavar <████████ >;
**Cc:** Welsh, Jennifer (USADE) <████████ >; Cloud, Whitney (USADE) <████████ >;

**Subject:** RE: Dina Chavar #88436


Good morning, Ms. Chavar –
Judge Stark said he will meet with the parties at 10:30 am.

████████

Courtroom Deputy for the Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street, Unit 26
Wilmington, DE 19801
Chambers Phone: 302-573-4571


**From:** Dina Chavar <████████ >
**Sent:** Wednesday, September 22, 2021 9:46 AM
**To:** ████████
**Cc:** Welsh, Jennifer (USADE) <████████ >; Cloud, Whitney (USADE) <████████ >;

**Subject:** FW: Dina Chavar #88436


**CAUTION - EXTERNAL:**

83.

APPX1101

*Good morning*
*As you all know, after Court yesterday I was informed that I was placed on Administrative Suspension. The Offices of Attorney Registration and Disciplinary Board for Pennsylvania closed at 5:00 p.m. so I was unable to speak with anyone there. However, their website directs to an email address where questions concerning the suspension as well as what must be done to lift it can be addressed. Below is my email inquiring as to the suspension and the response I received this morning. You will note that the Office of Attorney Registration refers me to PACLE due to an alleged shortage of CLE credits. I don't agree that I was short of CLE credits but I am still trying to secure further information from PACLE who has not returned my phone call thus far. I believe I can obtain more concrete answers for the Court in the next half hour and request that the 9:45 a.m. hearing be rescheduled to 10:30 a.m. so that when I appear I can provide a more definitive report to the Court.*

*Thank you*
*Dina Chavar*

**From:** atty registration <█████████████████>
**Sent:** Wednesday, September 22, 2021 8:17 AM
**To:** Dina Chavar ███████████>
**Cc:** ████████████████████
**Subject:** RE: Dina Chavar #88436

You were placed on administrative suspension for failure to complete your CLE requirements.

I am copying the PACLE Board on this email to provide additional information.

Thank you,
Attorney Registration Office
601 Commonwealth Avenue, Suite 5600
PO Box 62625
Harrisburg, PA  17106-2625
Telephone:  (717) 231-3380
Fax:  (717) 231-3381

**From:** Dina Chavar <█████████████████>
**Sent:** Tuesday, September 21, 2021 6:00 PM
**To:** atty registration <█████████████████>
**Subject:** Dina Chavar #88436

CAUTION: This is an external email. Please think before you click on an attachment or link!

It has come to my attention that I am administratively suspended. Can you tell me what this suspension is based upon? And, what do I need to do to lift the suspension please?
Thank you
Dina Chavar #88436

Sent from Mail for Windows

84.

APPX1102

Scanned by McAfee and confirmed virus-free.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when openi
attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when openi
attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when openir
attachments or clicking on links.

85.

APPX1103

**From:** Welsh, Jennifer (USADE)
**Sent:** Tuesday, September 21, 2021 7:11 PM
**To:** ▇▇▇▇▇ Dina Chavar; ▇▇▇▇▇ Cloud, Whitney (USADE)
**Cc:**
**Subject:** Urgent need for hearing - US v. Colon

**Importance:** High

Dear Judge Stark,

We have an unfortunate and sensitive topic to discuss with the Court.  We were informed this evening after Court closed that, according to the Pennsylvania Disciplinary Board website, Ms. Chavar is administratively suspended.  We expect that the defendant is or soon will be aware of her status, as we learned of this issue indirectly from the defendant's wife.

We have spoken to Ms. Chavar, and she asserts that she is unaware of this suspension.  She is going to urgently inquire of the Disciplinary Board in an effort to clear up this matter, but they were closed for the day when she called this evening.

Obviously, we believe this is an issue that prevents us from proceeding with trial tomorrow without resolution.  We are available at the Court's convenience.

Below is a link to the website we used to determine her current status.

-Jen

https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/88436

Jennifer K. Welsh
Assistant United States Attorney
District of Delaware
Desk number (302) 573-6286

86.

APPX1104

| | |
|---|---|
| From: | |
| Sent: | Tuesday, September 21, 2021 8:23 PM |
| To: | Welsh, Jennifer (USADE) |
| Cc: | |
| Subject: | Re: Urgent need for hearing – US v. Colon |

Thank you for letting us know.  We will have to discuss this tomorrow morning when we meet.  It will be most help you can find out the facts and be prepared to discuss whatever legal analysis may be required.  I can meet anytime beginning at 830; it is also fine to wait until 945 to meet as scheduled.  If you would like to meet earlier than 945 pl let me know.

Sent from my iPhone

On Sep 21, 2021, at 7:10 PM, Welsh, Jennifer (USADE) <​                                      > wrote:

CAUTION - EXTERNAL:

Dear Judge Stark,

We have an unfortunate and sensitive topic to discuss with the Court.  We were informed this evening after Court closed that, according to the Pennsylvania Disciplinary Board website, Ms. Chavar is administratively suspended.  We expect that the defendant is or soon will be aware of her status, as we learned of this issue indirectly from the defendant's wife.

We have spoken to Ms. Chavar, and she asserts that she is unaware of this suspension.  She is going to urgently inquire of the Disciplinary Board in an effort to clear up this matter, but they were closed for the day when she called this evening.

Obviously, we believe this is an issue that prevents us from proceeding with trial tomorrow without resolution.  We are available at the Court's convenience.

Below is a link to the website we used to determine her current status.

-Jen

https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/88436

Jennifer K. Welsh
Assistant United States Attorney
District of Delaware
Desk number (302) 573-6286

APPX1105

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

APPX1106

| | |
|---|---|
| **From:** | Cloud, Whitney (USADE) |
| **Sent:** | Tuesday, September 21, 2021 8:31 PM |
| **To:** | |
| **Cc:** | Welsh, Jennifer (USADE); |
| **Subject:** | Re: Urgent need for hearing - US v. Colon |

Your Honor -

Our understanding is that the Disciplinary Board does not open their offices until 9 am so starting at 9:45 appears prudent for ascertaining more facts.

We have been researching the issue but have thus far failed to uncover definitive guidance. We will of course upda Court with whatever authority we can draw upon at tomorrow's hearing.

- Whitney

> On Sep 21, 2021, at 8:23 PM,                                                                    wrote:
>
> Thank you for letting us know.  We will have to discuss this tomorrow morning when we meet.  It will be most helpful if you can find out the facts and be prepared to discuss whatever legal analysis may be required.  I can meet anytime beginning at 830; it is also fine to wait until 945 to meet as scheduled.  If you would like to meet earlier than 945 please let me know.
>
> Sent from my iPhone
>
>> On Sep 21, 2021, at 7:10 PM, Welsh, Jennifer (USADE) <                                        >
>> wrote:
>>
>>
>> CAUTION - EXTERNAL:
>>
>> Dear Judge Stark,
>>
>> We have an unfortunate and sensitive topic to discuss with the Court.  We were informed this evening after Court closed that, according to the Pennsylvania Disciplinary Board website, Ms. Chavar is administratively suspended.  We expect that the defendant is or soon will be aware of her status, as we learned of this issue indirectly from the defendant's wife.
>>
>> We have spoken to Ms. Chavar, and she asserts that she is unaware of this suspension.  She is going to urgently inquire of the Disciplinary Board in an effort to clear up this matter, but they were closed for the day when she called this evening.
>>
>> Obviously, we believe this is an issue that prevents us from proceeding with trial tomorrow without resolution.  We are available at the Court's convenience.

89.

APPX1107

Below is a link to the website we used to determine her current status.

-Jen

https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/88436


Jennifer K. Welsh
Assistant United States Attorney
District of Delaware
Desk number (302) 573-6286


**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening atta**
**or clicking on links.**

90.

APPX1108

| | |
|---|---|
| **From:** | |
| **Sent:** | Tuesday, September 21, 2021 8:48 PM |
| **To:** | Cloud, Whitney (USADE) |
| **Cc:** | Welsh, Jennifer (USADE); |
| **Subject:** | Re: Urgent need for hearing - US v. Colon |

Ok thanks.  We'll meet at 945.

Sent from my iPhone

> On Sep 21, 2021, at 8:31 PM, Cloud, Whitney (USADE)                              wrote:

**CAUTION - EXTERNAL:**

Your Honor -

Our understanding is that the Disciplinary Board does not open their offices until 9 am so starting at 9:45 appears prudent for ascertaining more facts.

We have been researching the issue but have thus far failed to uncover definitive guidance. We will of course update the Court with whatever authority we can draw upon at tomorrow's hearing.

- Whitney

> On Sep 21, 2021, at 8:23 PM,
> wrote:

 Thank you for letting us know.  We will have to discuss this tomorrow morning when we meet.  It will be most helpful if you can find out the facts and be prepared to discuss whatever legal analysis may be required.  I can meet anytime beginning at 830; it is also fine to wait until 945 to meet as scheduled.  If you would like to meet earlier than 945 please let me know.

Sent from my iPhone

> On Sep 21, 2021, at 7:10 PM, Welsh, Jennifer (USADE)
> <                              > wrote:

**CAUTION - EXTERNAL:**

Dear Judge Stark,

91.

We have an unfortunate and sensitive topic to discuss with the Court. We were informed this evening after Court closed that, according to the Pennsylvania Disciplinary Board website, Ms. Chavar is administratively suspended. We expect that the defendant is or soon will be aware of her status, as we learned of this issue indirectly from the defendant's wife.

We have spoken to Ms. Chavar, and she asserts that she is unaware of this suspension. She is going to urgently inquire of the Disciplinary Board in an effort to clear up this matter, but they were closed for the day when she called this evening.

Obviously, we believe this is an issue that prevents us from proceeding with trial tomorrow without resolution. We are available at the Court's convenience.

Below is a link to the website we used to determine her current status.

-Jen

https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/88436


Jennifer K. Welsh
Assistant United States Attorney
District of Delaware
Desk number (302) 573-6286


**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when open or clicking on links.**


**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachment: or clicking on links.**

92.

APPX1110

81

THE COURT:  Which AUSA would like to speak?  I would welcome hearing your input.

MS. CLOUD:  Whitney Cloud for the government.

THE COURT:  I'll have you come to the podium.

MS. CLOUD:  So on the first issue of conflict, again, as with yesterday, we're not going to take a position on whether there is a conflict, other than to note that in some ways this does appear to be a continuation of conduct that was issued -- that was at issue over the last few days.

I think it came out in the record that Ms. Martinez was one of the first to alert of the, the bar status for Mr. Chavar.

THE COURT:  And is it -- I did want to clear up the record on that.  Your initial email, I think it was Ms. Welsh, but the other night says we indirectly learned of this through Ms. Martinez.

Is it fair for me to understand that you came to know about it somehow through family members of Mr. Colon?

(Government counsel confer.)

MS. CLOUD:  Yes, we did.  We had observed Ms. Martinez in the courtroom.  A court security person went to her to ask.  She was observed being on her phone and it looked like screenshotting pictures, and so there was an inquiry.  And she said no, I was not.  I was not taking pictures.  Actually, I was looking at this.  And she first

93.

APPX1123

812

alerted of the bar, the CLE issue.

THE COURT: Okay. Thank you.

MS. CLOUD: So that is how we indirectly learned of it.

THE COURT: Okay. Thank you. Go ahead.

MS. CLOUD: So as to the conflict, we don't take an issue with that, but we do have an opinion on waiver by conduct, if we get to that point.

THE COURT: Well, I think we're at that point.

MS. CLOUD: Okay.

THE COURT: We can at least discuss that.

If I find that Mr. Colon, that this is part of an effort to create a conflict and to cause Ms. Chavar to reach a point where she says I just cannot represent him, do I consider that as part of the waiver-by-conduct analysis?

MS. CLOUD: Your Honor, absolutely.

So there are three points we think to consider on whether Mr. Colon has been part of this action with his daughter, Ms. Karina Colon.

First is the history.

So as Your Honor is aware, after attempting to wedge a conflict between himself and Ms. Cinquanto for months in the prior representation, in I believe it was January 2021, he filed a disciplinary complaint against her. She had been taking the position she would stay

94.

APPX1124

806

at 8:30 tomorrow.  We'll be working on finishing up the jury instructions.  If we have it done before tomorrow, we'll let you see them.  Otherwise, we'll get them to you as soon as we have them again.  I don't expect any substantive changes to what we submitted, just maybe some stylistic things.

And hopefully we'll begin with the jury close to 9:00 o'clock tomorrow.

All right.  Have a good rest of the afternoon.  Thank you very much.

(Proceedings recess at 12:16 p.m.)

*    *    *

(Proceedings reconvened after recess at 3:19 p.m.)

THE COURT:  Good afternoon.

Let me say a few things.  I just want to at least update the record.

It is 3:20 p.m. now.  Our last status conference concluded, I think about 12:20 p.m., so about three hours ago.

Ms. Chavar e-mailed us around 1:50 p.m. to advise that she had just learned that yesterday Mr. Colon's daughter filed a complaint with the ODC and our Delaware Supreme Court.

Shortly after our last conference concluded, the ODC issued a letter dismissing that complaint but also referring it to this court and to the Disciplinary Board of Pennsylvania Supreme Court.

95.

APPX1118

807

Evidently, this was the first Ms. Chavar knew of that complaint. In her email to us, she indicates the complaint gives rise to serious conflict between her and Mr. Colon which she would like to address with me, and so that's what brings us here.

Ms. Chavar, why don't we start with you? I do want to ask, before you turn to the ODC issue, whatever you want to say, update me what happened after 12:20 with respect to you and Mr. Colon. Did you continue to meet? Did things continue to go well?

MS. CHAVAR: I went downstairs. I informed him that I had just learned about this complaint and that I think it's a serious complaint, and that I would like to confer with a lawyer or the Office of Disciplinary Counsel, and let Your Honor know that, let Your Honor know that I believe there is a conflict due to this.

I put a phone call in to the -- and then I left after that.

Should I go further?

THE COURT: Well, I guess. So would it be fair to say things were going fine between you and Mr. Colon before you learned of the ODC complaint?

MS. CHAVAR: Yes. Yeah, I mean, I was truthful what I represented to you at noon.

THE COURT: And I wasn't suggesting you weren't.

96.

APPX1119

MS. CHAVAR: I'm sorry.

THE COURT: It's just because there was potentially up to an hour and-a-half after we broke and when you learned about the complaint.

MS. CHAVAR: Oh. Then I apologize. Then my email was misleading.

I -- after Mr. Colon left, and he was here for a little while, getting some paperwork that we wanted to discuss, I sat down to fill out the transcript purchase order form, and an email popped through.

It was -- the timing of the email was 12:03, so literally when I was addressing Your Honor, this email was coming through.

THE COURT: So there was no further opportunity for you and Mr. Colon to talk about the case.

MS. CHAVAR: No.

THE COURT: Okay. Understood.

All right. Then go right ahead with whatever else you would like to say.

MS. CHAVAR: This is a very serious allegation. And I'm angry.

You know, I now will have to hire a lawyer and pay attorney fees. I also think that I have to let the CJA panel, the head of the CJA panel that I'm on, I have to advise them of that. I'm not sure of that, but I think I do.

I have been practicing for decades and then I get a complaint like this, which is ridiculous. It's -- I am, I'm very angry about it, Your Honor. And the cover letter from Karina says that she is filing on behalf of her father.

I have received communications from Karina, I think even Mr. Colon referred to one or two yesterday, on behalf of my father. So I do know that they communicate and she, you know, is a conduit for him at times.

I noted it was filed yesterday at 10:30. We went through this hearing all day yesterday, and there was not one mention about this disciplinary complaint that was filed against me.

As the United States Attorney -- as the government pointed out, yesterday I was okay, I would have moved forward until he came up here and he made some allegations.

Well, many of his statements track what is written in that complaint.

I'm, I'm saying again, I'm angry. I don't -- I am sure that is going to affect my representation. I am going -- I can't imagine tomorrow having to cross-examine one of the witnesses that I, I think would -- all witnesses require focus, but I think there was some, there was some importance to one of them, particular importance, and focus on that while he has his family members sitting there, who were there Tuesday and Wednesday, one of them staring me

98.

APPX1121

810

down the whole time on Wednesday, and not be distracted by that, with the thought of: What now? What now?

So I bring it to the Court's attention the CLE administrative suspension wasn't enough, they had to bring it another level, higher. Let's really give the Judge something to be concerned about now.

What next? I'm intimidated. And I am so angry that I now will have to spend time and money and stress to defend a ridiculous allegation.

And I'm sorry. I'm very thirsty in here. I hope that is not a sign of substance abuse. I need a mouthful of water.

THE COURT: I understand that to be ironic comment or sarcastic.

MS. CHAVAR: I'm sorry about that.

THE COURT: That's okay.

MS. CHAVAR: This is what I mean.

THE COURT: It can be hard to tell in a transcript.

MS. CHAVAR: I'm sorry. This is what I mean. I'm angry, and I don't -- I do not believe I can advocate and represent Mr. Colon in his best interest given this development. I apologize to the Court, to the government, even Mr. Colon, but I cannot do it.

THE COURT: All right.

MS. CHAVAR: Thank you.

99.

APPX1122

811

THE COURT: Which AUSA would like to speak? I would welcome hearing your input.

MS. CLOUD: Whitney Cloud for the government.

THE COURT: I'll have you come to the podium.

MS. CLOUD: So on the first issue of conflict, again, as with yesterday, we're not going to take a position on whether there is a conflict, other than to note that in some ways this does appear to be a continuation of conduct that was issued -- that was at issue over the last few days.

I think it came out in the record that Ms. Martinez was one of the first to alert of the, the bar status for Mr. Chavar.

THE COURT: And is it -- I did want to clear up the record on that. Your initial email, I think it was Ms. Welsh, but the other night says we indirectly learned of this through Ms. Martinez.

Is it fair for me to understand that you came to know about it somehow through family members of Mr. Colon?

(Government counsel confer.)

MS. CLOUD: Yes, we did. We had observed Ms. Martinez in the courtroom. A court security person went to her to ask. She was observed being on her phone and it looked like screenshotting pictures, and so there was an inquiry. And she said no, I was not. I was not taking pictures. Actually, I was looking at this. And she first

100.

APPX1123

alerted of the bar, the CLE issue.

THE COURT: Okay. Thank you.

MS. CLOUD: So that is how we indirectly learned of it.

THE COURT: Okay. Thank you. Go ahead.

MS. CLOUD: So as to the conflict, we don't take an issue with that, but we do have an opinion on waiver by conduct, if we get to that point.

THE COURT: Well, I think we're at that point.

MS. CLOUD: Okay.

THE COURT: We can at least discuss that.

If I find that Mr. Colon, that this is part of an effort to create a conflict and to cause Ms. Chavar to reach a point where she says I just cannot represent him, do I consider that as part of the waiver-by-conduct analysis?

MS. CLOUD: Your Honor, absolutely.

So there are three points we think to consider on whether Mr. Colon has been part of this action with his daughter, Ms. Karina Colon.

First is the history.

So as Your Honor is aware, after attempting to wedge a conflict between himself and Ms. Cinquanto for months in the prior representation, in I believe it was January 2021, he filed a disciplinary complaint against her.

She had been taking the position she would stay

APPX1124

in trial, that she felt she could zealously represent him, not withstanding everything that has happened in court before Your Honor for months, but at that point she felt she could not continue because there was an insurmountable conflict and she asked to withdraw. The Court allowed her to do so and shortly thereafter appointed Ms. Chavar.

That is why at the prior, the first hearing where Ms. Chavar was representing Mr. Colon, we stood up and firmly said we would, that we would consider any further actions to wedge a conflict between himself and Ms. Chavar to qualify as waiver by conduct. That was referenced yesterday, and we think this firmly applies.

And we think the fact that Mr. Colon knew of that back in May was -- is important because this disciplinary complaint was filed at 10 -- I believe 10:46 in the morning, yesterday morning.

THE COURT: That's what it says.

MS. CLOUD: So there was a hearing yesterday at 9:45 in the morning. Your Honor indicated that you were inclined to let trial go forward. There is a complaint filed at 10:46 in the morning.

Looking at the language in the complaint and comparing it to the language that Mr. Colon then used himself several hours later, there are striking similarities.

Both refer -- both use the word "erratic" and

102.

APPX1125

814

directly link it the substance abuse.

Both cite the short timeline between when Ms. Chavar took the representation and when this trial began.

Both allege forgetfulness.

Both allege she had other things on her mind or personal issues.

But the most important part perhaps is that we know throughout this summer, Ms. Colon has been acting as a conduit for her father. Mr. Colon acknowledged this yesterday in court. Ms. Chavar has mentioned it as well. And most importantly, on the complaint, Ms. Colon said that she is acting on behalf of her father in the complaint.

So these points all reflect the same reality. Mr. Colon is not the victim of his daughter's independent action. He is, for lack of a better word, a co-conspirator, and it was a coordinated attack. And as we advocated at the beginning of Ms. Chavar's representation, if he creates a conflict with her representation, then he should be deemed to have waived his right to counsel by conduct.

THE COURT: Do you think the way you all indirectly came to learn of the administrative suspension through Ms. Martinez is also evidence of let's call it a conspiracy to create conflicts of interest?

MS. CLOUD: It was, it was very, very convenient, Your Honor. We have debated that back and

103.                                    APPX1126

816

MS. CLOUD:  We do.

THE COURT:  And if I make such a finding, is it the government's further request that we go forward as scheduled tomorrow?

MS. CLOUD:  Yes, absolutely.

THE COURT:  Okay.  And do you believe I should or must speak to Mr. Colon before making a decision?

MS. CLOUD:  I think it would be -- I think it would be wise to do the *Farreta* colloquy of Mr. Colon, perhaps.

THE COURT:  What would that accomplish?

MS. CLOUD:  Well, I know Your Honor has already read it.

THE COURT:  I'm just wondering.  I mean certainly he has been advised many, many times it's better not to represent himself.

MS. CLOUD:  Right.

THE COURT:  So --

MS. CLOUD:  And, Your Honor, we might be too far to -- I withdraw my prior comment because I think that, you know, it's too far now.

THE COURT:  I mean if he has already waived by conduct, he has already waived by conduct; right?

MS. CLOUD:  Yes.

I don't know what Mr. Colon can say that is

104.

APPX1128

going to change, change the outcome. That's up to Your Honor.

THE COURT: All right. Thank you very much. Thanks.

Ms. Chavar, anything you want to add?

MS. CHAVAR: I don't know if it is a conspiracy or not with his family and him. I don't know. But what I do know is I am intimidated. And I don't -- I mean as I stand here now, I am intimidated of repercussions from them.

I just -- he is mean spirited and it just shows. Even if it's just from his daughter, it's mean spirited and just shows such a lack of disregard and disrespect towards anyone that, that gets in their way of what they want.

We're worried. We're all concerned. You know, does he have a right to another lawyer?

He doesn't want me to be his lawyer, obviously. This is the lengths that they go through. This is how I'm feeling. I implore you, I cannot go forward.

Thank you.

THE COURT: Thank you.

Mr. Colon, is there anything you want to add before I make a decision?

THE DEFENDANT: Yes, sir.

THE COURT: Come to the podium.

THE DEFENDANT: Yes, Your Honor.

105.

APPX1129

786

was at one point read the *Faretta* colloquy and told that continued delays might land him here.

So that's our position, Your Honor, is that he was, he was not without fault in any of those.

Certainly, he mentioned Alan Tauber. I believe that that was different. He was somebody who was counsel at the same time as Mr. Ortiz, and he was in sort of a writing capacity, and he got out because of a career opportunity, I think. So that one was not the defendant's fault, but the rest of them, certainly the defendant had varying degrees of culpability.

THE COURT: All right. Thank you.

Let me address this CLE issue that has arisen, and then we'll talk further about where we are. But I do think I need to do some legal analysis and make some findings on the CLE issue.

And my discussion now is really just with respect to the CLE issue. I recognize that our last several hours have really departed from that issue. And there will be more I need to say and decide with respect to that, but the CLE issue, I've done the three legal analyses that the parties told me I need to do and I find as a result that it does not create, in my view, any conflict or any reason that Ms. Chavar could not continue with this representation.

Now, again, I'm just focused on the CLE issue

106.

787

right now. The issue, of course, at this point we now understand that the Disciplinary Board of Pennsylvania believes Ms. Chavar is I think a half credit short, an ethics credit for I think 2020, 2021. She has taken immediate action to rectify the situation. It's not a situation that she knew about prior to last evening, including by I think making efforts even today to attend a CLE presumably online. And based on the record before me, this is at most a de minimis defect in her state bar defect. It does not for any reason I can discern prevent her from representing Mr. Colon or prevent me from proceeding with our ongoing trial.

I've conducted the three legal analyses. Let me go through them.

First, I looked closely at our district local Delaware rules, which I think are implicated as Ms. Chavar is a member of our bar. She's currently a member of our bar in good standing. She's also a member of our CJA panel. That's how she came to be appointed here.

I think local Rule 83.6(b)(1) applies, which means that we automatically impose the identical reciprocal discipline that in this instance the Pennsylvania Bar has imposed unless until we order something else.

Typically, this provision is triggered by a lawyer telling us of some discipline, but here that hasn't

APPX1060

788

happened because presumably since Ms. Chavar didn't know that she had been administratively suspended in Pennsylvania, but our Rule 83.6(b)(3) does say that the automatic reciprocal discipline becomes effective "upon becoming informed of such a judgment or order," and I believe on behalf of the Court, I now being informed of the suspension, means that as a formal matter, Ms. Chavar is administratively suspended here.

Notably, while Ms. Chavar has been administratively suspended in Pennsylvania since April of 2021, the automatic disposition of the same discipline here only happened today. I mean, arguably last night when we got the e-mail from the government, but our Court only became informed of that suspension last night. But that does not mean to me that Ms. Chavar cannot continue to represent Mr. Colon in this case or could not continue to go forward with this trial. Instead it means under our rules in due course, forthwith, according to the Rule 83.6(b)(3), the Court will issue a notice to Ms. Chavar and give her 30 days to show cause why the imposition of the identical discipline by the Court would be unwarranted. I believe I would have discretion to allow her to continue in this representation during those proceedings.

I should also say I thought parenthetically it's not clear to me that Ms. Chavar, while administratively

108.

APPX1061

suspended from the Pennsylvania Bar, would not be permitted to appear in Pennsylvania courts, so to the extent she could continue to appear in Pennsylvania courts, our identical reciprocal discipline would let her appear in this court at the same time.

But, in any event, Ms. Chavar has indicated that if and when she receives a notice and an order to show cause from the Court, she will explain to the Court the reasons why she should not be administratively suspended here. I think I would have discretion to undertake that process, right now, and if I did, among the grounds that she might cite, given that we are in the middle of a trial, would be that the imposition of the same discipline by this Court would result in a grave injustice. She could cite Rule 83.6(b)(5)(C) for that. And I believe she would have a very strong argument if she didn't.

I would also add that our local rules are only effective to the extent they're not inconsistent with the Federal Rules of Civil Procedure. Rule 1 of the Federal Rules of Civil Procedure require that all civil rules be construed and then interpreted by the Court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding.

A finding under the circumstances here that Ms. Chavar is not permitted to continue with representing

109.

790

Mr. Colon in this case at this time and this trial would at a minimum I think flout Rule 1 goal that we all share of a just, speedy and inexpensive resolution of proceedings.

So for all of those reasons, I don't think that the global rules here pose an impediment to going forward. I've also considered the model rules of professional responsibility, conflict of interest, current clients.

Nothing about this de minimis CLE deficiency in Pennsylvania gives rise to a conflict of interest. The Rule 1.7(a)(2) provides as pertinent here, I've excluded some irrelevant language, "A lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if there is a significant risk that the representation of the client will be materially limited by a personal interest of the lawyer."

On the record before me I find with respect to the CLE issue no risk, a non-significant risk, of course, that Ms. Chavar's representation of Mr. Colon will be at all limited, and certainly not materially limited by any personal interest she might have, including the personal interest that her administrative suspension be lifted, corrected or clarified.

So, and nothing about the CLE issue places Ms. Chavar in an adversarial position relative to Mr. Colon. At

110.

APPX1063

791

bottom, I think there's nothing about this CLE issue or how she came to learn of it or how the Court handled it that I think creates a conflict of interest.

And, finally, I've considered the Fifth Amendment with respect to the CLE issue and I find that her administrative suspension does not render her constitutionally ineffective for the Sixth Amendment.  The government cited various cases, all of which establish that there's no per se Rule when an attorney who has a defect in their state bar status must be found to have provided or be provided ineffective assistance of Federal Court proceedings.  In particular, I cite the *Hoffman* and *Mouzin* decisions from the Ninth Circuit and the *Stevens* decision from the Tenth Circuit.  These cases, which I think have all applied I think to disbarred attorneys and were far from disbarment, were a de minimis administrative defect it seems.

These cases all set out that the test for constitutional ineffectiveness remains even again when the attorney is disbarred whether the attorney engaged in specific conduct which prejudiced, specific conduct which prejudiced the defendant, and that's almost always litigated after trial.

I'm unaware here of any specific conduct relating to the CLE issue that Ms. Chavar undertook that

///.

APPX1064

792

prejudiced Mr. Colon.  Nothing about her bar status is conduct that would in my view prejudice Mr. Colon.

So I think where we are is, as the government suggested, if we didn't have this CLE issue and lose this whole day and Mr. Colon said the things he said yesterday or this morning, I don't think there would have been an issue. I think I would have, to the extent he was requesting new counsel or a mistrial, I think I would have said, no, I'm not persuaded.

Because the CLE issue arose because I therefore, with the government's support, reached out to Mr. Colon and asked him to say what he had to say, we got to hear a whole lot of things in open court, not even ex parte that evidently have caused Ms. Chavar to move from, as the government says at the beginning of the afternoon, saying she was prepared and saw no impediment about going forward with the representation to saying a couple times quite the contrary, that she didn't think she should or could go forward.

So I recognize I need to make a further decision about what's going to happen next.  With apologies to everyone for the late hour, I'm going to take another short recess and collect my thoughts further on that and then come back and have some more to say.  We'll be in recess.

(Short recess taken.)

*112.*

APPX1065

793

* * *

(Proceedings resumed after the short recess.)

THE COURT:  All right.  Have a seat.  I'm going to be brief.

I with I had occasion from the bench or in writing to say more about all of this, but what I wanted to tell you now is that I think the trial needs to go forward. I do expect I will have to explain more.  I may do that tomorrow.

As far as I can tell, Mr. Colon has two choices. He can continue to be represented by Ms. Chavar as we complete this trial or he can represent himself.

I am going to inform the jury that they're not needed tomorrow.  I'm going to continue this trial until Friday morning, so we'll let the jury know to report back here in time to get started at 9:00 a.m. on Friday.

I want the defendant brought here tomorrow as if it is a trial day, and, Ms. Chavar, you need to be here as well.  And you all need to meet.  We're going to have a status conference at noon tomorrow with the defendant present, required.

Tomorrow is a day for the defense to prepare however it is they're going to proceed.  Mr. Colon's choices, as I say, are to proceed with Ms. Chavar.  And, Mr. Colon, if you choose to proceed with counsel, that will

113.

APPX1066

794

be Ms. Chavar, and you will need to cooperate with her. You'll need to communicate with her or, alternatively, you can choose to proceed pro se. But if you do want counsel and you don't cooperate, I may well find that you have waived your right to counsel, waived by conduct.

I've warned you before that I might find that your conduct has led to waiver of the right to counsel by conduct. The government is of the view that I already can make such a finding. I'm not making a finding today. We're going to see what happens tomorrow and we'll have a status conference at noon and I expect I will hear more about how it is Mr. Colon wishes to proceed, but the choices are to proceed with Ms. Chavar as counsel or Mr. Colon represent himself.

Ms. Chavar, I know this is not the outcome that you have requested. I know it has been a difficult day, but we will see what happens tomorrow.

Ms. Welsh?

MS. WELSH: Sorry. I didn't want to interrupt, but we do have one issue with the scheduling of missing tomorrow and going on Friday. Our chemist is testifying in a different proceeding on Friday and would be unable to come to court that day.

THE COURT: I don't see what I can do about that. You'll have to see if you can get them here.

114.

APPX1067

801

THE COURT: Why don't you take the mask off so we can hear each other.

MS. CHAVAR: I know. I forget when I'm suppose to and then keep it on when I don't need to.

THE COURT: Understood.

MS. CHAVAR: Mr. Colon and I have been meeting since 9:00 o'clock, and he indicates that he does want to move forward with me as his counsel.

Yesterday was a long and difficult day in a lot of ways, and I thank the Court for having the foresight to let us step away from it overnight and meet this morning with cooler heads. And I, I feel confident that Mr. Colon and I can go forward with the trial tomorrow and complete it

THE COURT: Okay. All right. I'm glad to hear that.

Mr. Colon, is there anything that you want to sa

THE DEFENDANT: No, Your Honor.

THE COURT: Okay. Thank you.

I do have some things I want to say for the record, though. I'm going to take a short break and just collect my thoughts. I didn't know, of course, what I would hear in here, but anything the government wants to say in response to what you heard from Ms. Chavar?

MS. WELSH: No, Your Honor.

THE COURT: All right. Don't go far. I'll be

115.

APPX1113

| 02/09/2023 | 704 | SEALING ORDER AND IMPOUNDING ORDER as to Shakira Martinez. Signed by Judge Stephanos Bibas on 2/9/2023. (etg) (Entered: 02/13/2023) |
| 02/09/2023 | 705 | Sealed Document by Shakira Martinez (To be maintained on file in Clerk's Office) (etg) (Entered: 02/13/2023) |
| 02/13/2023 | 706 | OFFICIAL TRANSCRIPT of Status Conference held on 04.06.2023 before Judge Stephanos Bibas. Court Reporter/Transcriber: Michele Rolfe,Email: michele_rolfe@ded.uscourts.gov. Transcript may be viewed at the court public terminal or order/purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 3/6/2023. Redacted Transcript Deadline set for 3/16/2023. Release of Transcript Restriction set for 5/15/2023. (Rolfe, Michele) (Entered: 02/13/2023) |
| 02/13/2023 | 707 | OFFICIAL TRANSCRIPT of Pretrial Conference held on 06.22.2022 before Judge Stephanos Bibas. Court Reporter/Transcriber: Michele Rolfe,Email: michele_rolfe@ded.uscourts.gov. Transcript may be viewed at the court public terminal or order/purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 3/6/2023. Redacted Transcript Deadline set for 3/16/2023. Release of Transcript Restriction set for 5/15/2023. (Rolfe, Michele) (Entered: 02/13/2023) |
| 02/15/2023 | 708 | SENTENCING MEMORANDUM by USA as to Shakira Martinez (Ruggles, Meredith) (Entered: 02/15/2023) |
| 02/16/2023 | 710 | Sealed Attachment A re 708 SENTENCING MEMORANDUM by USA as to Shakira Martinez (To be maintained on file in Clerk's Office) (etg) (Entered: 02/16/2023) |
| 02/16/2023 | 711 | Sealed Document by USA as to Shakira Martinez (To be maintained on file in Clerk's Office) (etg) (Entered: 02/16/2023) |
| 02/22/2023 |  | The Sentencing set for 2/23/2023 at 09:00 AM will be held in Courtroom 6B. (etg) (Entered: 02/22/2023) |
| 02/23/2023 |  | Minute Entry for proceedings held before Judge Stephanos Bibas - Sentencing held on 2/23/2023. SENTENCE OF THE COURT: Shakira Martinez - IMPRISONMENT: 108 MONTHS ON COUNTS 5s THROUGH 16s, TO BE SERVED CONCURRENTLY; SUPERVISED RELEASE: 24 MONTHS ON COUNTS 5s THROUGH 16s, TO BE SERVED CONCURRENTLY; $1,200.00 TOTAL SPECIAL ASSESSMENT. (Court Reporter D. Warner (warnerdeanna@gmail.com) (etg) (Entered: 02/24/2023) |
| 03/02/2023 | 713 | JUDGMENT as to Shakira Martinez - IMPRISONMENT: 108 MONTHS ON COUNTS 5s THROUGH 16s, TO BE SERVED CONCURRENTLY; SUPERVISED RELEASE: 24 MONTHS ON COUNTS 5s THROUGH 16s, TO BE SERVED CONCURRENTLY; $1,200.00 TOTAL SPECIAL ASSESSMENT. Signed by Judge Stephanos Bibas on 3/2/2023. (etg) (Entered: 03/02/2023) |
| 03/03/2023 | 714 | OFFICIAL TRANSCRIPT of Telephone Conference held on 04/23/2021 before Judge Stark. Court Reporter/Transcriber: Brian Gaffigan,Email: gaffigan.b@outlook.com. Transcript may be viewed at the court public terminal or order/purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 3/24/2023. Redacted Transcript Deadline set for 4/3/2023. Release of Transcript Restriction set for 6/1/2023. (smg) (Entered: 03/03/2023) |

116.

APPX0113

| 03/03/2023 | 715 | OFFICIAL TRANSCRIPT of Pretrial Conference held on 09/09/2021 before Judge Stark. Court Reporter/Transcriber: Brian Gaffigan,Email: gaffigan.b@outlook.com. Transcript may be viewed at the court public terminal or order/purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 3/24/2023. Redacted Transcript Deadline set for 4/3/2023. Release of Transcript Restriction set for 6/1/2023. (smg) (Entered: 03/03/2023) |
|---|---|---|
| 03/06/2023 | 716 | OFFICIAL TRANSCRIPT of Status Conference held on 08/18/2022 before Judge Bibas. Court Reporter/Transcriber: Kathleen Feldman. Transcript may be viewed at the court public terminal or order/purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 3/27/2023. Redacted Transcript Deadline set for 4/6/2023. Release of Transcript Restriction set for 6/5/2023. (smg) (Entered: 03/06/2023) |
| 03/09/2023 | 717 | SEALED TRANSCRIPT of In-Court Status Conference held on 08/10/2020 before Judge Stark. (Transcript on file in Clerk's Office) (smg) (Entered: 03/09/2023) |
| 03/09/2023 | 718 | NOTICE OF APPEAL of 713 Judgment,. Appeal filed by Shakira Martinez. (Cedrone, Mark) (Entered: 03/09/2023) |
| 03/13/2023 | 719 | OFFICIAL TRANSCRIPT of Sentencing of Shakira Martinez held on 02/23/2023 before Judge Stephanos Bibas. Court Reporter/Transcriber: Deanna Warner, Email: warnerdeanna@gmail.com. Transcript may be viewed at the court public terminal or order/purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 4/3/2023. Redacted Transcript Deadline set for 4/13/2023. Release of Transcript Restriction set for 6/12/2023. (smg) (Entered: 03/13/2023) |
| 03/13/2023 | 720 | Petition to Claim Property filed by Carlos Almonte. (Attachments: # 1 Letter to Carlos Almonte from the U.S. Attorney's Office re Notice of Third Party Claimant Procedure for Property Forfeited)(etg) (Entered: 03/13/2023) |
| 03/13/2023 | 721 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 718 Notice of Appeal - Final Judgment filed by Shakira Martinez. USCA Case Number 23-1449. USCA Case Manager: Pamela. (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (pb, ) (Entered: 03/13/2023) |
| 03/31/2023 | 722 | Sealed Petition to Claim Property filed by Angelica Vidro and Juan Machin, with Letter to Angelica Vidro and Juan Machin from the U.S. Attorney's Office re Notice of Third Party Claimant Procedure for Property Forfeited, and Exhibits A and B. (etg) (Entered: 03/31/2023) |
| 04/05/2023 | 723 | REDACTED VERSION of 722 Sealed Petition to Claim Property filed by Angelica Vidro and Juan Machin. (Attachments: # 1 Letter to Angelica Vidro and Juan Machin from the U.S. Attorney's Office re Notice of Third Party Claimant Procedure for Property Forfeited, # 2 Exhibit A, # 3 Exhibit B)(etg) (Entered: 04/05/2023) |
| 04/11/2023 | 724 | DECLARATION by Jennifer K. Welsh filed by USA as to Omar Morales Colon, Roque Valdez, Mohamed Aviles Camberos, Shakira Martinez, Zemi Property Management (Welsh, Jennifer) (Entered: 04/11/2023) |
| 04/11/2023 | 725 | MOTION to Stay *of Order of Forfeiture Pending Appeal* by Omar Morales Colon. (Attachments: # 1 Text of Proposed Order)(Bateman, Janet) (Entered: 04/11/2023) |
| 04/12/2023 | 726 | ORAL ORDER: Defendant Omar Morales Colon has asked me to stay forfeiture proceedings pending appeal. D.I. 725 . If the government wishes to respond, I ORDER it to do so by April 26, 2023. Signed by Judge Stephanos Bibas on 04/12/2023. (etg) |

at 8:30 tomorrow.  We'll be working on finishing up the jury instructions.  If we have it done before tomorrow, we'll let you see them.  Otherwise, we'll get them to you as soon as we have them again.  I don't expect any substantive changes to what we submitted, just maybe some stylistic things.

And hopefully we'll begin with the jury close to 9:00 o'clock tomorrow.

All right.  Have a good rest of the afternoon. Thank you very much.

(Proceedings recess at 12:16 p.m.)

*      *      *

(Proceedings reconvened after recess at 3:19 p.m.)

THE COURT:  Good afternoon.

Let me say a few things.  I just want to at least update the record.

It is 3:20 p.m. now.  Our last status conference concluded, I think about 12:20 p.m., so about three hours ago.

Ms. Chavar e-mailed us around 1:50 p.m. to advise that she had just learned that yesterday Mr. Colon's daughter filed a complaint with the ODC and our Delaware Supreme Court.

Shortly after our last conference concluded, the ODC issued a letter dismissing that complaint but also referring it to this court and to the Disciplinary Board of Pennsylvania Supreme Court.

807

Evidently, this was the first Ms. Chavar knew of that complaint.  In her email to us, she indicates the complaint gives rise to serious conflict between her and Mr. Colon which she would like to address with me, and so that's what brings us here.

Ms. Chavar, why don't we start with you?  I do want to ask, before you turn to the ODC issue, whatever you want to say, update me what happened after 12:20 with respect to you and Mr. Colon.  Did you continue to meet? Did things continue to go well?

MS. CHAVAR:  I went downstairs.  I informed him that I had just learned about this complaint and that I think it's a serious complaint, and that I would like to confer with a lawyer or the Office of Disciplinary Counsel, and let Your Honor know that, let Your Honor know that I believe there is a conflict due to this.

I put a phone call in to the -- and then I left after that.

Should I go further?

THE COURT:  Well, I guess.  So would it be fair to say things were going fine between you and Mr. Colon before you learned of the ODC complaint?

MS. CHAVAR:  Yes.  Yeah, I mean, I was truthful what I represented to you at noon.

THE COURT:  And I wasn't suggesting you weren't.

119.

APPX1119

808

MS. CHAVAR:  I'm sorry.

THE COURT:  It's just because there was potentially up to an hour and-a-half after we broke and when you learned about the complaint.

MS. CHAVAR:  Oh.  Then I apologize.  Then my email was misleading.

I -- after Mr. Colon left, and he was here for a little while, getting some paperwork that we wanted to discuss, I sat down to fill out the transcript purchase order form, and an email popped through.

It was -- the timing of the email was 12:03, so literally when I was addressing Your Honor, this email was coming through.

THE COURT:  So there was no further opportunity for you and Mr. Colon to talk about the case.

MS. CHAVAR:  No.

THE COURT:  Okay.  Understood.

All right.  Then go right ahead with whatever else you would like to say.

MS. CHAVAR:  This is a very serious allegation.  And I'm angry.

You know, I now will have to hire a lawyer and pay attorney fees.  I also think that I have to let the CJA panel, the head of the CJA panel that I'm on, I have to advise them of that.  I'm not sure of that, but I think I do.

120.

APPX1120

to his own statements in court yesterday, his daughter's Delaware ODC complaint filed yesterday morning, which on its face says it's filed on his behalf, and also based on the timing of his wife's evident discovery and effective disclosure of Ms. Chavar's administrative suspension, all on top of and also due to his history with respect to two other court-appointed attorneys.

I am also going to grant what I understand to be Ms. Chavar's motion to withdraw as counsel based on her serious conflicts of interest, conflicts that I find were created by and/or on behalf of and attributable to Mr. Colon.

Those conflicts and their creation and the timing of their creation have contributed to my finding that Mr. Colon has waived by conduct his right to counsel.

I also hereby appoint Federal Public Defender's Office for the very limited role to serve as standby counsel until the conclusion of this trial.

And as I also reiterate, and as I found yesterday, this trial is going forward tomorrow. And I will take this occasion now as part of my remarks to explain why that is.

Yesterday, I resolved the CLE issues and I explained why I believe that the de minimis defect in Ms. Chavar's Pennsylvania bar membership, which led to an administrative suspension that all of us, including her,

121.

APPX1143

832

only became aware of during this trial, did not at that time prevent Ms. Chavar from continuing to represent Mr. Colon and did not prevent me from proceeding with this trial. I analyzed the CLE issue as the parties requested. I did it under the District of Delaware's Local Rules, the Model Rules of Professional Conduct and the Sixth Amendment.

I also explained at the end of the day yesterday that this trial is going to go forward, although we would not bring the jury in today, which among other things was intended to give Ms. Chavar and Mr. Colon time to spend together today to prepare for presumably cross-examination of the government's last two witnesses or three witnesses and to prepare, prepare whatever defense there is going to be and prepare for closing arguments.

I also made clear at that time yesterday to Mr. Colon that he had two options: He could cooperate with and communicate with Ms. Chavar and thereby, if he chose, hopefully he will continue to be represented by her or he could choose to exercise his right to represent himself.

I also advised him he was at risk of waiving by conduct his right to counsel. This was not the first such warning I gave him. And I also told him that I did not think it would be wise for him to represent himself, and this too was not the first time I had told him that either.

Given that it was, I think, around 5:30 at that

122.

APPX1144

833

point yesterday, I did not take the time to put my detailed thoughts in the record about why I had reached those conclusions, but I do want to do so now, and I will also talk about the things that have happened today.

In my view, what happened yesterday was that Mr. Colon attempted to take advantage of the CLE issue by engaging in yet another attempt to prevent the Court from fulfilling its duty to carry out the judicial process.

How did we get to that point?

As we'll all, I think, recall, in attempting to determine how to resolve the CLE issue, I thought it appropriate to inquire into Mr. Colon's views.

The government supported me in undertaking this inquiry.

Mr. Colon used that opportunity to raise numerous complaints and allegations about Ms. Chavar, most of which had very little to do with the CLE issue itself.

Mr. Colon complained that he does not like or at least did not like Ms. Chavar's strategy.

He complained she did not communicate with him as much as or in the manner he likes.

He complained about the timing about which she shared discovery and Jencks material with him.

He complained she won't call all the witnesses he wants or ask all the questions he wants.

123.

APPX1145

834

These are all matters devoted to the professional judgment of Ms. Chavar as the attorney.

Nothing about them, besides having nothing to do with the CLE issue, nothing about them was indicative of any conflict of interest or constitutional ineffectiveness.

Mr. Colon said, at least at some point yesterday, that he did not want Ms. Chavar's representation, but the law is clear, as I have explained to him before, that while he has the right to constitutionally effective counsel, he does not have the right to counsel of his choice.

Mr. Colon alleged that some time ago Ms. Chavar made a false statement to the Court.

I have no basis to credit that allegation.

As I want to reiterate, very little of what Mr. Colon said yesterday had anything to do with the CLE issue.

He did, he did say something like this, I think as part of an effort to link the CLE issue to his comments, something to the effect of:  If Ms. Chavar is not aware of her duties regarding licensing and maintaining her professional status, how can she be effective in representing him?

I'm not persuaded by Mr. Colon's logic.  If, as it seems, Ms. Chavar perhaps failed by perhaps half a credit to complete her CLE requirements and/or failed to turn in

124.

APPX1146

all of the required paperwork, if that happened, that is certainly regrettable, but I have seen her in court in connection with this case and many others, and I have seen her perform in an effective -- in an effective, so, "a", the word is "an," space, effective. I have seen her perform in an effective and competent manner, including throughout this case.

Whatever failures there may have been with respect to the Pennsylvania bar are not in my view correlated whatsoever with any constitutional ineffectiveness.

Mr. Colon went on to complain Ms. Chavar, in his view, is not prepared and is forgetful and has exhibited erratic behavior.

I have seen none of this during this trial. It has appeared, instead, through the end of the day yesterday, so to include the pretrial conference, to include jury selection Friday, to include all day Monday and Tuesday together, it appeared throughout all of that that Mr. Colon and Ms. Chavar seemed to be working well together.

Certainly, I saw her appear to confer repeatedly with him. At times, she seemed to come back and continue an examination after conferring with him and perhaps getting some thoughts and comments or even suggestions from him. So I have noticed none of the alleged forgetfulness, erratic behavior or lack of preparation.

APPX1147

836

Mr. Colon made reference yesterday to his wife, Ms. Martinez, who is also his codefendant on charges that have been severed for later trial.

I think maybe, but it's not clear, he was suggesting maybe Ms. Martinez is going to be or was going to be a defense witness and maybe because Ms. Martinez is the person who seems to have discovered the long public fact about the administrative suspension, that maybe that created a conflict for Ms. Chavar, that she might be resentful and not able to examine Ms. Martinez because of her role in how the CLE issue came to light.

As of yesterday, I did not believe that that created any conflict of interest that would disqualify Ms. Chavar from continuing to represent Mr. Colon in the remainder of his trial.

First, I don't even know if that is what Mr. Colon was saying. If he was, I don't know that Ms. Martinez is going to be a witness or would have been a witness. I certainly don't know if she had anything material to say.

I also was not convinced as of yesterday that Ms. Chavar couldn't put aside whatever feelings she had towards Ms. Martinez and done an effective examination.

But the offense of today, the ODC complaint and our discussion about it, I do think at this point creates a

126.

APPX1148

conflict given what Ms. Chavar has said. And I am doubtful that at this point she could or that I should ask her to try to put on testimony from Ms. Martinez under the circumstances as they have evolved today.

But the important point to me is any conflict between Ms. Chavar and Ms. Martinez is a conflict created by Mr. Colon's family under extremely suspicious timing.

I do not believe that a defendant can, during a trial, after a jury is impaneled and after the government has presented the bulk of its evidence, can create conflicts for the defendant's attorney and then effectively ask for substitute counsel and effectively ask for a mistrial.

If it's possible for a criminal defendant to do that, that would be a terrible loophole in our trial process and would allow a defendant to utterly manipulate the system. I am not going to be a party to that.

Many of the things Mr. Colon said yesterday were intended, I believe, to create a conflict of interest, to demean and humiliate Ms. Chavar in an effort to persuade her to say she could not continue with her representation.

The ODC complaint which was filed yesterday, but which we learned of today, echoes this and I believe is part of the same effort.

Of the many charges made by Mr. Colon and his daughter in the ODC complaint, perhaps the most egregious

838

is the reference to alleged substance abuse, a charge that Mr. Colon, yesterday in open court and then through his daughter in yesterday's ODC filed complaint, made, as best as I can tell, with absolutely no foundation.

I can say the same about the comments about being erratic and forgetful and unprepared. I think they're part of a campaign to create a conflict of interest and to intimidate Ms. Chavar from wanting to and being able to effectively proceed, and therefore to try to get me to stop this trial.

In the context of this case and how and when these complaints arose, and especially given the long pattern of how Mr. Colon has undermined the relationships he had with two prior appointed counsel, again leads me to believe that the intent behind all of this was to get Ms. Chavar to change her mind.

And in that regard, it is important. A lot has happened in the last two days but the record will show that in the early part of the afternoon yesterday, Ms. Chavar was ready to proceed, notwithstanding the ODC issue. That is, she did not feel she had a conflict of interest, she felt she was prepared and could be effective representing Mr. Colon.

Then he got up, said all the things he said, and she said, understandably in light of those statements, I

128.                                    APPX1150

can't move forward with representing him.

I then said she is still part of this case, gave her and Mr. Colon today to try to work things out, to prepare for the rest of the case. And happily as of 12:00, 12:30, things seemed to be fine and Ms. Chavar said again she could go forward.

Then minutes later, she learned about the complaint with ODC that was filed yesterday, that -- but only came to be known to Ms. Chavar today.

That is substantive. It's a confidential document, but I think you have all seen it at this point, and substantively it makes the same allegations in effect that Mr. Colon made himself in open court yesterday, including the substance abuse claim.

And after learning of that, Ms. Chavar says again she can't go forward and she has a serious conflict of interest.

So I think that was the intent. I think that is a pattern. And I firmly believe the law does not permit a defendant to actively work to create conflicts with his attorney during the trial and then argue he is entitled to a new attorney and a mistrial and a delay in a verdict that would all necessarily result were I to do anything other than to go forward with this trial.

So all of this factored heavily into my decision

129.

APPX1151

840

yesterday in concluding the trial must go forward.

Related to all that, and I have touched on it some, but I want to say a little bit more, is the timing with which all of this has arisen.

After many, many delays, this trial began with jury selection last Friday. Approximately 80 citizens spent time in this building during the pandemic willing to serve. We then began trial with opening statements and evidence on Monday morning -- after, by the way, about an hour of delay, for me to deal with a defense continuance request.

But for the CLE issue, the government I believe would have rested its case around midday yesterday, which was Wednesday, and the defense case, assuming there is one, would likely I think probably have concluded yesterday as well. Had the CLE issue not arisen, the jury may have had this case and started deliberations by some time late yesterday or by this morning.

Instead, for reasons I explained late yesterday, and are clear from the record, we lost all day yesterday with the jury and I decided we should give the jury today off as well to give the defense time to prepare for trial.

These issues arise not on the eve of trial; we were on the eve of this trial being completed.

Tremendous resources were devoted to getting the case to this point. Among many other things, as the

APPX1152

841

government points out, a cooperating witness who waited three years to testify has testified. He understandably wants to complete his cooperation and be sentenced.

As the government correctly said yesterday, the mistakes here are monumentally high.

The defendant has seen the government present the overwhelming majority of its case. It cannot be that Mr. Colon can rehash old complaints and relate the same meritless complaints he made against other attorneys; complaints which in my view lack credibility, particularly in light of the history here; and then make demeaning, humiliating comments about his attorney and thereby get a new attorney, a new trial, and make the government and all the rest of us start all over again.

Ending this trial, finding yet another attorney to appoint for Mr. Colon, and reconvening in what I think would be probably about six months from now, delaying justice for the cooperating witness, delaying justice for Mr. Colon on these charges, and none of us know what the verdict is going to be here, and requiring the government to prepare yet again for this trial would be a terrible outcome.

If Mr. Colon believes he can prove his allegations against Ms. Chavar, if he believes he can demonstrate that she has been constitutionally ineffective

APPX1153

in her representation, he will have opportunities following trial to make that case.

Additionally and importantly, I have no confidence, none, that if I were to appoint new counsel that these or very similar issues would not arise once again. That is, I believe firmly that these issues would happen all over again. We would be right where we are now, six months down the road, with a new lawyer, and a deteriorating relationship between Mr. Colon and counsel.

We went through this with Mr. Ortiz. We went through this with Ms. Cinquanto. We've now gone through it with Ms. Chavar.

We have a small defense bar. Mr. Colon has had three competent members of our CJA panel appointed for him. I see no good cause, nothing close it, for appointing a fourth member of that panel, especially when again I believe he would eventually end up here with that fourth attorney in essentially the same place we are.

Regrettably, I must add that my conclusion about all of this has only been further corroborated by the events of today, us all learning about the ODC complaint, and the discussions we've had about it, it all persuades me that Mr. Colon is part of a campaign to try to end this trial before it reaches a verdict.

So we learned of the ODC complaint today. I

132.

APPX1154

843

will make the record. After trial yesterday, there was a message for me that the Chief Disciplinary Counsel for ODC had called, indicated he had received some sort of complaint. No details.

I tried to call him back. There was no answer.

I spoke to Chief Disciplinary Counsel this morning and learned of the complaint, got a copy of the complaint, did not know whether Ms. Chavar knew about the complaint, and then the record was clear as to when she learned about it and the government learned about it.

I believe that it was filed on behalf of Mr. Colon. That's what it said on its face. Of course, it was not only filed by Ms. Colon but she says she was doing it on behalf of her father. She served as a conduit for him throughout this case, including recently.

As I noted, the substance of the allegations are very consistent with what Mr. Colon said to me yesterday, including the allegation of substance abuse.

Mr. Colon had every opportunity today to not just deny that he asked that it be filed, which he very clearly said he did not ask that it be filed, but to deny the allegations or to say he disagrees with those allegations. He has not done that. They're the same allegations he made himself. I believe he is making them to ODC through his daughter.

133.

APPX1155

844

Mr. Colon suggests maybe I need to have an evidentiary hearing and find out if Ms. Colon was acting on his behalf or at his direction.

I don't have time for an evidentiary hearing of that sort. We have already lost two full days with our jury. Now is not the time for an evidentiary proceeding into that matter.

Mr. Colon, himself filed a complaint against Ms. Cinquanto. This is part of his pattern as to what he does with appointed counsel.

Mr. Colon says, and he is right, we all have a right to file a complaint, but the timing here is awfully suspicious. It's part of a pattern, a pattern of consistently meritless complaints. And you don't, nonetheless, have a right to file a complaint with the purpose of intimidating or trying to undermine the judicial process.

The defendant may lose his right to counsel through waiver by conduct. I cite, among other things, United States v Wiggin (phonetic), 152 F.3d 237 at page 249 (Third Circuit 1998).

It says here, "The District Court has explicitly warned the defendant that he will lose his attorney if he engaged in misconduct. Any misconduct thereafter may be treated as an implied request to proceed pro se and thus is a waiver of the right by counsel." That

134.

845

is a quote from the *United States vs. Thomas*, 357 F.3d 357 at 362, (Third Circuit 2004).

Further support for those propositions in *United States vs. Goldberg*, 67 F.3d 1092 at 1099 (Third Circuit 1995)

I had warned Mr. Colon repeatedly including before Ms. Chavar was appointed that he could lose his right to representation by counsel through his conduct. This issue was on all of our minds including, I believe, Mr. Colon's when Ms. Chavar came into the case earlier this year.

Thereafter, he and regrettably his family have, especially during trial, engaged in what I believe is a campaign to create conflict with counsel, to undermine the relationship with counsel; and they have succeeded in intimidating her to the point where she says, for what I understand to be the first time in her lengthy career, that she cannot proceed.

I am excusing her as a result. And I am left with no options at this point other than to let Mr. Colon benefit from the campaign and undermine and succeed in undermining the entire judicial process and the efforts that have been invested to bring this case to conclusion or to go forward without defense counsel, appointing standby counsel, which I have done and will do and proceed towards the end of this case.

135.

846

To me, the latter option is far, far, far the better of the two. So that is what we're doing. That is my finding.

And I'll ask that the government let the Public Defender's Office know that I hope and expect that whoever it is that is here as standby counsel be here at 8:30 tomorrow.

I ask the marshals use their best efforts to bring the defendant to the courtroom by 8:30 tomorrow and we'll proceed from there. Ms. Chavar and Ms. Rossman are excused from any further work on this matter.

Anything that the government wants to say or ask?

MS. WELSH: Your Honor --

THE COURT: Yes.

MS. WELSH: -- I believe one of the wedge issues between the defendant and this and the prior counsel have been witnesses.

THE COURT: Have been?

MS. WELSH: Have been witnesses and calling witnesses. Now, Your Honor mentioned this in your remarks.

Ms. Martinez has been present for the entirety of this trial, except for today obviously, has been here every other day.

I don't believe that the plan was to call her,

136.                                    APPX1158

| 09/20/2021 | 421 | Letter to Judge Stark from AUSAs Cloud & Welsh regarding Proposed Order. (Attachments: # 1 Text of Proposed Order)(Cloud, Whitney) (Entered: 09/20/2021) |
| 09/20/2021 | 422 | PRELIMINARY JURY INSTRUCTIONS as to Omar Morales Colon (etg) (Entered: 09/20/2021) |
| 09/20/2021 | 423 | ORDER as to Omar Morales Colon regarding the government's Motion to Call Resident Agent-in-Charge as an expert. Signed by Judge Leonard P. Stark on 9/20/2021. (etg) (Entered: 09/20/2021) |
| 09/20/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Jury Trial as to Omar Morales Colon held on 9/20/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 09/21/2021) |
| 09/21/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Jury Trial as to Omar Morales Colon held on 9/21/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 09/22/2021) |
| 09/22/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Jury Trial as to Omar Morales Colon held on 9/22/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 09/23/2021) |
| 09/23/2021 | 424 | Letter to Judge Stark from AUSAs Cloud & Welsh regarding Counsel Status Correspondence. (Attachments: # 1 Exhibit A) (Welsh, Jennifer) Modified on 9/23/2021 - Exhibit A replaced with redacted version (etg). (Entered: 09/23/2021) |
| 09/23/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Jury Trial as to Omar Morales Colon held on 9/23/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 09/24/2021) |
| 09/24/2021 | 425 | ORDER: IT IS HEREBY ORDERED that Dina Chavar, Esquire is granted leave to withdraw as counsel for the Defendant. IT IS FURTHER ORDERED that Eleni Kousoulis, Esquire, from the Office of the Federal Public Defender for the District of Delaware is hereby appointed as stand-by counsel until further order of the Court. Signed by Judge Leonard P. Stark on 9/24/2021. (etg) (Entered: 09/24/2021) |
| 09/24/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Jury Trial as to Omar Morales Colon held on 9/24/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 09/27/2021) |
| 09/27/2021 | 426 | FINAL JURY INSTRUCTIONS as to Omar Morales Colon (etg) (Entered: 09/27/2021) |
| 09/27/2021 | 427 | FINAL VERDICT SHEET as to Omar Morales Colon. (etg) (Entered: 09/27/2021) |
| 09/27/2021 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Jury Trial as to Omar Morales Colon held on 9/27/2021 (Court Reporter B. Gaffigan.) (etg) (Entered: 09/28/2021) |
| 09/27/2021 | 428 | SEALED JURY VERDICT as to Omar Morales Colon: Guilty on Count 1ss,4ss. Not Guilty on Count 2ss,3ss. (etg) (Entered: 09/28/2021) |
| 09/27/2021 | 429 | REDACTED VERSION of 428 SEALED JURY VERDICT as to Omar Morales Colon. (etg) (Entered: 09/28/2021) |
| 09/27/2021 | 431 | PRELIMINARY JURY INSTRUCTIONS ON CRIMINAL FORFEITURE OF PROPERTY as to Omar Morales Colon (etg) (Entered: 09/28/2021) |
| 09/28/2021 | 430 | STATUS REPORT *and Motion for Video Status Conference (Joint)* by USA as to Omar Morales Colon, Shakira Martinez (Cloud, Whitney) (Entered: 09/28/2021) |

137.

APPX0088

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,                    :

              Plaintiff,                 :

                v.                     :        Criminal Action No. 17-47-LPS

                        :

OMAR COLON MORALES,                          :

              Defendant.                 :

## MOTION FOR APPOINTMENT OF COUNSEL

Now comes Defendant Omar Colon Morales, pro se, hereby respectfully request that this Court appoint counsel to represent the Defendant in this matter.

Trial for counts V-XVI of the Second Superseding indictment are scheduled to commence on April 18, 2022. Trial is anticipated to be between three-to-four-weeks long. Defendants' motions in limine are due on or before March 17, 2022. Defendant faces substantial charges. Litigation for these charges is procedurally complex and will require the assistance of experts either in framing or presenting a defense. Self-representation exceeded Defendant's abilities. Lacking access to a law library, unable to readily obtain certain records, ambiguousness of understanding the charges against him the defendant is ill-equipped to litigate this complex matter. In this complex matter jury selection, conducting cross examinations, direct examinations, delivering compelling opening statements and closing arguments will be crucial to the defendant's defense.

Another vital part of the defendant's defense is motions in limine. Limine motions allow the court to avoid the presentation of potentially prejudicial questions, irrelevant evidence and inappropriate arguments and objections. An in limine motion can preclude reference to evidence, prohibit reference to certain matters or laws, or otherwise clarify what is "in and out of bounds" insofar as legal argument.

Motions in limine are a commonly used tool for raising evidentiary issues relating to expert witnesses. Motions in limine concerning expert witness testimony, which are known as Daubert motions, can seek to limit or exclude expert testimony that is not supported by sufficient facts or data, not based on reliable principles or methods, or not relevant to the issues on trial. While the potential topics of motions in limine are virtually without limit and will vary greatly depending on the specific evidentiary issues in this case, the defendants lack of legal knowledge will preclude him from filling adequate motions to litigate this complicated case.

138.

APPX1220

Unlike the defendant, the Government has a wealth of resources at its disposal, including numerous attorneys, investigators, paralegals in the United States District Attorney's Office to assist in this prosecution, as well as law enforcement. In light of this disparity, Defendant respectfully request this Court to reconsider its pervious decision to remove counsel and appoint counsel.

Wherefore, Defendant Omar Colon Morales respectfully requests that this Court approve his Motion and appoint counsel.

Respectfully submitted,

Omar Colon Morales #08929-015
FDC Philadelphia
Federal Detention Center
P.O. Box 562
Philadelphia, PA  19105
Pro se Defendant

Date: January 11, 2022

139.

APPX1221

Case 1:17-cr-00047-SB   Document 786-1   Filed 03/16/26   Page 141 of 174 PageID #:
11799
Case 1:17-cr-00047-SB   Document 505   Filed 01/11/22   Page 3 of 4 PageID #: 3708

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,  :

      Plaintiff,  :

      v.  :      Criminal Action No. 17-47-LPS

    :

OMAR COLON MORALES,  :

      Defendant.  :

## ORDER

AND NOW, TO WIT, this_____day of January, A.D., 2022, having considered Defendant Omar Colon Morales' motion for appointment of counsel,

IT IS HEREBY ORDERED THAT:

The Defendant's motion for appointment of counsel is Granted.

 

                                _____
                                HONORABLE LEONARD P. STARK
                                UNITED STATES DISTRICT JUDGE

/ 40.

## Certificate of service

I, Omar Colon Morales, hereby certify that a true and correct copy of the within Motion was served upon the following via ECF.

U.S. Department of Justice
United States Attorney's Office District of Delaware
Jennifer Welsh
Whitney Cloud
Hercules Building
1313 N. Market Street
P.O. Box 2046
Wilmington, DE  19801

Respectfully submitted,

Omar Colon Morales #08929-015
FDC Philadelphia
Federal Detention Center
P.O. Box 562
Philadelphia, PA  1910
Pro se Defendant

Date: January 11, 2022

141.

APPX1223

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 17-47-LPS-1 |
| | ) | |
| OMAR MORALES COLON, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO COLON'S MOTIONS FOR DISCLOSURE OF INFORMANTS AND APPOINTMENT OF COUNSEL**

Defendant Omar Morales Colon's latest requests to the Court seek to undo situations of his own making. First, Colon requests premature disclosure of government testifiers (D.I. 497). While he is entitled to this information prior to the trial on his money laundering charges set for April 2022, he is not entitled to it three months in advance. Second, Colon requests that the Court reconsider its ruling during trial that he had waived his right to representation by conduct. But nothing can give the Court confidence that Colon would treat new counsel any differently than he has the past three court-appointed attorneys, a pattern of verbal abuse, humiliation, and conflict that ultimately resulted in waiver. The Court should deny the confidential informant disclosure motion as premature, and the Court should deny the request for counsel as already resolved.

I.      **Disclosure of Government Testifiers Is Premature**

Colon asks this Court to order the government to disclose the identity of individuals who will testify at his trial as to his drug distribution conduct between 2009 and 2017. He demands this disclosure despite repeatedly asserting he knows who the government informants are and publicly taking guesses at their identities.

The government agrees that Colon has a right to know the identity, review prior statements, and receive *Brady* and *Giglio* information of government testifiers prior to trial. However, the

142.

APPX1224

government asserts its right to protect such information until several weeks prior to trial, as it did with the first trial that proceeded in September 2021. Consistent with the first trial, the government will commit to disclosing the identities, criminal histories, and statements of testifying witnesses two weeks prior to trial, on or before April 4, 2022.

The Court has a duty to ensure that the defendant receives Brady material in a timely fashion to ensure the defendant's due process right to a fair trial.[1] *United States v. Higgs*, 713 F.2d 39, 43 (3d Cir. 1982). But the timing of that disclosure must be balanced against other factors, particularly where informants or cooperators are involved. Specifically, because the government has a limited privilege to withhold the identity of a confidential informant from disclosure, *Roviaro v. United States*, 353 U.S. 53 (1957), Brady material that implicates disclosure of an informant's identity can occur days before trial. *See e.g. United States v. Beckett*, 889 F. Supp. 152, 154 (D. Del. 1995) (Robinson, J) (permitting disclosure of informant identities one week before trial). "No denial of due process occurs if Brady material is disclosed in time for a defendant's effective use at trial." *Higgs*, 713 F.2d at 44. The Third Circuit has upheld disclosure of testifying cooperators/informants approximately three days before trial. *United States v. Nazario*, 748 F. App'x 479, 481 (3d Cir. 2018) (unpublished); *United States v. Bashir*, 738 F. App'x 743, 750 (3d Cir. 2018) (unpublished). The *Giglio* protections designed to ensure effective cross-examination of government witnesses require even less notice; courts have found them satisfied "as long as disclosure is made the day that the government witnesses are scheduled to testify in court." *Higgs* at 44.

---

[1] Although the government does not concede that disclosing the testifiers and their prior statements will necessarily qualify as *Brady* material, in an abundance of caution, the government proposes that the Court order disclosure as early as necessary to allow the defendant to make effective use of material that he may believe to be exculpatory, balancing the defendant's right to a fair trial with the harm premature disclosure may bring.

APPX1225

Even with Colon's asserted challenges of having to investigate a case that has been pending against him for years, his early access to the identities and prior statements/impeaching information of those testifying against him must be balanced against the need to preserve those testifiers' safety. As the government has asserted, several individuals who were originally amenable to testifying against Colon over the years have backed out of intended testimony due to safety concerns. And even supposing Colon himself was not the genesis of such safety concerns, his indiscretion in naming multiple believed cooperators in public filings and open court[2] proves that he could not be relied on to safeguard sensitive cooperator information from others.

To the extent that Colon is claiming that he has a pretrial right to disclosure of informant identities for the purpose of challenging cause, this is incorrect. As this Court on multiple occasions has said, the time for asserting pretrial motions is past.[3] Colon's prior court-appointed counsel attacked multiple aspects of his case, including the wiretap (on no less than three occasions), the searches of various storage units or homes, and the inconsequential use of a cell-site simulator. And specific to the wiretap, prior counsel had access to multiple prior statements of the 2010 confidential source, including a transcript of a meeting between Colon and that source; this transcript was discussed during the wiretap hearings. The time to challenge the indictment as insufficient regarding specified unlawful activity was 2019, or even 2020.[4]

---

[2] *See, e.g.,* D.I. 497; Tr. of May 27, 2021 Status Conference at 15:23-25.

[3] *See, e.g.,* D.I. 237, Oral Order; Tr. of May 27, 2021 Status Conference at 5:18-22.

[4] The government disagrees with Colon's assertion of inconsistent positions regarding an informant who provided information as to Colon's drug-dealing activity in 2010. At the time of the government's response to the Motion to Compel in December 2017, Colon had only been charged with drug distribution and conspiracy from 2016-2017. Any informant who discussed his activity seven years' prior, which may have contributed to some of the cause supporting the wiretap affidavit for an investigation in 2017, was functionally more of a tipster, protected by the *Roviaro* privilege. *See, e.g., United States v. Jiles,* 658 F.2d 194, 197-98 (3d Cir. 1981).

APPX1226

For all of these reasons, the government asks that the Court order the government to disclose the identity and *Brady/Giglio* information no sooner than April 4, 2022.

## II.      The Defendant's Right to Counsel Remains Waived

Colon next asks this Court to reconsider its prior holding deeming Colon's right to counsel waived by conduct. *See* Sept. 23, 2021 Transcript pp. 830-831. There is no basis for doing so.

Colon's waiver of right to counsel was not a decision the Court made lightly. With respect to Colon's inserted conflicts with two prior defense attorneys, the government invoked the principle of waiver by conduct, but was often at an information disadvantage to know precisely what had transpired between Colon and prior counsel.[5] The Court explicitly warned Colon, during an August 2020 status hearing and in a May 2021 memorandum opinion, that he could waive his right to counsel through his conduct.[6] The Court and the government again warned Colon at the start of the final counsel's appointment in May 2021.[7] Colon's pattern of engendering conflict

---

Following Colon's arrest in May 2017 for the criminal conspiracy to distribute cocaine, the government investigation continued into money laundering activity; the government superseded the indictment to reflect this money laundering activity in May 2018 and finally in August 2018. The individuals who will testify to Colon's criminal activity from 2009 through 2017 are not tipsters.

[5] *See* D.I. 286 at p.5 (Gvmt Letter of 7-29-20) (discussing waiver by conduct and the government's ignorance regarding what transpired during *ex parte* proceedings on representation matters); D.I. 343 at p.2 (again discussing waiver by conduct and limited information available to the government due to *ex parte* proceedings).

[6] According to the Court's Memorandum Opinion in May 2021, during the August 2020 status conference about representation, the "Court also explained to Colon that if he refused to cooperate with Ms. Cinquanto, he may forfeit or waive his right to counsel." D.I. 374 at p.4. The transcript of the August 2020 hearing is indeed replete with discussions (with Colon present) of waiver by conduct for refusal to cooperate with defense counsel. *See, e.g.,* D.I. 302 at pp. 22-23.

[7] *See* Tr. of May 27, 2021 at 4:6-10 (noting Ms. Chavar was Colon's fifth appointed attorney: "I have no expectation of appointing yet another attorney or continuing trial yet again."); id. at pp. 8-9 (government setting forth on the record its intent to seek waiver of right to representation if the relationship between Ms. Chavar and Colon broke down).

145.

APPX1227

with his attorneys culminated in September 2021, when his last-appointed counsel asked to be excused halfway through trial after being accused in open court and in a state licensing filing of unsubstantiated conduct incredibly deleterious to her reputation.[8]

There were good reasons for the Court to rule that Colon had waived his right to counsel and force him to proceed pro se during trial, and those reasons have not dissipated with the conclusion of the first trial and the advent of the second trial. To the contrary, at the October 2021 hearing, Colon himself asserted that he conducted his case better than any of his defense attorneys[9]: there is no reason to believe that he would hold any new court-appointed attorney in higher regard. It is Colon's unwillingness to work with defense counsel or to listen to any of their strategies that conflict with his beliefs about his case that has caused conflict time and time again, conflict which then erupts in unfounded accusations and often verbal abuse on Colon's part.

Appointing counsel at this point will fall into a predictable pattern. Counsel will ask for a delay of trial in order to fully get up to speed on the money laundering charges. There will be new requests for the discovery that has been produced likely a dozen times since the advent of the case. The parties may approach trial, but there will be some disagreement between Colon and counsel as trial approaches that will cause counsel to believe that they can no longer effectively represent Colon. And justice will be delayed.[10]

---

[8] *See* Trial Tr. from September 23, 2021 at p. 809, p. 829; *see also id.* at 837 ("Many of the things Mr. Colon said yesterday were intended, I believe, to create a conflict of interest, to demean and humiliate Ms. Chavar in an effort to persuade her to say she could not continue with her representation.").

[9] *See* Tr. of October 25, 2021 Status Conference at 8:6-18.

[10] The Court, too, has recognized this pattern. "Additionally and importantly, I have no confidence, none, that if I were to appoint new counsel that these or very similar issues would not arise once again. That is, I believe firmly that these issues would happen all over again. We would be right

146.

APPX1228

Case 1:17-cr-00047-SB    Document 786-1    Filed 03/16/26    Page 148 of 174 PageID #:
11806
Case 1:17-cr-00047-SB    Document 506    Filed 01/19/22    Page 6 of 7 PageID #: 3716

It would benefit the government, the Court, and the defendant for an attorney to assist the defendant at the money laundering trial.  But the days for optimism about the defendant's ability to make it through a trial represented are behind us, and the fault lies solely with the defendant. The government asks that the Court deny Colon's motion for representation and sustain its holding that he has waived his right to counsel by conduct.

For the foregoing reasons, the government asks that the Court deny Colon's motion to order the disclosure of cooperators' identity and information as premature (D.I. 497), and to deny Colon's motion to appoint new counsel as waived (D.I. 505).

Respectfully submitted,

DAVID C. WEISS
United States Attorney

By: /s/ Whitney C. Cloud
Jennifer K. Welsh
Whitney C. Cloud
Assistant United States Attorneys

Dated:  January 19, 2022

---

where we are now, six months down the road, with a new lawyer, and a deteriorating relationship between Mr. Colon and counsel." *See, e.g.*, Trial Tr. from September 23, 2021 at 842.

147.

APPX1229

Case 1:17-cr-00047-SB   Document 786-1   Filed 03/16/26   Page 149 of 174 PageID #:
11807
Case 1:17-cr-00047-SB   Document 508   Filed 01/19/22   Page 7 of 7 PageID #: 3717

## CERTIFICATE OF SERVICE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 17-47-LPS-1 |
| OMAR MORLAES COLON, | ) |
| | ) |
| Defendant. | ) |

I, Whitney Cloud, Assistant United States Attorney, hereby certify that on January 19, 2022, the foregoing motion, GOVERNMENT'S RESPONSE TO COLON'S MOTIONS FOR DISCLOSURE OF INFORMANTS AND APPOINTMENT OF COUNSEL, was filed with the Clerk's Office of the District Court for the District of Delaware via CM/ECF and by causing two copies of said document to be to be placed in a postage prepaid envelope, placed in the United States Mail, and addressed to defendant, pro se, as follows:

> Omar Morales Colon
> Reg No. 08929-015
> Federal Detention Center
> P.O. Box 562
> Philadelphia, PA   19105

And a copy of the foregoing motion was served electronically via CM/ECF upon the below noted attorney:

> Janet Bateman
> Janet_bateman@fd.org

> _/s/ Whitney Cloud_____

148.

APPX1230

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,           :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :        Criminal Action No. 17-47-LPS
                                    :
OMAR COLON MORALES,                 :
                                    :
        Defendant.                  :

### REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF INFORMANTS AND APPOINTMENT OF COUNSEL

I.      Brady Material

The government should be ordered to produce Brady material immediately[1]. Although the government has acknowledged awareness of its obligations under Brady and has agreed to comply with those obligations, their proposal to disclose on or before April 4, 2022, creates an unduly delay.

"It is well-settled that the government's obligations under Brady v. Maryland, 373 U.S. 83 (1963) require it to disclose actual exculpatory evidence without undue delay." United States v. Mais, 2006 WL 3308429, at *3 (W.D. Pa. Oct. 30, 2006) (citing United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983)). Certainly, in United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) the Third Circuit "affirm[ed] [its] longstanding policy . . . to ensure prompt compliance with Brady" and "flatly reject[ed] the notion, espoused by the prosecution, that 'it is the government, not the district court, that in the first instance is to decide when to turn over Brady material.'"

The Court has inherent authority to order criminal discovery before trial. See, e.g., U.S. v. Nobles, 422 U.S. 225, 231 (1975). According to the government The Third Circuit finds that disclosure of testifying cooperating/informants three days before trial is the standard. In support the government cites two unprecedented cases. However, in United States v. Delisser, Criminal No. 10-82 (DMC) (D.N.J. Mar. 8, 2011) at *5 "given the imminency of impending trial date, the Court sees no reason to delay the production of these materials." In U.S. v. Musto, Civil Action No. 3:10-CR-338 (M.D. Pa. May 24, 2011) at *7 "in the interest of fairness and to prevent undue delay, the Court will order the prosecution to release any Brady\Giglio material no later than

---

[1] Defendants' request for Brady material includes disclosures due pursuant to Giglio v. United States, 405 U.S. 150 (1972). See United States v. Maury, 695 F.3d 227, 249 (3d Cir. 2012) (Giglio material is a form of Brady material)

149.

APPX1231

seven (7) days before the commencement of trial." Likewise in United States v. Wolff, Criminal No. 11-719 (FSH) (D.N.J. Feb. 20, 2013) at *13 "the Court found that the complexity of the case warranted disclosure of Giglio material 45 days in advance of trial, and indicated it would take under consideration Defendant's request for disclosure further in advance of trial."

The defendant has disclosed the name of two government witnesses in open court, although the government refuses to confirm or deny defendants claim, the government attributes one informant's involvement in its case was merely for the purposes of establishing probable cause for its investigation. Defendants' disclosure was solely for the preparation of trial. The disclosure in open court came with no reprisal or harm to any government witnesses. Confidential informant and or cooperating witnesses are bound by rules set forth in their plea and cooperation agreement[2], in which they are to attend all meetings, grand jury sessions, trials, and other proceedings at which their presence is requested by the government or compelled by subpoena or court order. Essential the government recommends a reduction in sentence in return for their testimony. The notion that they no longer wish to testify after leniency was granted for safety reasons is preposterous. Equally absurd, is the notion that individuals previously amenable to testifying against the defendant have backed out due to safety concerns. Prior to agreeing to testify, these individuals understood that their testimony in open court would be public. They understood they would see the defendant in court and be subject to cross examination by the defense attorney. Considering these factors and many more they still agreed to assist the government, without any safety concerns. Therefore, years later to assert their decision to no longer testify is predicated on safety concerns is flawed. The defendant is not seeking the disclosure for the purpose of filling pre-trial motions[3], but for the preparation of trial scheduled for April 18, 2022.

Due to the complexity of this case, nine years of investigation, nearly ten years of financial records, real estate records from dozens of sources, and more than a dozen government civilian witnesses, anything other than immediate production of Brady material would serve no purpose other than to prevent defendants' proper preparation of a defense, in defiance of the Third Circuit's entrenched policy of favoring "early production" of Brady materials, "without undue delay" and "in time for its effective use at trial." Higgs, 713 F.3d at 44. See also United States v. Mariani, 7 F. Supp. 2d 556, 563 (M.D. Pa. 1998) ("[E]xculpatory evidence may require additional investigation and research to establish the innocence of an accused . . . . Therefore,

---

[2] Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence. U.S.S.G. § 5K1.1 upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

[3] Defendants motion to disclose the identity of confidential informants, pg. 2 paragraph 3. "the disclosure is now of crucial importance to the defense, in that the case as it now appears will consist in large part of confidential informants' testimony and/or statements."

150.

exculpatory evidence should be produced well before a trial.") Accordingly, defendants respectfully request that the government be ordered to produce immediately to defendant all presently-known Brady material.

II.    Defendants Appointment of Counsel

Although this Court and the Government believes the defendant intentionally created a conflict of interest, and humiliated Ms. Chavar intentionally in hopes she would not continue her representation, the defendant disagrees.

The defendant has a constitutional right to defend himself. Creating a conflict of interest with counsel is not a requirement that has to be met in order for the defendant to assert his right to proceed *pro se*. On August 4, 2021, an *ex parte* letter was sent to the Court, not requesting new appointment of counsel, or creating a conflict of interested with Ms. Chavar, but notifying the Court of a concern. As previously stated, the ODC complaint filed against Ms. Chavar was not orchestrated by the defendant. After finding out the complaint had been filed, I apologized multiple times to Ms. Chavar[4], and asked her what could be done to remedy the matter. If the intention was to create a conflict, my actions would have been different, no apology would have been extended to Ms. Chavar, and I would not have asked Ms. Chavar what could be done to repair the damage that was unfortunately already done. If I wanted to file a complaint against Ms. Chavar, I could have, the Court is aware that I have personally filed a complaint with ODC in the past[5].

Even though I strongly disagreed with the Courts rushed ruling to continue trial after being notified that Ms. Chavar license had been administratively suspended since March 2021, prior to returning to FDC I was able to discuss the suspension with co-counsel Ms. Rossman and after the conversation I understood that this matter was an issue for appellate court and that it was in my best interest to continue with Ms. Chavar's representation. I adhered to the advice of co-counsel Ms. Rossman and decided to continue with the representation of Ms. Chavar[6].

Acknowledging, the Court and Government believe my ill conduct is in intentional and purposefully designed to create a delay in justice, I can assure both parties it is not. My determination to prove my innocence will not enable me to accept a muted defense, hence fight-or-flight is my only approach. As stated in defendants' motion for appointment of counsel, this intricate case far exceeds my abilities. A skilled attorney requires months of preparation for a trial of this complexity. I do not possess the expertise to prepare motions, conduct cross-

---

[4] See September 23, 2021, trial transcript volume E pg. 801 line 8-15
[5] See September 23, 2021, trial transcript volume E pg. 823 line 3-8
[6] See September 23, 2021, trial transcript volume E pg. 801 line 9-17 "I feel confident that Mr. Colon and I can go forward with the trial tomorrow and complete it."

151.

APPX1233

amination, prepare witnesses for testimony, determine what exhibits should be presented, and any other intricacies that go into trial preparation.

For these reasons, Defendant askes the Court to grant motion to disclose the identity of confidential informants and grant Defendant's motion for appointment of counsel.

Respectfully submitted,

<u>Omar Colon Morales #08929-015</u>
FDC Philadelphia
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105
Pro se Defendant

Date: January 28, 2022

152.

APPX1234

## Certificate of service

I, Omar Colon Morales, hereby certify that a true and correct copy of the within Motion was served upon the following via ECF:

U.S. Department of Justice
United States Attorney's Office District of Delaware
Jennifer Welsh
Whitney Cloud
Hercules Building
1313 N. Market Street
P.O. Box 2046
Wilmington, DE  19801

Respectfully submitted,

Omar Colon Morales #08929-015
FDC Philadelphia
Federal Detention Center
P.O. Box 562
Philadelphia, PA  1910
Pro se Defendant

Date: January 28, 2022

153.

APPX1235

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|                              |   |                       |
|------------------------------|---|-----------------------|
| UNITED STATES OF AMERICA,    | : |                       |
| Plaintiff,                   | : |                       |
| v.                           | : | Crim. No. 17-47-LPS-1 |
| OMAR MORALES COLON,          | : |                       |
| Defendant.                   | : |                       |

## MEMORANDUM ORDER

Pending before the Court are three motions filed by Defendant Omar Morales Colon: a Motion for a Bill of Particulars (D.I. 483), a Motion to Disclose the Identity of Confidential Informants (D.I. 497), and a Motion to Appoint Counsel (D.I. 505).

Having carefully considered Colon's and the government's briefing in relation to all three motions (*see* D.I. 483, 492, 497, 505, 508, 513), and for the reasons given below, **IT IS HEREBY ORDERED** that Colon's Motions (D.I. 483, 497, 505) are **DENIED**.

**Motion for a Bill of Particulars**

Colon requests that the Court exercise its discretion to "direct the government to file a bill of particulars" under Federal Rule of Criminal Procedure 7(f). The Second Superseding Indictment sets forth multiple counts, but Colon's motion appears to focus only on Count V, which charges Colon with participating in a money laundering conspiracy that existed from November 2009 until May 6, 2017 and involved the proceeds of a conspiracy to manufacture and distribute controlled substances. (D.I. 96 ¶ 19) Colon seeks an order requiring the government to (i) disclose the identity and quantity of the controlled substances distributed from November 2009 to November 2016; (ii) disclose the identity of the controlled substances manufactured

154.

APPX1236

from November 2009 to November 2016; and (iii) identify the known co-conspirators involved with the manufacturing and distribution of the controlled substances and with the conspiracy to conduct unlawful financial transactions. (*See* D.I. 483 at 7)

"The purpose of [a] bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012). Where an indictment fails to perform these functions, a bill of particulars serves to "fill in the holes in [that] indictment." *N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 433 (3d Cir. 2016). However, a bill of particulars is not a discovery device and "is not intended to provide the defendant with the fruits of the government's investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985).

Here, the indictment provides sufficient information to allow Colon to adequately prepare his defense. It informs Colon that he is charged with violating 18 U.S.C. § 1956(a)(1)(B)(i), lists the elements of a violation under that statute, and specifies the time period during which the alleged violations occurred. *See United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012), *abrogated on other grounds by Rehaif v. United States*, 139 S. Ct. 2191 (2019). It also describes the conspiracy in detail, alleging that Colon, his wife, and others invested drug proceeds into enumerated real estate properties and explaining how those properties were purchased. (*See* D.I. 96 ¶¶ 20-30) When charging a conspiracy, the government need not precisely identify the roles of the defendant and his alleged co-conspirators, nor must it identify all of the overt acts it intends to prove. *See United States v. Boffa*, 513 F. Supp. 444, 485 (D. Del. 1980). Accordingly, the indictment is sufficiently specific.

Moreover, Colon's complaints about the indictment's failure to provide the elements and

155.

underlying facts of the "specified unlawful activity" (i.e., the drug distribution and manufacturing conspiracy in violation of §§ 846 and 841(a)(1)) are inapposite. (*See* D.I. 483 at 5.) As the government notes, where the alleged transactions are part of a broader illegal laundering scheme, the prosecution need not trace the transacted funds to a distinct "specified unlawful activity" to prove its Section 1956 case. (*See* D.I. 492 at 6-7) (citing *United States v. Arden*, 433 F. App'x 127, 130 (3d Cir. 2011))

Further, the government has provided Colon with substantial discovery, including real estate and bank documents, demonstrating how various properties were purchased, as well as copies of wire affidavits detailing the DEA's long-term investigation of Colon's drug trafficking. (*See id.* at 4) ("The government has not only produced the underlying bank documents, but it has produced a truncated subset of [the] most important documents, referred to as the 'Money laundering Binder,' that focuses on the documents that trace funds from their initial deposit into a bank account to the purchase of real estate, in some cases following the funds as they flow through other intermediate accounts.") As Colon's own motion acknowledges, the government produced "voluminous financial documents" related to Count V. (D.I. 483 at 4) "This access to discovery further weakens the case for a bill of particulars here." *United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2005).

The Court agrees with the government:

> Over three years have passed since the government charged defendant Omar Morales Colon with a broad-ranging money laundering conspiracy, among other offenses. The Second Superseding Indictment describes Colon's money laundering conspiracy in detail. Since that time, the government has produced thousands of documents in discovery that provide Colon with support for [the] government's allegations against him. Now, the defendant is requesting that the Court compel the government to itemize its case-in-chief for the defendant in the form of a Bill of Particulars. That level of specificity is not what is required in a

156.

APPX1238

charging document.

(D.I. 492 at 1)

In sum, the indictment and the discovery produced by the government provide Colon with more than enough to inform him of the charges alleged against him and to permit him to prepare his defense. A bill of particulars is therefore unnecessary. Colon's motion is DENIED.

**Motion to Disclose the Identity of Confidential Informants**

Colon seeks an order requiring the government to disclose the identity of its confidential informants and provide access to those informants once their identities are known. Specifically, he seeks disclosure of the identity of individuals who will testify as to his drug distribution conduct between 2009 and 2017. (D.I. 497 at 1-3) The government responds that Colon is entitled to this information ahead of the trial currently set for April 2022, but his request is premature. (D.I. 508 at 1) The Court agrees.

The government states that, "[c]onsistent with the first trial, [it] will commit to disclosing the identities, criminal histories, and statements of testifying witnesses two weeks prior to trial, on or before April 4, 2022." (*Id.* at 2) The Court finds this timeline appropriate considering its duty to balance Colon's right to timely access to the identities of those testifying against him with the need to preserve those testifiers' safety (which in turn promotes the public interest in effective law enforcement). *See Roviaro v. United States*, 353 U.S. 53, 59-62 (1957). In balancing these competing interests, the Court has considered the fact that Colon has – on more than one occasion – named believed cooperators in public filings and in open court. (*See, e.g.,* D.I. 497 at 2; May 27, 2021 Tr. at 15) Additionally, the government reports that "several individuals who were originally amenable to testifying against Colon over the years have backed out of intended testimony due to safety concerns." (D.I. 508 at 3) Moreover, notwithstanding

157.

APPX1239

the relative complexity of this case, which the Court has also considered, the government's proposed timeline does not create any undue delay. Instead, in the Court's view, if disclosure is made two weeks before trial, Colon will have ample time to effectively use that information at trial. Accordingly, even if the information sought is *Brady* material (*see id.* at 2 n.1), the government's proposed timeline helps ensure Colon's due process rights to a fair trial are preserved. *See generally United States v. Higgs*, 713 F.2d 39, 43-44 (3d Cir. 1983) ("No denial of due process occurs if *Brady* material is disclosed . . . in time for its effective use at trial.").

Accordingly, the Court hereby ORDERS the government to disclose the identities of its testifiers by no later than two weeks before trial, and DENIES Colon's motion.

**Motion to Appoint Counsel**

Colon requests that the Court reconsider its finding of waiver by conduct and appoint new counsel, yet again. The Court will not do so.

During Colon's first trial, for reasons that are explained in detail in the record, the Court determined that Colon had waived his right to counsel by conduct. (*See, e.g.,* D.I. 466 at 806-46; D.I. 465 at 758-94; D.I. 285 at 8-32; D.I. 286; D.I. 302 at 7-23; D.I. 343 at 3; D.I. 374) The Court's finding was based, in part, on the creation, during trial – by Colon and/or members of his family – of conflicts of interest for appointed counsel. (*See* D.I. 466 at 830-31) For example, the Court pointed to: (1) statements Colon made in court that, in the Court's view, were intended to demean and humiliate his trial counsel; (2) his daughter's filing of a disciplinary complaint against Colon's trial counsel, in the middle of trial, which expressly stated that it was filed on Colon's behalf; and (3) Colon's wife's discovery and disclosure, during trial, of trial counsel's administrative suspension. (*See id.* at 830-31, 837-38; *see also* D.I. 508 at 4-5 ("Colon's pattern of engendering conflict with his attorneys culminated in September 2021, when his last-

158.

APPX1240

appointed counsel asked to be excused halfway through trial after being accused in open court and in a state licensing filing of unsubstantiated conduct incredibly deleterious to her reputation."))

Another major factor guiding the Court's decision was Colon's history with his court-appointed attorneys, which is also well-documented in the record. (*See, e.g.*, D.I. 466 at 830-31, 837-38, 842; D.I. 374 at 1-3 & n.1) The attorney who had to leave the case in the middle of Colon's first trial was the fifth attorney the Court has appointed to represent Colon over the course of this lengthy litigation. (*See* D.I. 380; May 27, 2021 Tr. at 4; *see also* D.I. 374 at 1 n.1)

The Court's reasoning during trial continues to carry force today. Colon's conduct, by which he waived his right to representation by counsel, has not been washed away by the jury's verdict at the first trial. Although the circumstances prevailing today differ from those the Court encountered during the first trial -- for instance, there are still nearly two months for counsel to prepare for the upcoming trial, if the Court were to appoint new counsel, while during trial the Court required new standby counsel to appear on mere hours' notice – the history here gives the Court sad confidence that appointing new counsel will simply result in a repeat of the same type of issues that have arisen, repeatedly, before.

As the Court stated in explaining its ruling during the first trial:

> I have no confidence, none, that if I were to appoint new counsel that these or very similar issues would not arise once again. That is, I believe firmly that these issues would happen all over again. We would be right where we are now, six months down the road, with a new lawyer, and a deteriorating relationship between Mr. Colon and counsel. We went through this with Mr. Ortiz. We went through this with Ms. Cinquanto. We've now gone through it with Ms. Chavar.

(D.I. 466 at 842)

Notwithstanding Colon's apology to Ms. Chavar and his efforts to distance himself from

*159.*

APPX1241

his family's conduct (*see* D.I. 513 at 3), the Court's view remains unchanged.

The Court recognizes – as does the government (*see* D.I. 508 at 6) – that appointing counsel to assist Colon with the upcoming trial, assuming a cooperative relationship were to exist and persist between Colon and such counsel, would be beneficial.[1] But the Court cannot make that assumption. Colon's tumultuous history with three former appointed attorneys persuades the Court that any relationship with future counsel would prove, in time – and, most likely, at a most inopportune time for the interests of justice – to be equally unworkable.

For the foregoing reasons, the Court continues to find that Colon has waived his right to counsel by conduct. Colon's motion, therefore, is DENIED.

February 18, 2022
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that standby counsel from the Federal Public Defender's Office has continued to assist Colon since the first trial (*see, e.g.*, D.I. 473 at 7) and is expected to do so through the upcoming trial as well. The Court again expresses its gratitude to the Federal Public Defender for providing this assistance, particularly as it began with no notice to her office.

160.

APPX1242

| Date | No. | Entry |
|---|---|---|
| 06/30/2022 | 576 | ORAL ORDER as to Omar Morales Colon, Shakira Martinez: The Government's Motion for Disclosure (D.I. 575) is GRANTED. The Government shall disclose Defendant Omar Morales Colon's 2011 tax return to him. Signed by Judge Stephanos Bibas on 6/30/2022. (etg) (Entered: 06/30/2022) |
| 07/01/2022 | 577 | MOTION in Limine *to Preclude Affidavit of Marina Galindez* by USA as to Omar Morales Colon, Shakira Martinez. (Welsh, Jennifer) (Entered: 07/01/2022) |
| 07/01/2022 | 578 | Sealed EX PARTE Document as to Shakira Martinez (To be maintained on file in Clerk's Office) (etg) (Entered: 07/01/2022) |
| 07/05/2022 | | Minute Entry for proceedings held before Judge Stephanos Bibas - Jury Trial as to Omar Morales Colon, Shakira Martinez held on 7/5/2022 (Court Reporter R. Tamburri (Veritext)) (etg) (Entered: 07/06/2022) |
| 07/06/2022 | 579 | ORDER as to Shakira Martinez regarding courthouse access. Signed by Judge Stephanos Bibas on 7/6/2022. (etg) (Entered: 07/06/2022) |
| 07/06/2022 | | Minute Entry for proceedings held before Judge Stephanos Bibas - Jury Trial as to Omar Morales Colon, Shakira Martinez held on 7/6/2022 (Court Reporter R. Tamburri (Veritext)) (etg) (Entered: 07/07/2022) |
| 07/07/2022 | 580 | ORAL ORDER as to Omar Morales Colon: The Government's motion in limine (D.I. 577) is granted. Mr. Colon's proffered affidavit from his grandmother is excluded for the reasoning given by the Court on the morning of 7/5/2022. Signed by Judge Stephanos Bibas on 7/7/2022. (etg) (Entered: 07/07/2022) |
| 07/07/2022 | | Minute Entry for proceedings held before Judge Stephanos Bibas - Jury Trial as to Omar Morales Colon, Shakira Martinez held on 7/7/2022 (Court Reporter R. Tamburri (Veritext)) (etg) (Entered: 07/08/2022) |
| 07/08/2022 | | Minute Entry for proceedings held before Judge Stephanos Bibas - Jury Trial as to Omar Morales Colon, Shakira Martinez held on 7/8/2022 (Court Reporter R. Tamburri (Veritext)) (etg) (Entered: 07/08/2022) |
| 07/11/2022 | | Minute Entry for proceedings held before Judge Stephanos Bibas - Jury Trial as to Omar Morales Colon, Shakira Martinez held on 7/11/2022 (Court Reporter R. Tamburri (Veritext)) (etg) (Entered: 07/12/2022) |
| 07/12/2022 | 581 | Voir Dire Questions as to Omar Morales Colon, Shakira Martinez (read in open court July 5, 2022) (etg) (Entered: 07/12/2022) |
| 07/12/2022 | 582 | Preliminary Jury Instructions as to Omar Morales Colon, Shakira Martinez (read in open court July 5, 2022) (etg) (Entered: 07/12/2022) |
| 07/12/2022 | 583 | ORDER as to Omar Morales Colon, Shakira Martinez re latitude and longitude coordinates. Signed by Judge Stephanos Bibas on 7/12/2022. (etg) (Entered: 07/12/2022) |
| 07/12/2022 | | Minute Entry for proceedings held before Judge Stephanos Bibas - Jury Trial as to Omar Morales Colon, Shakira Martinez held on 7/12/2022 (Court Reporter L. Stoudt (Veritext)) (etg) (Entered: 07/13/2022) |
| 07/13/2022 | 584 | ORDER as to Omar Morales Colon re daily medical evaluations. Signed by Judge Stephanos Bibas on 7/13/2022. (etg) (Entered: 07/13/2022) |
| 07/13/2022 | | Minute Entry for proceedings held before Judge Stephanos Bibas - Jury Trial as to Omar Morales Colon, Shakira Martinez held on 7/13/2022 (Court Reporter R. Tamburri (Veritext)) (etg) (Entered: 07/13/2022) |

161.

APPX0

| | 08/15/2022 | 627 | ORAL ORDER as to Omar Morales Colon: Defendant Omar Morales Colon has requested counsel be appointed for his sentencing proceedings. D.I. 607. The other parties have not opposed. D.I. 624. I GRANT Mr. Colon's request. Ms. Janet Bateman, who served as standby counsel during Mr. Colon's second trial, shall serve as counsel for sentencing proceedings. Her appointment does not extend to post-trial motions or appeal. Signed by Judge Stephanos Bibas on 8/15/2022. (etg) (Entered: 08/15/2022) |
| | 08/15/2022 | 628 | ORAL ORDER as to Omar Morales Colon: Defendant Omar Morales Colon has requested additional time to file his post-trial motions. D.I. 626. I GRANT Mr. Colon's request. Mr. Colon shall have until Wednesday, September 7, 2022, to file his post-trial motions. Signed by Judge Stephanos Bibas on 8/15/2022. (etg) (Entered: 08/15/2022) |
| | 08/16/2022 | 629 | ORAL ORDER SCHEDULING HEARING as to Omar Morales Colon: A hearing regarding yesterday's order appointing counsel (D.I. 627) is set for 8/18/2022 at 2:00 PM before Judge Stephanos Bibas. The hearing will take place in Courtroom 10-B of the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106. The Court intends to discuss with Mr. Colon the role of Ms. Bateman in sentencing proceedings. The other parties are not required to attend. Signed by Judge Stephanos Bibas on 8/16/2022. (etg) (Entered: 08/16/2022) |
| | 08/18/2022 | | Minute Entry for proceedings held before Judge Stephanos Bibas - Hearing as to Omar Morales Colon held on 8/18/2022 (Court Reporter K. Feldman/EDPA) (etg) (Entered: 08/18/2022) |
| | 09/08/2022 | 630 | Letter to The Honorable Stephanos Bibas from Janet Bateman, First Assistant Federal Public Defender regarding Colon Motion. (Bateman, Janet) (Entered: 09/08/2022) |
| | 09/08/2022 | 631 | MOTION for New Trial by Omar Morales Colon. (Bateman, Janet) (Entered: 09/08/2022) |
| | 09/09/2022 | 632 | ORAL ORDER: I have received Defendant Omar Morales Colons motion for a new trial. D.I. 631. The Government SHALL file a response no longer than thirty double-spaced pages by 5pm EDT on Monday, September 26, 2022. If Mr. Colon chooses to reply, he SHALL file a brief no longer than eight single-spaced pages by 5pm on Friday, October 14, 2022. Signed by Judge Stephanos Bibas on 9/9/2022. (etg) (Entered: 09/09/2022) |
| | 09/26/2022 | 633 | RESPONSE to Motion by USA as to Omar Morales Colon re 631 MOTION for New Trial (Attachments: # 1 Certificate of Service)(Welsh, Jennifer) (Entered: 09/26/2022) |
| | 10/03/2022 | 634 | ORAL ORDER: Today, counsel for Defendant Shakira Martinez emailed me a letter requesting a 60-90 day continuance of the sentencing hearing, currently scheduled for November 21, 2022. The Government has not opposed the request as long as the sentencing date for Defendant Omar Morales Colon is rescheduled for the same day. I DENY the motion for a continuance WITHOUT PREJUDICE. The justification proffered for the substantial delay is vague and inadequate. If counsel wish to submit a more detailed explanation, if need be under seal, I will consider the motion anew. If Mr. Colon opposes the request, his counsel for sentencing SHALL file a response within 7 days of this order. Signed by Judge Stephanos Bibas on 10/03/2022. (etg) (Entered: 10/03/2022) |
| | 10/07/2022 | 637 | Letter to The Honorable Stephanos Bibas from Janet Bateman, First Assistant Federal Public Defender regarding Response to the Court's Oral Order Regarding Sentencing - re 634 Order,,. (Bateman, Janet) (Entered: 10/07/2022) |
| | 10/12/2022 | 638 | SEALED MOTION by Shakira Martinez (To be maintained on file in Clerk's Office) (etg) (Entered: 10/12/2022) |
| | 10/14/2022 | 639 | Letter to The Honorable Stephanos Bibas from Assistant United States Attorney Jennifer K. Welsh regarding Sentencing Hearings. (Welsh, Jennifer) (Entered: 10/14/2022) |

162.

5s,6s,7s,8s,9s,10s,11s,12s,13s,14s,15s,16s. (To be maintained on file in Clerk's Office) (etg) (Entered: 07/26/2022)

| Date | No. | Description |
|---|---|---|
| 07/25/2022 | 597 | REDACTED VERSION of 596 SEALED JURY VERDICT as to Omar Morales Colon (1) Guilty on Count 5ss,6ss,7ss,8ss,9ss,11ss,12ss,13ss,15ss and Shakira Martinez (4) Guilty on Count 5s,6s,7s,8s,9s,10s,11s,12s,13s,14s,15s,16s. (etg) (Entered: 07/26/2022) |
| 07/25/2022 | 598 | FINAL FORFEITURE JURY INSTRUCTIONS as to Omar Morales Colon, Shakira Martinez (etg) (Entered: 07/26/2022) |
| 07/25/2022 | 599 | FINAL SPECIAL VERDICT FORM FOR FORFEITURE as to Omar Morales Colon, Shakira Martinez (etg) (Entered: 07/26/2022) |
| 07/25/2022 | 600 | SEALED JURY VERDICT on Forfeiture as to Omar Morales Colon, Shakira Martinez (To be maintained on file in Clerk's Office) (etg) (Entered: 07/26/2022) |
| 07/25/2022 | 601 | REDACTED VERSION of 600 SEALED JURY VERDICT on Forfeiture as to Omar Morales Colon, Shakira Martinez.(etg) (Entered: 07/26/2022) |
| 07/25/2022 | 602 | Jury Notes (SEALED) as to Omar Morales Colon, Shakira Martinez (Jury Notes on file Clerk's Office) (etg) (Entered: 07/26/2022) |
| 07/28/2022 | 603 | OFFICIAL TRANSCRIPT of Sentencing Hearing as to Roque Valdez held on 10.18. before Judge Leonard P. Stark. Court Reporter/Transcriber: Brian Gaffigan,Email: gaffigan.b@outlook.com. Transcript may be viewed at the court public terminal or order/purchased through the Court Reporter/Transcriber before the deadline for Rele of Transcript Restriction. After that date, it may be obtained through PACER. Redact Request due 8/18/2022. Redacted Transcript Deadline set for 8/29/2022. Release of Transcript Restriction set for 10/26/2022. (Rolfe, Michele) Modified on 7/29/2022 t correct title, date and include defendant (etg). (Entered: 07/28/2022) |
| 07/28/2022 | 604 | SEALED TRANSCRIPT of Sidebar Conference at Sentencing Hearing as to Roque Valdez held on 10.18.2021 before Judge Leonard P. Stark. (Transcript on file in Cle Office) (Rolfe, Michele) Modified on 7/29/2022 to correct title, date and include defendant (etg). (Entered: 07/28/2022) |
| 07/29/2022 | 605 | ORDER directing that jurors be provided lunch (cc: Finance). Signed by Judge Ste Bibas on 7/29/2022. (etg) (Entered: 07/29/2022) |
| 07/29/2022 | 606 | Letter to The Honorable Stephanos Bibas from Janet Bateman, Esquire regarding Letter to Court. (Bateman, Janet) (Entered: 07/29/2022) |
| 07/29/2022 | 607 | Letter to The Honorable Stephanos Bibas from Omar Colon regarding Counsel for Sentencing. (Bateman, Janet) (Entered: 07/29/2022) |
| 07/29/2022 | 608 | ORDER SCHEDULING SENTENCING as to Omar Morales Colon, Shakira Ma Sentencing is set for 11/21/2022 at 02:00 PM in Courtroom 6B before Judge Step Bibas. Signed by Judge Stephanos Bibas on 7/29/2022. (etg) (Entered: 07/29/202 |
| 08/01/2022 | 609 | OFFICIAL TRANSCRIPT of Jury Trial - Day 1 held on July 5, 2022 before Jude Stephanos Bibas. Court Reporter: Rose A. Tamburri. Transcript may be viewed a court public terminal or ordered/purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained PACER. Redaction Request due 8/22/2022. Redacted Transcript Deadline set for 9/1/2022. Release of Transcript Restriction set for 10/31/2022. (etg) (Entered 08/01/2022) |
| 08/01/2022 | 610 | OFFICIAL TRANSCRIPT of Jury Trial - Day 2 held on July 6, 2022 before Jude Stephanos Bibas. Court Reporter: Rose A. Tamburri. Transcript may be viewed |

163.

APPX0

| | | |
|---|---|---|
| | | deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 8/22/2022. Redacted Transcript Deadline set for 9/1/2022. Release of Transcript Restriction set for 10/31/2022. (etg) (Entered: 08/01/2022) |
| 08/01/2022 | 618 | OFFICIAL TRANSCRIPT of Jury Trial - Day 9 held on July 20, 2022 before Judge Stephanos Bibas. Court Reporter: Leandra M. Stoudt/Melissa Bartman. Transcript may be viewed at the court public terminal or ordered/purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 8/22/2022. Redacted Transcript Deadline set for 9/1/2022. Release of Transcript Restriction set for 10/31/2022. (etg) (Entered: 08/01/2022) |
| 08/01/2022 | 619 | OFFICIAL TRANSCRIPT of Jury Trial - Day 10 held on July 21, 2022 before Judge Stephanos Bibas. Court Reporter: Leandra M. Stoudt/Rose A. Tamburri. Transcript may be viewed at the court public terminal or ordered/purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 8/22/2022. Redacted Transcript Deadline set for 9/1/2022. Release of Transcript Restriction set for 10/31/2022. (etg) (Entered: 08/01/2022) |
| 08/01/2022 | 620 | SEALED TRANSCRIPT of Chambers Conference held on July 21, 2022 before Judge Stephanos Bibas. (Transcript on file in Clerk's Office) (etg) (Entered: 08/01/2022) |
| 08/01/2022 | 621 | OFFICIAL TRANSCRIPT of Jury Trial - Day 11 held on July 22, 2022 before Judge Stephanos Bibas. Court Reporter: Leandra M. Stoudt/Rose A. Tamburri. Transcript may be viewed at the court public terminal or ordered/purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 8/22/2022. Redacted Transcript Deadline set for 9/1/2022. Release of Transcript Restriction set for 10/31/2022. (etg) (Entered: 08/01/2022) |
| 08/01/2022 | 622 | OFFICIAL TRANSCRIPT of Jury Trial - Day 12 held on July 25, 2022 before Judge Stephanos Bibas. Court Reporter: Rose A. Tamburri. Transcript may be viewed at the court public terminal or ordered/purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 8/22/2022. Redacted Transcript Deadline set for 9/1/2022. Release of Transcript Restriction set for 10/31/2022. (etg) (Entered: 08/01/2022) |
| 08/01/2022 | 623 | ORAL ORDER as to Omar Morales Colon, Shakira Martinez: Defendant Omar Morales Colon has requested counsel be appointed for his sentencing proceedings. D.I. 607. Mr. Colon and other parties are ORDERED to inform the Court of their position on this matter within seven days of this order in a one-page single-spaced letter. If a party does not submit a letter within seven days, the Court will presume that party has no position on Mr. Colon's request. Signed by Judge Stephanos Bibas on 8/1/2022. (etg) (Entered: 08/01/2022) |
| 08/08/2022 | 624 | Letter to The Honorable Stephanos Bibas from Assistant United States Attorney Jennifer K. Welsh regarding Request for Appointment of Counsel for Sentencing. (Attachments: # 1 Certificate of Service)(Welsh, Jennifer) (Entered: 08/08/2022) |
| 08/08/2022 | 625 | Letter to The Honorable Stephanos Bibas from Janet Bateman, Esquire regarding Motion for Extension of Time to File Rule 33 Motion. (Bateman, Janet) (Entered: 08/08/2022) |
| 08/08/2022 | 626 | MOTION for Extension of Time to File Rule 33 Motion by Omar Morales Colon (Bateman, Janet) (Entered: 08/08/2022) |

164.

APPX016

| | | | |
|---|---|---|---|
| | 627 | ORAL ORDER as to Omar Morales Colon: Defendant Omar Morales Colon has requested counsel be appointed for his sentencing proceedings. D.I. 607. The other parties have not opposed. D.I. 624. I GRANT Mr. Colon's request. Ms. Janet Bateman, who served as standby counsel during Mr. Colon's second trial, shall serve as counsel for sentencing proceedings. Her appointment does not extend to post-trial motions or appeal. Signed by Judge Stephanos Bibas on 8/15/2022. (etg) (Entered: 08/15/2022) | |
| | 628 | ORAL ORDER as to Omar Morales Colon: Defendant Omar Morales Colon has requested additional time to file his post-trial motions. D.I. 626. I GRANT Mr. Colon's request. Mr. Colon shall have until Wednesday, September 7, 2022, to file his post-trial motions. Signed by Judge Stephanos Bibas on 8/15/2022. (etg) (Entered: 08/15/2022) | |
| | 629 | ORAL ORDER SCHEDULING HEARING as to Omar Morales Colon: A hearing regarding yesterday's order appointing counsel (D.I. 627) is set for 8/18/2022 at 2:00 PM before Judge Stephanos Bibas. The hearing will take place in Courtroom 10-B of the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106. The Court intends to discuss with Mr. Colon the role of Ms. Bateman in sentencing proceedings. The other parties are not required to attend. Signed by Judge Stephanos Bibas on 8/16/2022. (etg) (Entered: 08/16/2022) | |
| | | Minute Entry for proceedings held before Judge Stephanos Bibas - Hearing as to Omar Morales Colon held on 8/18/2022 (Court Reporter K. Feldman/EDPA) (etg) (Entered: 08/18/2022) | |
| | 630 | Letter to The Honorable Stephanos Bibas from Janet Bateman, First Assistant Federal Public Defender regarding Colon Motion. (Bateman, Janet) (Entered: 09/08/2022) | |
| | 631 | MOTION for New Trial by Omar Morales Colon. (Bateman, Janet) (Entered: 09/08/2022) | |
| | 632 | ORAL ORDER: I have received Defendant Omar Morales Colons motion for a new trial. D.I. 631. The Government SHALL file a response no longer than thirty double-spaced pages by 5pm EDT on Monday, September 26, 2022. If Mr. Colon chooses to reply, he SHALL file a brief no longer than eight single-spaced pages by 5pm on Friday, October 14, 2022. Signed by Judge Stephanos Bibas on 9/9/2022. (etg) (Entered: 09/09/2022) | |
| | 633 | RESPONSE to Motion by USA as to Omar Morales Colon re 631 MOTION for New Trial (Attachments: # 1 Certificate of Service)(Welsh, Jennifer) (Entered: 09/26/2022) | |
| | 634 | ORAL ORDER: Today, counsel for Defendant Shakira Martinez emailed me a letter requesting a 60-90 day continuance of the sentencing hearing, currently scheduled for November 21, 2022. The Government has not opposed the request as long as the sentencing date for Defendant Omar Morales Colon is rescheduled for the same day. I DENY the motion for a continuance WITHOUT PREJUDICE. The justification proffered for the substantial delay is vague and inadequate. If counsel wish to submit a more detailed explanation, if need be under seal, I will consider the motion anew. If Mr. Colon opposes the request, his counsel for sentencing SHALL file a response within 7 days of this order. Signed by Judge Stephanos Bibas on 10/03/2022. (etg) (Entered: 10/03/2022) | |
| | 637 | Letter to The Honorable Stephanos Bibas from Janet Bateman, First Assistant Federal Public Defender regarding Response to the Court's Oral Order Regarding Sentencing - re 634 Order,,. (Bateman, Janet) (Entered: 10/07/2022) | |
| | 638 | SEALED MOTION by Shakira Martinez (To be maintained on file in Clerk's Office) (etg) (Entered: 10/12/2022) | |
| | 639 | Letter to The Honorable Stephanos Bibas from Assistant United States Attorney Jennifer K. Welsh regarding Sentencing Hearings. (Welsh, Jennifer) (Entered: 10/14/2022) | |

165.

APPX0106

Case 1:17-cr-00047-SB   Document 669   Filed 12/08/22   Page 1 of 7 PageID #: 9806

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## District of Delaware

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) |
| OMAR MORALES COLON | ) Case Number:  17-CR-47-SB-1 |
| a/k/a "El Tigre" | ) USM Number:  08929-015 |
| | ) JANET BATEMAN, ESQUIRE |
| | ) Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)   I, IV, V, VI, VII, VIII, IX, XI, XII, XIII, XV
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), and 21 U.S.C. § 846 | CONSPIRACY TO DISTRIBUTE FIVE KILOGRAMS OR MORE OF COCAINE | 5/6/2017 | I |

The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)   II & III

☐ Count(s) _____   ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, reside or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitut the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/21/2022
Date of Imposition of Judgment

Signature of Judge

HONORABLE STEPHANOS BIBAS, UNITED STATES CIRCUIT JUD
Name and Title of Judge

12/7/2022
Date

166.

APPX0002

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 1A

|  |  | Judgment—Page __2__ of __7__ |
|---|---|---|

DEFENDANT:  OMAR MORALES COLON a/k/a "El Tigre"
CASE NUMBER:  17-CR-47-SB-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C) | POSSESS WITH INTENT TO DISTRIBUTE MARIJUANA | 5/6/2017 | IV |
| 18 U.S.C. §§ 1956(h) and (2) | CONSPIRACY TO COMMIT MONEY LAUNDERING | 5/6/2017 | V |
| 18 U.S.C. §§ 1956(a)(1)(B)(I) and 2 | MONEY LAUNDERING | 10/7/2014 | VI |
| 18 U.S.C. §§ 1956(a)(1)(B)(I) and 2 | MONEY LAUNDERING | 10/13/2014 | VII |
| 18 U.S.C. §§ 1956(a)(1)(B)(I) and 2 | MONEY LAUNDERING | 10/13/2014 | VIII |
| 18 U.S.C. §§ 1957 and 2 | MONEY LAUNDERING | 10/13/2014 | IX |
| 18 U.S.C. §§ 1956(a)(1)(B)(I) and 2 | MONEY LAUNDERING | 11/21/2014 | XI |
| 18 U.S.C. §§ 1956(a)(1)(B)(I) and 2 | MONEY LAUNDERING | 11/21/2014 | XII |
| 18 U.S.C. §§ 1956(a)(1)(B)(I) and 2 | MONEY LAUNDERING | 11/10/2015 | XIII |
| 18 U.S.C. §§ 1956(a)(1)(B)(I) and 2 | MONEY LAUNDERING | 12/5/2016 | XV |

167.

APPX0003

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of __7__

DEFENDANT:  OMAR MORALES COLON a/k/a "El Tigre"
CASE NUMBER:  17-CR-47-SB-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
540 MONTHS ON COUNT ONE, 240 MONTHS ON EACH OF COUNTS FOUR THROUGH EIGHT, ELEVEN TO THIRTEEN AND FIFTEEN, AS WELL AS 120 MONTHS ON COUNT NINE, ALL TO BE SERVED CONCURRENTLY.

☑ The court makes the following recommendations to the Bureau of Prisons:
THE DEFENDANT BE DESIGNATED TO A FACILITY CLOSE TO WILMINGTON, DELAWARE.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

_168._

APPX0004

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT:   OMAR MORALES COLON a/k/a "El Tigre"
CASE NUMBER:   17-CR-47-SB-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

60 MONTHS ON COUNT ONE AND 36 MONTHS EACH ON COUNTS FOUR THROUGH NINE, ELEVEN TO THIRTEEN, AND FIFTEEN, ALL TO BE SERVED CONCURRELTY.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

169.

APPX0005

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release.

Judgment—Page ___5___ of ___7___

DEFENDANT:  OMAR MORALES COLON a/k/a "El Tigre"
CASE NUMBER:  17-CR-47-SB-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

170.

APPX0006

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 5 — Criminal Monetary Penalties

|  |  | Judgment — Page | 6 | of | 7 |

DEFENDANT: OMAR MORALES COLON a/k/a "El Tigre"
CASE NUMBER: 17-CR-47-SB-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 1,100.00 | $ N/A | $ WAIVED | $ N/A | $ N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

APPX0007

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

Judgment — Page   7   of   7

DEFENDANT:  OMAR MORALES COLON a/k/a "El Tigre"
CASE NUMBER:  17-CR-47-SB-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑ Lump sum payment of $ __1,100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B   ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐ Special instructions regarding the payment of criminal monetary penalties: _____

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
THE COURT INCORPORATES THE PRELIMINARY ORDER OF FORFEITURE IN THIS CASE.
(D.I. 664)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

172.

APPX0008

## NOTICE OF APPEAL
## TO
## U.S. COURT OF APPEALS, THIRD CIRCUIT

U.S. District Court for the District of Delaware :   Appeals Court Case Number:

                                             :

UNITED STATES OF AMERICA,              :
            Plaintiff,                :

                                             :    Case Number: 17-CR-47 SB-1

            v.                     :

                                               :

OMAR COLON MORALES,             :    District Court Judge: Stephanos Bibas,
            Defendant.           :    United States Circuit Judge

Notice is hereby given that Omar Colon Morales, who proceeds *pro se*, hereby appeals to the United States Court of Appeals for the Circuit from the final judgment and sentence entered in this action on December 7, 2022.

Respectfully,

Omar Colon Morales #08929-015
FDC Philadelphia
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105

Date: December 20, 2022

*173.*