

Ground 1

EXHIBIT - A

**Counts Two, Three, and Four: "Knowingly" or "Intentionally" Defined**

To act knowingly, as used in the offenses charged, means that Mr. Colon was conscious and aware that he was engaged in the act charged and knew of the surrounding facts and circumstances that make out the offense. Knowingly does not require that the defendant knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offenses charged, means to act deliberately and not by accident. Intentionally does not require that a defendant intended to violate the law.

The phrase "knowingly or intentionally," as used in the offenses charged, requires the government to prove beyond a reasonable doubt that the defendant knew that what he manufactured or possessed with intent to distribute was a controlled substance. In addition, for Counts Two and Three, the government must also prove the identity of the controlled substance (cocaine and marijuana, respectively) and the weight of the controlled substance (over 5 kilograms and over 100 plants, respectively). However, as long as you find that the government proved beyond a reasonable doubt that the defendant knew that what he distributed or manufactured was a controlled substance, you need not find that the defendant knew the identity or weight of the controlled substance.

In deciding whether the defendant acted "knowingly or intentionally," you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in his mind at that time.

36

**Counts One, Two, Three, and Four: "Controlled Substance" Defined**

You are instructed that, as a matter of law, cocaine is a controlled substance – that is, some kind of prohibited drug.   You are further instructed that marijuana is a controlled substance.

It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that Mr. Colon conspired to distribute a controlled substance (Count One), attempted to possess with intent to distribute a controlled substance (Count Two), manufactured a controlled substance (Count Three), or possessed with intent to distribute a controlled substance (Count Four).

**6.21.846B Controlled Substances—Conspiracy to (Distribute) (Possess with Intent to Manufacture / Distribute) (Manufacture) (Possess) (21 U.S.C. § 846)**

Count *(no.)* of the indictment charges that on or about the_____ day of _____, 2_____, in the District of _____, *(name)*    agreed or conspired with one or more other person*(s)* to *(distribute) (possess with the intent to distribute) (manufacture) (possess)* a controlled substance.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find *(name)*    guilty of conspiracy to *(distribute) (possess with the intent to distribute) (manufacture) (possess)* a controlled substance, you must find that the government proved beyond a reasonable doubt each of the following three (3) elements:

**First:** That two or more persons agreed to *(distribute) (possess with the intent to distribute) (manufacture) (possess)* a controlled substance. *(I have explained the elements of this offense already.) (I will explain the elements of this offense to you shortly.)*;

**Second:** That *(name)* was a party to or member of that agreement; and

**Third:** That *(name)* joined the agreement or conspiracy knowing of its objective*(s)* to *(distribute) (possess with the intent to distribute) (manufacture) (possess)* a controlled substance and intending to join together with at least one other alleged conspirator to achieve that *(those)* objective*(s)*; that is, that *(name)* and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that *(those)* objective*(s)*.

*[When the indictment alleges one of the weight thresholds authorizing increased maximum or mandatory penalties under 21 U.S.C[. §] 841(b), either use the appropriate Verdict Form with Special Interrogatories With Respect to Substance Identity and Weight, as provided in Instruction 6.21.841C or give the relevant following additional instruction:*

*Alternative 1 [increased statutory mandatory minimum penalty]*

*When the indictment alleges one of the weight thresholds authorizing increased mandatory minimum penalty under 21 U.S.C[. §] 841(b), give the following additional instruction, and when appropriate, also consider giving a lesser included offense instruction as to a weight meeting a lower penalty threshold:*

***Fourth, that the weight or quantity of** (type of controlled substance) **which was within the scope of the conspiracy and reasonably foreseeable to the defendant was** (X grams or more). **In making this decision, you may attribute to a particular defendant who you have***

485                                             1

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*found to be a member of the conspiracy only the quantity (distributed) (possessed with intent to distribute) (manufactured) (possessed) which was within the scope of the conspiracy and reasonably foreseeable to that defendant.*

*Alternative 2 [increased statutory maximum penalty]*

*When the indictment alleges one of the weight thresholds authorizing increased statutory maximum penalty under 21 U.S.C[. §] 841(b), give the following additional instruction, and, when appropriate, also consider giving a lesser included offense instruction as to a weight meeting a lower penalty threshold:*

*Fourth, that the weight or quantity of (type of controlled substance) which was within the scope of the conspiracy was (X grams or more).]*

**I will explain these elements in more detail.**

*[The trial court should also give the applicable, additional conspiracy instructions provided in Instructions 6.18.371C–E and G–L.]*
**Comment**

See Fifth Circuit § 2.89; Eighth Circuit § 6.21.846A & 6.21.846A.1 (*Apprendi*—Affected); Eleventh Circuit § 87; Tenth Circuit § 2.87.

21 U.S.C. § 846 provides:

Any person who attempts or conspires to commit any offense defined in this subchapter (dealing controlled substances laws) shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

**Conspiracy to Commit Controlled Substances Offenses Defined.** Conspiracy to commit a controlled substances offense under 21 U.S.C. § 846 is generally defined the same as under the general conspiracy statute 18 U.S.C. § 371, except that 21 U.S.C. § 846 does not include an overt act requirement. *United States v. Shabani*, 513 U.S. 10, 13–14 (1994). To prove a conspiracy to commit controlled substance offense under 21 U.S.C. § 846, the government must prove "(1) a shared unity of purpose, (2) an intent to achieve a common illegal goal, and (3) an agreement to work toward that goal, which [the defendant] knowingly joined." *United States v. Boria*, 592 F.3d 476, 481 (3d Cir. 2010); *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 425–26 (3d Cir. 2013) (*en banc*). See also *United States v. Wheeler*, 742 Fed. Appx. 646, 658–9 (3d Cir. 2018) (non-precedential). When the charge is conspiracy under 21 U.S.C. § 846, the trial judge should also give the instructions with respect to conspiracy generally that are applicable in the case. See Instructions 6.18.371C–E and G–L. If the defendant is charged in the same case both with conspiracy under 18 U.S.C. § 371 and with conspiracy under 21 U.S.C. § 846, the trial judge must be careful to make clear that an overt act is required with respect to the former but not the latter. If the defendant asserts that he or she withdrew from a controlled substance conspiracy and then the statute of limitations ran before his / her indictment, Instruction 6.18.371J-2 (Withdrawal as a Defense to Conspiracy Based on the Statute of Limitations) should be given.

485                                                                                     2

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

08929015

That instruction reflects the Supreme Court's decision in Smith v. United States, 568 U.S. 106, 110[,] 133 S. Ct. 714 (2013) (holding that the defendant has the burden of proving withdrawal from a controlled substance conspiracy as a statute of limitations defense).

**Mere Buyer-Seller Relationship is Not Conspiracy; "Buyer-Seller" Instruction.** A relationship of buyer and seller does not alone establish a conspiracy, but all the circumstances must be considered to determine whether a buyer is actually a member of a conspiracy with the seller. Thus, in United States v. Badini, 525 Fed. Appx. 190, 192 (3d Cir. 2013) (non-precedential), the Third Circuit stated, citing and quoting United States v. Gibbs, 190 F.3d 188, 197–99 (3d Cir. 1999):

While Badini is correct that a mere buyer-seller relationship does not amount to a conspiracy, "[t]he government need not prove that each defendant knew all of the conspiracy's details, goals, or other participants." ... We have held that when a defendant is a buyer who has limited dealings with a conspiracy, we should examine several factors to determine whether his purchases are circumstantial evidence of an intent to join the conspiracy[.] ... Among the factors are the length of affiliation between buyer and seller, whether there is a demonstrated level of mutual trust, whether there is an established method of payment, and the extent to which the transactions are standardized. In Gibbs, we also noted that other courts have looked to whether the buyer bought large amounts of drugs and whether the buyer purchased the drugs on credit.

See also United States v. Sanchez, 704 Fed. Appx. 38, 40 (3d Cir. 2017) (non-precedential); United States v. Bailey, 840 F.3d 99, 108–109 (3d Cir. 2016)[;] United States v. Theodoropoulos, 866 F.2d 587, 593 (3d Cir. 1989), overruled on other grounds by United States v. Price, 13 F.3d 711, 727 (3d Cir. 1994); United States v. Pressler, 256 F. 3d, 144, 151–57 (3d Cir. 2001); United States v. Garcia, 588 Fed. Appx. 167 (3d Cir. 2014); United States v. Kemp, 580 Fed. Appx. 138 (3d. Cir. 2014).

In United States v. Lewis, 447 Fed. Appx. 310 (3d Cir. 2011) (non-precedential), the Third Circuit rejected the defendant's argument that the trial judge erred in not giving a requested "buy-sell" jury instruction, to the effect that, "[T]he mere agreement of one person to buy what another agrees to sell, standing alone, does not support a conspiracy conviction." The court concluded that the evidence did not support this theory of defense and, furthermore, the trial court's instruction adequately covered the point by stating that if the government failed to prove defendant was a member of the conspiracy charged and the jury found defendant only a purchaser of drugs or a member of a separate conspiracy, the jury must find the defendant not guilty of the conspiracy count. Even though the Court in Lewis did not require a "buy-sell" instruction, when there is a significant issue about whether there was a mere buyer-seller relationship, the trial judge may want to be more specific about the factors that may provide circumstantial evidence of agreement and membership (as discussed in the quote from Badini above), in addition to the circumstances stated in Instructions 6.18.371C (Conspiracy—Existence of an Agreement) and 6.18.371D (Conspiracy—Membership in the Agreement).

**No Need for Additional Evidence Imputing Knowledge that Conspiracy Involved Controlled Substances.** With respect to proving the third element, that the defendant joined the conspiracy

485                                          3

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

08929015

knowing of its purpose to commit a controlled substance offense, in *United States v. Caraballo-Rodriguez*, 726 F.3d 418 (3d Cir. 2013) (en banc).the Third Circuit rejected it[s] previous " 'strict approach' " in controlled substance conspiracy cases, and "reestablish[ed] a familiar course with respect to sufficiency of the evidence challenges in other situations, ... returning to the deferential review standard we normally apply." 726 F.3d at 420. The Court "specifically disavow[ed] the reasoning we previously embraced—that the jury's verdict could not stand when the evidence was as consistent with contraband other than controlled substances, even though a jury could rationally conclude that the defendant knew the subject of the conspiracy was drugs." 726 F.3d at 431–32. The Third Circuit also reiterated:

Furthermore, we take this opportunity to clarify that, although the prosecution must prove the defendant's knowledge of the conspiracy's specific objective, that knowledge need not be proven by direct evidence. To the contrary, "[i]t is not unusual that the government will not have direct evidence. Knowledge is often proven by circumstances. A case can be built against the defendant grain-by-grain until the scale finally tips."... Again, jurors are routinely instructed that their verdict can be supported by direct or circumstantial evidence, and reasonable inferences can be drawn from both types of evidence.

726 F.3d at 431 (citations omitted). Also *see, e.g., United States v. John-Baptiste*, 747 F. 3d 186, 205–206 (3d Cir. 2014); *United States v. Benoit*, 730 F.3d 280, 289–90 (3d Cir. 2013). Finally, the Court in *Caraballo-Rodriguez* acknowledged that " 'knowledge' can be demonstrated by actual knowledge or willful blindness." 726 F.3d at [425–426]. *See* Instruction 5.06 (Willful Blindness).

**No Overt Act Requirement.** As to the lack of an overt act element under 21 U.S.C. § 846, the Supreme Court explained in *United States v. Shabani*, 513 U.S. 10, 13–14 (1994):

The language of [21 U.S.C. § 846 does not] require that an overt act be committed to further the conspiracy, and we have not inferred such a requirement from congressional silence in other conspiracy statutes. ...

*Nash [v. United States*, 229 U.S. 373 (1913)] and *Singer [v. United States*, 323 U.S. 338 (1945)] follow the settled principle of statutory construction that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms. See Molzof v. United States, 502 U.S. 301, 307–308, 112 S.Ct. 711, 715–716, 116 L.Ed.2d 731 (1992). We have consistently held that the common law understanding of conspiracy "does not make the doing of any act other than the act of conspiring a condition of liability." *Nash, supra*, 229 U.S., at 378, 33 S. Ct., at 782; see also *Collins v. Hardyman*, 341 U.S. 651, 659, 71 S. Ct. 937, 941, 95 L. Ed. 1253 (1951); *Bannon v. United States*, 156 U.S. 464, 468, 15 S. Ct. 467, 469, 39 L. Ed. 494 (1895) ("At common law it was neither necessary to aver nor prove an overt act in furtherance of the conspiracy ...").

[W]e find it instructive that the general conspiracy statute, 18 U.S.C. § 371, contains an explicit requirement that a conspirator "do any act to effect the object of the conspiracy." In light of this additional element in the general conspiracy statute, Congress' silence in § 846 speaks volumes. After all, the general conspiracy statute preceded and presumably provided the framework for the

485                                                    4

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

08929015

more specific drug conspiracy statute. "*Nash* and *Singer* give Congress a formulary: by choosing a text modeled on § 371, it gets an overt-act requirement; by choosing a text modeled on the Sherman Act, 15 U.S.C. § 1, it dispenses with such a requirement." *United States v. Sassi,* 966 F.2d 283, 284 (CA7 1992). Congress appears to have made the choice quite deliberately with respect to § 846.

*See also United States v. Rodriguez,* 726 Fed. Appx. 136 (3d Cir. 2018).

**Identity and Weight of Controlled Substance Involved in Conspiracy.** As discussed in the Comment to Instruction 21.841A, any fact, other than the fact of a prior conviction, which increases the statutory maximum or statutory mandatory minimum sentence for the offense, such as identity, weight, and causing the death of the user are elements of the controlled substance offense that must be found by the jury beyond a reasonable doubt under Apprendi v. New Jersey, 530 U.S. 466 (2000). The penalties for conspiracy under 21 U.S.C. § 846 are the same as those prescribed for the controlled substance offense(s) that was (were) the object of the conspiracy. Accordingly, when the trial judge instructs on the elements of the controlled substance offense the defendant is charged with conspiring to commit, the judge should instruct on the identity, weight or other sentence enhancing facts and/or should use the special interrogatories set forth in Instruction 6.21.841C. *See* Instructions 6.21.841A, B, and C, and the Comments to these instructions.

Current Third Circuit precedent establishes the following framework as to the government's burden in proving beyond a reasonable doubt the appropriate amount attributable to a defendant as a member of a conspiracy under § 846. The statutory maximum sentence a defendant is exposed to is based upon the quantity attributable to "the conspiracy as a whole," *United States v. Phillips,* 349 F.3d 138, 143 (3d Cir. 2003), *vacated on other grounds sub nom. Barbour v. United States,* 543 U.S. 1102, 125 S. Ct. 992, 160 L.Ed.2d 1012 (2005). In contrast, the statutory minimum sentence to which the defendant is exposed is determined by the quantity which was within the scope of the agreement and reasonably foreseeable to the defendant as a natural result of participating in the conspiracy. *United States v Williams,* 974 F.3d 320, 366–7 (3d Cir. 2020); *United States v. Womack,* 55 F.4th 219, 232–233 (3d Cir. 2022). As such, when weight is a fact that will either increase the statutory maximum sentence or the statutory minimum sentence, the jury should be instructed accordingly using the alternatives provided in the instruction.

(Revised 1/2024)

485                                    5

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

1164

and --

THE COURT:  I totally understand under the circumstances.

Okay.  We'll be in recess.

(Brief recess taken.)

*       *       *

(Proceedings reconvened after recess.)

THE COURT:  The jurors are all here.  We'll bring them in.

(Jury returned.)

THE COURT:  Good morning, members of the jury. Nice to see you again.  I hope you all had an opportunity to enjoy the weekend.

Good morning to government counsel, Ms. Welsh and Ms. Cloud.

And, Mr. Colon, good morning to you.

And good morning, Ms. Bateman.

So we are going to pick up where I left off on Friday.  You may have your copy of the final jury instructions in front of you.  I'm going to read to you now from pages 38 to 46 and just a reminder as to what happens after that, you will hear closing arguments from both sides. The government gets a chance for brief rebuttal, and then I will give you the verdict sheet and read that to you, and then the case will be yours to begin deliberating.

Let me take this off for now.

And I'm again at page 38.

Count One:  Conspiracy to Distribute a Controlled Substance.

Count One of the Second Superseding Indictment charges that from on or about December 14th, 2016 to on or about May 6th, 2017, in the District of Delaware and elsewhere, the defendant Omar Morales Colon did knowingly, intentionally, and unlawfully conspire with one or more persons both known and unknown to the grand jury to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), all in violation of Title 21, United States Code, Section 846.

It is a federal crime for two or more persons to agree to conspire to commit any offense against the United States, even if they never actually achieve their objective.  A conspiracy is a kind of criminal partnership. In order for you to find the defendant guilty of conspiracy to distribute five kilograms or more of a controlled substance, you must find that the government proved beyond a reasonable doubt each of the following five elements?

First:  That two or more persons agreed to

distribute a controlled substance;

Second:  That the defendant was a party to or member of that agreement;

Third:  That the defendant joined the agreement or conspiracy knowing of its objective to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve known objective;

Fourth:  That cocaine is a Schedule II controlled substance; and

Fifth:  That the total amount of the mixture or substance containing cocaine was five or more kilograms.

I will explain these elements in more detail.

Count One:  Conspiracy - Existence of an Agreement.

The first element of the crime of conspiracy is the existence of an agreement.  The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective the conspiracy; that is, to commit the offense of distributing a controlled substance.

The government does not have to prove the

existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.  The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective or agreed to all the details, or agreed to what the means were by which the objective would be accomplished.

The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.

What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.  You may find the existence of a conspiracy based on evidence of related facts and circumstances, which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived

1168

agreement, scheme, or understanding.

Count One:  Conspiracy - Membership in the Agreement.

If you find that a criminal agreement or conspiracy existed, to find the defendant guilty of conspiracy, you must also find that the government proved beyond a reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence.  The government must prove that the defendant knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The government need not prove that the defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning.  The government also does not have to prove that the defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether the defendant joined the conspiracy, knew of its criminal objective and intended to further the objective.  Evidence which shows that the defendant only knew about the conspiracy, or

only kept "bad company" by associated with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy, even if the defendant approved of what was happening or did not object to it.  Likewise, evidence that the defendant may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy.  You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that the defendant joined the conspiracy.

Count One:  Conspiracy - Mental States.

In order to find the defendant guilty of conspiracy, you must find that the government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing of its objective and intending to help further or achieve that objective.  That is, the government must prove: One, that the defendant knew of the objective or goal of the conspiracy; two, that the defendant joined the conspiracy intending to help further or achieve that goal or objective; and, three, that the defendant and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including the defendant's words or

1170

conduct and other facts and circumstances, in deciding whether the defendant had the required knowledge and intent. For example, evidence that the defendant derived from benefit from the conspiracy or had some stake in the achievement of the conspiracy's objective might tend to show that the defendant had the required intent or purpose that the conspiracy's objective be achieved.

Count one:  Conspiracy, success immaterial.

The government is not required to prove that any of the members of the conspiracy were successful in achieving the objective of the conspiracy.  You may find a defendant guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually submitted any other offense against the United States.  Conspiracy is a criminal offense separate from the offense that was the objective of the conspiracy; conspiracy is complete without the commission of that offense.

Count 1:  Conspiracy, charged period and duration.

Although Count 1 of the second superseding indictment charges that a conspiracy existed from on or about December 14, 2016, through on or about May 6, 2017, it is not essential that the government prove that the

conspiracy started or ended on or about those specific dates. It is sufficient if you find that in fact the charged conspiracy was formed and existed for some time within the period set forth in the indictment.

A conspiracy ends when the objectives of the conspiracy have been achieved or when all members of the conspiracy have withdrawn from it. However, a conspiracy may be a continuing conspiracy, which lasts until there is some affirmative showing that it has ended or that all its members have withdrawn. A conspiracy may be continuing if the agreement includes an understanding that the conspiracy will continue over time. Also, a conspiracy may have a continuing purpose or objective and, therefore, may be a continuing conspiracy.

Count 1: Unindicted, unnamed, or separately tried co-conspirators.

Some of the people who may have been involved in the charged conspiracies are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

And finally, for now. Pro se defendant.

You may remember that on Friday, I read the following to you: Even though Mr. Colon was represented by a lawyer when this trial began, he will continue the trial

Ground - 1

EXHIBIT - B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

OMAR MORALES COLON a/k/a "El Tigre,"
SHAKIRA MARTINEZ, and
ZEMI PROPERTY MANAGEMENT, INC.

                Defendants.



: Criminal Action No. 17-47-LPS
:
:
:
:
:
:
:
:
:
:
:
:

**FILED**

**AUG 07 2018**

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## SECOND SUPERSEDING INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT I

1. Beginning on or about December 14, 2016, and continuing to on or about May 6, 2017, in the District of Delaware and elsewhere, defendant Omar Morales COLON, a/k/a "El Tigre" ("COLON") knowingly and intentionally combined, conspired, confederated and agreed with separately charged co-conspirators Roque VALDEZ and Mohamed AVILES CAMBEROS a/k/a "Pedrito," and with other persons known and unknown to the Grand Jury, to distribute five (5) kilograms or more of a mixture and substance containing a detectible amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

1

**Count One: Conspiracy to Distribute a Controlled Substance**

Count One of the Second Superseding Indictment charges that from on or about December 14, 2016 to on or about May 6, 2017, in the District of Delaware and elsewhere, the defendant Omar Morales Colon did knowingly, intentionally, and unlawfully conspire with one or more persons both known and unknown to the grand jury to distribute five kilograms or more of a mixture and substance containing a detectible amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), all in violation of Title 21, United States Code, Section 846.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find the defendant guilty of conspiracy to distribute five kilograms or more of a controlled substance, you must find that the government proved beyond a reasonable doubt each of the following five elements:

First:      That two or more persons agreed to distribute a controlled substance;

Second:     That the defendant was a party to or member of that agreement;

Third:      That the defendant joined the agreement or conspiracy knowing of its objective to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives;

Fourth:     That cocaine is a Schedule II controlled substance; and

38

<u>Fifth</u>:            That the total amount of the mixture or substance containing cocaine was five or more kilograms.

I will explain these elements in more detail.

Ground - 1

EXHIBIT - C

## Overt Acts

10.   The following overt acts. among others. were committed in furtherance of the conspiracy:

a.   On or about December 14. 2016. VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Newark. Delaware.

b.   On or about January 27, 2017. VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Newark. Delaware.

c.   On or about March 9. 2017. VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Newark. Delaware.

d.   On or about May 5. 2017, VALDEZ and CAMBEROS arrived in Delaware from California and checked into a hotel in Newark. Delaware.

e.   On or about May 6. 2017, COLON delivered approximately $382,000 in cash. which was payment for cocaine. to VALDEZ and CAMBEROS in the parking lot of a hotel in Christiana. Delaware.

f.   On or about May 6. 2017. CAMBEROS provided COLON with a pink post-it note on which was hand-written "$393.400." the amount that COLON was to pay VALDEZ and CAMBEROS for the cocaine they delivered from California.

g.   On or about May 6. 2017. COLON provided VALDEZ and CAMBEROS with a garage door opener for the Marshall Street Property, with the intention that VALDEZ and CAMBEROS would go to the Marshall Street Property to unload the cocaine.

h.   On or about May 6. 2017. VALDEZ and CAMBEROS possessed approximately seventeen (17) kilograms of cocaine. which were concealed within green oxygen tanks. with the intent to distribute that cocaine to COLON.

APPX0133

Case 1:17-cr-00047-SB   Document 66   Filed 05/01/18   Page 4 of 20 PageID #: 176

All in violation of Title 21. United States Code. Section 846.

## COUNT II

11.     Paragraphs 1-10 are hereby incorporated as if set forth fully herein.

12.     On or about May 6. 2017. in the District of Delaware. defendant Omar Morales COLON, a/k/a "El Tigre" ("COLON") did knowingly and intentionally attempt to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectible amount of cocaine. a Schedule II controlled substance. in violation of Title 21. United States Code. Sections 841(a)(1) and (b)(1)(A), and 846.

## COUNT III

13.     On or about May 6. 2017. in the District of Delaware. defendant Omar Morales COLON. a/k/a "El Tigre" ("COLON") did knowingly and intentionally manufacture one hundred (100) or more marijuana plants. a Schedule I controlled substance. in violation of Title 21. United States Code. Section 841(a)(1) and (b)(1)(B).

## COUNT IV

14.     On or about May 6. 2017. in the District of Delaware. defendant Omar Morales COLON. a/k/a "El Tigre" ("COLON") did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectible amount of marijuana. a Schedule I controlled substance. in violation of Title 21. United States Code. Section 841(a)(1) and (b)(1)(C).

## COUNT V

15.     Paragraphs 1-14 are hereby incorporated as if set forth fully herein.

4

APPX0134

Ground - 1

EXHIBIT - D

# AMENDMENT 826

**Amendment:** Section 1B1.3 is amended—

in subsection (a), in the heading, by striking "*Chapters Two (Offense Conduct) and Three (Ad- justments).*" and inserting "*Chapters Two (Offense Conduct) and Three (Adjustments).—*";

in subsection (b), in the heading, by striking "*Chapters Four (Criminal History and Criminal Livelihood) and Five (Determining the Sentence).*" and inserting "*Chapters Four (Criminal His- tory and Criminal Livelihood) and Five (Determining the Sentence).—*";

and by inserting at the end the following new subsection (c):

"(c) *Acquitted Conduct.*—Relevant conduct does not include conduct for which the defend- ant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction.".

The Commentary to §1B1.3 captioned "Application Notes" is amended by inserting at the end the following new Note 10:

"10. *Acquitted Conduct.*—Subsection (c) provides that relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct establishes, in whole or in part, the instant offense of conviction. There may be cases in which certain conduct underlies both an acquitted charge and the instant offense of conviction. In those cases, the court is in the best position to determine whether such overlapping conduct establishes, in whole or in part, the in- stant offense of conviction and therefore qualifies as relevant conduct.".

The Commentary to §6A1.3 is amended—

by striking "*see also United States v. Watts*, 519 U.S. 148, 154 (1997) (holding that lower evi- dentiary standard at sentencing permits sentencing court's consideration of acquitted con- duct); *Witte v. United States*, 515 U.S. 389, 399–401 (1995) (noting that sentencing courts have traditionally considered wide range of information without the procedural protections of a criminal trial, including information concerning criminal conduct that may be the subject of a subsequent prosecution);" and inserting "*Witte v. United States*, 515 U.S. 389, 397–401 (1995) (noting that sentencing courts have traditionally considered a wide range of information with- out the procedural protections of a criminal trial, including information concerning uncharged criminal conduct, in sentencing a defendant within the range authorized by statute);";

by striking "*Watts*, 519 U.S. at 157" and inserting "*Witte*, 515 U.S. at 399–401";

and by inserting at the end of the paragraph that begins "The Commission believes that use of a preponderance of the evidence standard" the following: "Acquitted conduct, however, is not relevant

ucsent                                                    1

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

conduct for purposes of determining the guideline range. *See* §1B1.3(c) (Relevant Con- duct). Nonetheless, nothing in the Guidelines Manual abrogates a court's authority under 18 U.S.C. § 3661.".

**Reason for Amendment:** This **amendment** revises §1B1.3 (Relevant **Conduct** (Factors that Determine the Guideline Range)) to exclude acquitted **conduct** from the scope of relevant con- duct used in calculating a sentence range under the federal guidelines. Acquitted **conduct** is unique, and this **amendment** does not comment on the use of uncharged, dismissed, or other relevant **conduct** as defined in §1B1.3 for purposes of calculating the guideline range.

The use of acquitted conduct to increase a defendant's sentence has been a persistent concern for many within the criminal justice system and the subject of robust debate over the past several years. A number of jurists, including current and past Supreme Court Justices, have urged reconsideration of acquitted-conduct sentencing. *See, e.g., McClinton v. United States*, 143 S. Ct. 2400, 2401 & n.2 (2023) (Sotomayor, J., Statement respecting the denial of certiorari) (collecting cases and statements opposing acquitted-conduct sentencing). In denying certiorari last year in *McClinton*, multiple Justices suggested that it would be appropriate for the Com- mission to resolve the question of how acquitted conduct is considered under the guidelines. *See id.* at 2402–03; *id.* at 2403 (Kavanaugh, J., joined by Gorsuch, J. and Barrett, J., Statement respecting the denial of certiorari), *but see id.* (Alito, J., concurring in the denial of certiorari). Many states have prohibited consideration of acquitted conduct. *See id.* at 2401 n.2 (collecting cases). And, currently, Congress is considering bills to prohibit its consideration at sentencing, with bipartisan support. *See* Prohibiting Punishment of Acquitted Conduct Act of 2023,
S. 2788, 118th Cong. (1st Sess. 2023); Prohibiting Punishment of Acquitted Conduct Act of 2023, H.R. 5430, 118th Cong. (1st Sess. 2023).

First, the amendment revises §1B1.3 by adding new subsection (c), which provides that "[r]el- evant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court unless such conduct also establishes, in whole or in part, the instant offense of conviction." This rule seeks to promote respect for the law, which is a statutory obli- gation of the Commission. *See* 28 U.S.C § 994(a)(2); *id.* § 991(b)(1)(A) & (B); 18 U.S.C.
§ 3553(a)(2).

This amendment seeks to promote respect for the law by addressing some of the concerns that numerous commenters have raised about acquitted-conduct sentencing, including those in- volving the "perceived fairness" of the criminal justice system. *McClinton*, 143 S. Ct. at 2401

(Sotomayor, J., Statement respecting the denial of certiorari). Some commenters were con- cerned that consideration of acquitted conduct to increase the guideline range undermines the historical role of the jury and diminishes "the public's perception that justice is being done, a concern that is vital to the legitimacy of the criminal justice system." *McClinton*, 143 S. Ct. at 2402–03 (Sotomayor, J., Statement respecting the denial of certiorari); *see United States v. Settles*, 530 F.3d 920, 924 (D.C. Cir. 2008) (expressing concern that "using acquitted conduct to increase a defendant's sentence undermines respect for the law and the jury system"). They argue that consideration of acquitted conduct at sentencing contributes to the erosion of the jury-trial right and enlarges the already formidable power of the government, reasoning that defendants who choose to put the government to its proof "face all the risks of conviction, with no practical upside to acquittal unless they . . . are absolved of *all* charges." *United States v. Bell*, 808 F.3d 926, 932 (D.C. Cir. 2015) (Millett, J., concurring in the denial of reh'g en banc). For these reasons, "acquittals have long been 'accorded

ucsent                                          2

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

08929015

special weight,' distinguishing them from conduct that was never charged and passed upon by a jury," *McClinton*, 143 S. Ct. at 2402 (Sotomayor, J., Statement respecting the denial of certiorari (quoting *United States v. DiFran- cesco*, 449 U.S. 117, 129 (1980))) and viewed as "inviolate," *McElrath v. Georgia*, 601 U.S. 87, 94 (2024).

Second, the **amendment** adds new Application Note 10 to §1B1.3(c), which instructs that in "cases in which certain **conduct** underlies both an acquitted charge and the instant offense of conviction . . . , the court is in the best position to determine whether such overlapping **conduct** establishes, in whole or in part, the instant offense of conviction and therefore qualifies as relevant **conduct**." The **amendment** thus clarifies that while "acquitted **conduct**" cannot be con- sidered in determining the guideline range, any **conduct** that establishes—in whole or in part—the instant offense of conviction is properly considered, even as relevant **conduct** and even if that same **conduct** also underlies a charge of which the defendant has been acquitted. During the **amendment** cycle, commenters raised questions about how a court would be able to parse out acquitted **conduct** in a variety of specific scenarios, including those involving "linked or related charges" or "overlapping **conduct**" (*e.g.*, conspiracy counts in conjunction with substantive counts or obstruction of justice counts in conjunction with substantive civil rights counts). Commission data demonstrate that cases involving acquitted **conduct** will be rare. In fiscal year 2022, of 62,529 sentenced individuals, 1,613 were convicted and sentenced after a trial (2.5% of all sentenced individuals), and of those, only 286 (0.4% of all sentenced individ- uals) were acquitted of at least one offense or found guilty of only a lesser included offense.

To ensure that courts may continue to appropriately sentence defendants for conduct that es- tablishes counts of conviction, rather than define the specific boundaries of "acquitted conduct" and "convicted conduct" in such cases, the Commission determined that the court that presided over the proceeding will be best positioned to determine which conduct can properly be consid- ered as part of relevant conduct based on the individual facts in those cases.

The **amendment** limits the scope of "acquitted **conduct**" to only those charges of which the defendant has been acquitted in federal court. This limitation reflects the principles of the dual-sovereignty doctrine and responds to concerns about administrability. The chief concern regarding administrability raised by commenters throughout the **amendment** cycle was whether courts would be able to parse acquitted **conduct** from convicted **conduct** in cases in which some **conduct** relates to both the acquitted and convicted counts. The Commission ap- preciates that federal courts may have greater difficulty making this determination if it in- volves proceedings that occurred in another jurisdiction and at different times.

Third, and finally, the amendment makes corresponding changes to §6A1.3 (Resolution of Dis- puted Factors (Policy Statement)), restating the principle provided in §1B1.3(c) and further clarifying that "nothing in the Guidelines Manual abrogates a court's authority under 18 U.S.C. § 3661."

**Effective Date: The effective date of this amendment is November 1, 2024.**

ucsent                                          3

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

08929015

Ground - 1

EXHIBIT - $\mathcal{E}$

### 6.21.841-2 Controlled Substances—Distribute Defined

Distribute *(to distribute)*, as used in the offenses charged, means *(deliver or transfer) (to deliver or to transfer)* possession or control of a controlled substance from one person to another.

Distribute *(to distribute)* includes the sale of a controlled substance by one person to another, but does not require a sale. Distribute also includes a *(delivery) (transfer)* without any financial compensation, such as a gift or trade.

Comment

The Notes to O'Malley et al[.], *supra,* § 64.04 state: "This instruction is based, in part, upon 21 U.S.C.A. § 802(8) and § 802(11). Section 802(8) defines 'deliver' or 'delivery' to mean the 'actual, constructive, or attempted transfer of a controlled substance, whether or not there exists an agency relationship.' Section 802(11) defines 'distribute' to mean 'to deliver *(other than by administering or dispensing)* a controlled substance.' A 'distributor' is one 'who so delivers a controlled substance.' 21 U.S.C.A. § 802(11). Distribution simply involves an unlawful transfer—a sale or exchange of money or other 'commercial' item is not required. See *United States v. Coady*, 809 F.2d 119, 124 (1st Cir. 1987); *United States v. Workopich*, 479 F.2d 1142, 1147 (5th Cir. 1973); United States v. Ramirez, 608 F.2d 1261, 1264 (9th Cir. 1979)." *See also United States v. Figueroa*, 729 F.3d 267, 273 (3d Cir. 2013); *United States v Semler*, 858 Fed. Appx. 533 (3d Cir. 2021) (non-precedential) (discussing whether the definition of "distribute" includes individuals who jointly and simultaneously acquire possession of a small amount of a controlled substance for personal use.)

(Revised 1/2024)

485                                         1

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

08929015

**6.21.846B Controlled Substances—Conspiracy to (Distribute) (Possess with Intent to Manufacture / Distribute) (Manufacture) (Possess) (21 U.S.C. § 846)**

Count *(no.)* of the indictment charges that on or about the_____ day of _____, 2_____, in the District of _____, *(name)*     agreed or conspired with one or more other person*(s)* to *(distribute) (possess with the intent to distribute) (manufacture) (possess)* a controlled substance.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find *(name)*     guilty of conspiracy to *(distribute) (possess with the intent to distribute) (manufacture) (possess)* a controlled substance, you must find that the government proved beyond a reasonable doubt each of the following three (3) elements:

**First:** That two or more persons agreed to *(distribute) (possess with the intent to distribute) (manufacture) (possess)* a controlled substance. *(I have explained the elements of this offense already.) (I will explain the elements of this offense to you shortly.)*;

**Second:** That *(name)* was a party to or member of that agreement; and

**Third:** That *(name)* joined the agreement or conspiracy knowing of its objective*(s)* to *(distribute) (possess with the intent to distribute) (manufacture) (possess)* a controlled substance and intending to join together with at least one other alleged conspirator to achieve that *(those)* objective*(s)*; that is, that *(name)* and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that *(those)* objective*(s)*.

*[When the indictment alleges one of the weight thresholds authorizing increased maximum or mandatory penalties under 21 U.S.C[. §] 841(b), either use the appropriate Verdict Form with Special Interrogatories With Respect to Substance Identity and Weight, as provided in Instruction 6.21.841C or give the relevant following additional instruction:*

*Alternative 1 [increased statutory mandatory minimum penalty]*

*When the indictment alleges one of the weight thresholds authorizing increased mandatory minimum penalty under 21 U.S.C[. §] 841(b), give the following additional instruction, and when appropriate, also consider giving a lesser included offense instruction as to a weight meeting a lower penalty threshold:*

**Fourth, that the weight or quantity of** *(type of controlled substance)* **which was within the scope of the conspiracy and reasonably foreseeable to the defendant was** *(X grams or more)*. **In making this decision, you may attribute to a particular defendant who you have**

485                                         1

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

08929015

*found to be a member of the conspiracy only the quantity (distributed) (possessed with intent to distribute) (manufactured) (possessed) which was within the scope of the conspiracy and reasonably foreseeable to that defendant.*

*Alternative 2 [increased statutory maximum penalty]*

*When the indictment alleges one of the weight thresholds authorizing increased statutory maximum penalty under 21 U.S.C[. §] 841(b), give the following additional instruction, and, when appropriate, also consider giving a lesser included offense instruction as to a weight meeting a lower penalty threshold:*

*Fourth, that the weight or quantity of (type of controlled substance) which was within the scope of the conspiracy was (X grams or more).]*

**I will explain these elements in more detail.**

*[The trial court should also give the applicable, additional conspiracy instructions provided in Instructions 6.18.371C–E and G–L.]*
**Comment**

See Fifth Circuit § 2.89; Eighth Circuit § **6.21.846A** & 6.21.846A.1 (*Apprendi*—Affected); Eleventh Circuit § 87; Tenth Circuit § 2.87.

21 U.S.C. § 846 provides:

Any person who attempts or conspires to commit any offense defined in this subchapter (dealing controlled substances laws) shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

**Conspiracy to Commit Controlled Substances Offenses Defined.** Conspiracy to commit a controlled substances offense under 21 U.S.C. § 846 is generally defined the same as under the general conspiracy statute 18 U.S.C. § 371, except that 21 U.S.C. § 846 does not include an overt act requirement. *United States v. Shabani*, 513 U.S. 10, 13–14 (1994). To prove a conspiracy to commit controlled substance offense under 21 U.S.C. § 846, the government must prove "(1) a shared unity of purpose, (2) an intent to achieve a common illegal goal, and (3) an agreement to work toward that goal, which [the defendant] knowingly joined." *United States v. Boria*, 592 F.3d 476, 481 (3d Cir. 2010); *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 425–26 (3d Cir. 2013) (*en banc*). See also *United States v. Wheeler*, 742 Fed. Appx. 646, 658–9 (3d Cir. 2018) (non-precedential). When the charge is conspiracy under 21 U.S.C. § 846, the trial judge should also give the instructions with respect to conspiracy generally that are applicable in the case. *See* Instructions 6.18.371C–E and G–L. If the defendant is charged in the same case both with conspiracy under 18 U.S.C. § 371 and with conspiracy under 21 U.S.C. § 846, the trial judge must be careful to make clear that an overt act is required with respect to the former but not the latter. If the defendant asserts that he or she withdrew from a controlled substance conspiracy and then the statute of limitations ran before his / her indictment, Instruction 6.18.371J-2 (Withdrawal as a Defense to Conspiracy Based on the Statute of Limitations) should be given.

485                                    2

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

08929015

That instruction reflects the Supreme Court's decision in Smith v. United States, 568 U.S. 106, 110[,] 133 S. Ct. 714 (2013) (holding that the defendant has the burden of proving withdrawal from a controlled substance conspiracy as a statute of limitations defense).

**Mere Buyer-Seller Relationship is Not Conspiracy; "Buyer-Seller" Instruction.** A relationship of buyer and seller does not alone establish a conspiracy, but all the circumstances must be considered to determine whether a buyer is actually a member of a conspiracy with the seller. Thus, in *United States v. Badini*, 525 Fed. Appx. 190, 192 (3d Cir. 2013) (non-precedential), the Third Circuit stated, citing and quoting *United States v. Gibbs*, 190 F.3d 188, 197–99 (3d Cir. 1999):

While Badini is correct that a mere buyer-seller relationship does not amount to a conspiracy, "[t]he government need not prove that each defendant knew all of the conspiracy's details, goals, or other participants." … We have held that when a defendant is a buyer who has limited dealings with a conspiracy, we should examine several factors to determine whether his purchases are circumstantial evidence of an intent to join the conspiracy[.] … Among the factors are the length of affiliation between buyer and seller, whether there is a demonstrated level of mutual trust, whether there is an established method of payment, and the extent to which the transactions are standardized. In *Gibbs*, we also noted that other courts have looked to whether the buyer bought large amounts of drugs and whether the buyer purchased the drugs on credit.

*See also United States v. Sanchez*, 704 Fed. Appx. 38, 40 (3d Cir. 2017) (non-precedential); *United States v. Bailey*, 840 F.3d 99, 108–109 (3d Cir. 2016)[;] *United States v. Theodoropoulos*, 866 F.2d 587, 593 (3d Cir. 1989), overruled on other grounds by *United States v. Price*, 13 F.3d 711, 727 (3d Cir. 1994); United States v. Pressler, 256 F. 3d, 144, 151–57 (3d Cir. 2001); *United States v. Garcia*, 588 Fed. Appx. 167 (3d Cir. 2014); *United States v. Kemp*, 580 Fed. Appx. 138 (3d. Cir. 2014).

In *United States v. Lewis*, 447 Fed. Appx. 310 (3d Cir. 2011) (non-precedential), the Third Circuit rejected the defendant's argument that the trial judge erred in not giving a requested "buy-sell" jury instruction, to the effect that, "[T]he mere agreement of one person to buy what another agrees to sell, standing alone, does not support a conspiracy conviction." The court concluded that the evidence did not support this theory of defense and, furthermore, the trial court's instruction adequately covered the point by stating that if the government failed to prove defendant was a member of the conspiracy charged and the jury found defendant only a purchaser of drugs or a member of a separate conspiracy, the jury must find the defendant not guilty of the conspiracy count. Even though the Court in *Lewis* did not require a "buy-sell" instruction, when there is a significant issue about whether there was a mere buyer-seller relationship, the trial judge may want to be more specific about the factors that may provide circumstantial evidence of agreement and membership (as discussed in the quote from *Badini* above), in addition to the circumstances stated in Instructions 6.18.371C (Conspiracy—Existence of an Agreement) and 6.18.371D (Conspiracy—Membership in the Agreement).

**No Need for Additional Evidence Imputing Knowledge that Conspiracy Involved Controlled Substances.** With respect to proving the third element, that the defendant joined the conspiracy

485                                        3

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

08929015

knowing of its purpose to commit a controlled substance offense, in *United States v. Caraballo-Rodriguez*, 726 F.3d 418 (3d Cir. 2013) (en banc).the Third Circuit rejected it[s] previous " 'strict approach' " in controlled substance conspiracy cases, and "reestablish[ed] a familiar course with respect to sufficiency of the evidence challenges in other situations, ... returning to the deferential review standard we normally apply." 726 F.3d at 420. The Court "specifically disavow[ed] the reasoning we previously embraced—that the jury's verdict could not stand when the evidence was as consistent with contraband other than controlled substances, even though a jury could rationally conclude that the defendant knew the subject of the conspiracy was drugs." 726 F.3d at 431–32. The Third Circuit also reiterated:

Furthermore, we take this opportunity to clarify that, although the prosecution must prove the defendant's knowledge of the conspiracy's specific objective, that knowledge need not be proven by direct evidence. To the contrary, "[i]t is not unusual that the government will not have direct evidence. Knowledge is often proven by circumstances. A case can be built against the defendant grain-by-grain until the scale finally tips."... Again, jurors are routinely instructed that their verdict can be supported by direct or circumstantial evidence, and reasonable inferences can be drawn from both types of evidence.

726 F.3d at 431 (citations omitted). Also *see, e.g., United States v. John-Baptiste*, 747 F. 3d 186, 205–206 (3d Cir. 2014); *United States v. Benoit*, 730 F.3d 280, 289–90 (3d Cir. 2013). Finally, the Court in *Caraballo-Rodriguez* acknowledged that " 'knowledge' can be demonstrated by actual knowledge or willful blindness." 726 F.3d at [425–426]. *See* Instruction 5.06 (Willful Blindness).

**No Overt Act Requirement.** As to the lack of an overt act element under 21 U.S.C. § 846, the Supreme Court explained in *United States v. Shabani*, 513 U.S. 10, 13–14 (1994):

The language of [21 U.S.C. § 846 does not] require that an overt act be committed to further the conspiracy, and we have not inferred such a requirement from congressional silence in other conspiracy statutes. ...

*Nash [v. United States,* 229 U.S. 373 (1913)] and *Singer [v. United States,* 323 U.S. 338 (1945)] follow the settled principle of statutory construction that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms. See Molzof v. United States, 502 U.S. 301, 307–308, 112 S.Ct. 711, 715–716, 116 L.Ed.2d 731 (1992). We have consistently held that the common law understanding of conspiracy "does not make the doing of any act other than the act of conspiring a condition of liability." *Nash, supra,* 229 U.S., at 378, 33 S. Ct., at 782; see also *Collins v. Hardyman,* 341 U.S. 651, 659, 71 S. Ct. 937, 941, 95 L. Ed. 1253 (1951); *Bannon v. United States,* 156 U.S. 464, 468, 15 S. Ct. 467, 469, 39 L. Ed. 494 (1895) ("At common law it was neither necessary to aver nor prove an overt act in furtherance of the conspiracy ...").

[W]e find it instructive that the general conspiracy statute, 18 U.S.C. § 371, contains an explicit requirement that a conspirator "do any act to effect the object of the conspiracy." In light of this additional element in the general conspiracy statute, Congress' silence in § 846 speaks volumes. After all, the general conspiracy statute preceded and presumably provided the framework for the

485                                              4

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

more specific drug conspiracy statute. "*Nash* and *Singer* give Congress a formulary: by choosing a text modeled on § 371, it gets an overt-act requirement; by choosing a text modeled on the Sherman Act, 15 U.S.C. § 1, it dispenses with such a requirement." *United States v. Sassi,* 966 F.2d 283, 284 (CA7 1992). Congress appears to have made the choice quite deliberately with respect to § 846.

*See also United States v. Rodriguez,* 726 Fed. Appx. 136 (3d Cir. 2018).

**Identity and Weight of Controlled Substance Involved in Conspiracy.** As discussed in the Comment to Instruction 21.841A, any fact, other than the fact of a prior conviction, which increases the statutory maximum or statutory mandatory minimum sentence for the offense, such as identity, weight, and causing the death of the user are elements of the controlled substance offense that must be found by the jury beyond a reasonable doubt under Apprendi v. New Jersey, 530 U.S. 466 (2000). The penalties for conspiracy under 21 U.S.C. § 846 are the same as those prescribed for the controlled substance offense(s) that was (were) the object of the conspiracy. Accordingly, when the trial judge instructs on the elements of the controlled substance offense the defendant is charged with conspiring to commit, the judge should instruct on the identity, weight or other sentence enhancing facts and/or should use the special interrogatories set forth in Instruction 6.21.841C. *See* Instructions 6.21.841A, B, and C, and the Comments to these instructions.

Current Third Circuit precedent establishes the following framework as to the government's burden in proving beyond a reasonable doubt the appropriate amount attributable to a defendant as a member of a conspiracy under § 846. The statutory maximum sentence a defendant is exposed to is based upon the quantity attributable to "the conspiracy as a whole," *United States v. Phillips,* 349 F.3d 138, 143 (3d Cir. 2003), *vacated on other grounds sub nom. Barbour v. United States,* 543 U.S. 1102, 125 S. Ct. 992, 160 L.Ed.2d 1012 (2005). In contrast, the statutory minimum sentence to which the defendant is exposed is determined by the quantity which was within the scope of the agreement and reasonably foreseeable to the defendant as a natural result of participating in the conspiracy. *United States v Williams,* 974 F.3d 320, 366–7 (3d Cir. 2020); *United States v. Womack,* 55 F.4th 219, 232–233 (3d Cir. 2022). As such, when weight is a fact that will either increase the statutory maximum sentence or the statutory minimum sentence, the jury should be instructed accordingly using the alternatives provided in the instruction.

(Revised 1/2024)

485                                                5

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**6.21.841C Controlled Substances—Verdict Form with Special Interrogatories with Respect to Substance Identity and Factors that Enhance Statutory Maximum or Mandatory Minimum Sentence**

*[The following verdict form and special interrogatories may be used when the indictment charges the weight thresholds (or other factors, such as resulting death or serious bodily injury) which would authorize the higher statutory maximum or mandatory minimum penalties under 21 U.S.C. § 841(b). See the alternatives set forth in Instructions 6.21.841A and B, and discussed in the Comments to those instructions.]*

**If you find** *(name)* **guilty of the offense charged in Count** *(no.)*, **you must answer some questions, called jury interrogatories, to decide whether the offense involved certain weights or quantities of controlled substances** *[or other factor]* **. Do not answer these jury interrogatories until after you have reached your verdict. If you find that the government has not proved** *(name)* **guilty of the offense charged in Count** *(no.)*, **then you do not need to answer the interrogatories.**

**If you find** *(name)* **guilty, then in answering these interrogatories, as in deciding your verdict, you must be unanimous, and in order to find that the offense involved a certain weight or quantity of controlled substances** *[or other factor]* **, you must all be satisfied that the government proved the weight or quantity** *[or other factor]* **beyond a reasonable doubt. Weight or quantity means the total weight of any mixture or substance which contains a detectable amount of the controlled substance charged** *[or define other factor]*.

**Jury Interrogatory Number One relates to Count** *(no.)* **and first asks whether you unanimously find beyond a reasonable doubt that the weight or quantity of** *(type of controlled substance)* **which was** *(possessed with intent to distribute)* *(distributed)* *(within the scope of the conspiracy)* **was** *(X grams or more).* *[For conspiracy charge: Alternative 1 [increased statutory maximum penalty]: In making this decision, you may attribute to (name) the quantity (possessed with intent to distribute) (distributed) (intended to distribute) which was within the scope of the conspiracy. Alternative 2 [increased mandatory minimum penalty]: In making this decision, you may attribute to (name) only the quantity (possessed with intent to distribute) (distributed) (intended to distribute) which was within the scope of the conspiracy and reasonably foreseeable to (him) (her).]*

**If your answer to this question is "yes," that completes Jury Interrogatory Number One. If your answer is "no," you must then answer the second question, whether you unanimously find beyond a reasonable doubt, that the quantity of** *(type of controlled substance)* **which was** *(possessed with intent to distribute)* *(distributed)* *([] within the scope of the conspiracy)* **was** *(next lower threshold)* **or more.** *[For conspiracy charge: Alternative 1 [increased statutory maximum penalty]: In making this decision, you may attribute to (name) the quantity (possessed with intent to distribute) (distributed) (intended to distribute) which was within the scope of the conspiracy. Alternative 2 [increased mandatory minimum penalty]: In making this decision, you may attribute to (name) only the quantity (possessed with intent to distribute) (distributed) (intended to distribute) which was within the scope of the conspiracy and reasonably foreseeable to (him) (her).]*

**If you unanimously find that the government did not prove beyond a reasonable doubt that the**

485                                    1

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

offense involved (*lowest threshold*) or more, but rather involved an amount less than (*lowest threshold*), your answer should be "no" to both questions. That completes Jury Interrogatory Number One.

(*Add instructions regarding all thresholds and all counts.*)

**VERDICT FORM with SPECIAL INTERROGATORIES**

**COUNT NO. _____ (Possession With Intent to Manufacture or Distribute)**

_____ Guilty

_____ Not Guilty

If you find (*name of defendant*) not guilty of possession with intent to (*manufacture*) (*distribute*) a controlled substance as charged in Count No. _____, please proceed to the next count; do not answer the jury interrogatories. If you find (*name*) guilty of possession with intent to (*manufacture*) (*distribute*) a controlled substance as charged in Count No. _____, please answer the following jury interrogatories before proceeding to the next count.
**JURY INTERROGATORY COUNT NO. _____ (Possession With Intent to Manufacture or Distribute):**
Do you unanimously find that the government proved beyond a reasonable doubt that the weight of the mixture or substance containing (*identity of controlled substance*) that (*name*) possessed with intent to (*manufacture*) (*distribute*) was (*X grams or more*)?
_____ Yes
_____ No

If your answer to this question is "yes," that concludes this Jury Interrogatory. Do not go on to the next question. If your answer to this question is "no," please answer the following question:
Do you unanimously find that the government proved beyond a reasonable doubt that the weight of the mixture or substance containing (*identity of controlled substance*) that (*name*) possessed with intent to (*manufacture*) (*distribute*) was (*X grams or more—one of the lower thresholds; if necessary a separate interrogatory should be given for each lower threshold that applies*)?
_____ Yes
_____ No

**COUNT NO. _____ (Manufacture or Distribute)**

_____ Guilty

_____ Not Guilty

If you find (*name of defendant*) not guilty of (*manufacture*) (*distribution*) of a controlled substance as charged in Count No. _____, please proceed to the next count; do not answer the jury interrogatories. If you find (*name*) guilty of (*manufacture*) (*distribution*) of a controlled substance as charged in Count No._____, please answer the following jury interrogatories before proceeding to the next count.
**JURY INTERROGATORY COUNT NO. _____ (Manufacture or Distribution):**
Do you unanimously find that the government proved beyond a reasonable doubt that the weight

485                                                    2

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

of the mixture or substance containing *(identity of controlled substance)* that *(name)* *(manufactured)* *(distributed)* was *(X grams or more)*?

_____ **Yes**

_____ **No**

**If your answer to this questions is "yes," that concludes this Jury Interrogatory. Do not go on to the next question. If your answer to this question is "no," please answer the following question: Do you unanimously find that the government proved beyond a reasonable doubt that the weight of the mixture or substance containing** *(identity of controlled substance)* **that** *(name)* *(manufactured)* *(distributed)* **was** *(X grams or more—one of the lower thresholds; if necessary a separate interrogatory should be given for each lower threshold that applies)*?

_____ **Yes**

_____ **No**

**COUNT NO. _____ (Conspiracy)**

_____ **Guilty**

_____ **Not Guilty**

**If you find** *(name of defendant)* **not guilty of the conspiracy as charged in Count No. _____, please proceed to the next count; do not answer the jury interrogatories. If you find** *(name)* **guilty of the conspiracy as charged in Count No. _____, please answer the following jury interrogatories before proceeding to the next count.**
**JURY INTERROGATORY COUNT NO. _____ (Conspiracy):**
*When the indictment alleges one of the weight thresholds authorizing increased maximum or mandatory penalties under 21 U.S.C[. §] 841(b), include the relevant question(s) below:*
**Alternative 1** *[increased statutory maximum penalty]*
*When the indictment alleges one of the weight thresholds authorizing increased statutory maximum penalty under 21 U.S.C[. §] 841(b), include the following:*
**Do you unanimously find that the government proved beyond a reasonable doubt that the weight of the mixture or substance containing** *(identity of controlled substance)* **which was within the scope of the conspiracy to** *(possess with intent to distribute or manufacture)* *(manufacture)* *(distribute)* **which you have found was** *(X grams or more)*?

_____ **Yes**

_____ **No**

**If your answer to this questions is "yes," that concludes this Jury Interrogatory. Do not go on to the next question. If your answer to this question is "no," please answer the following question: Do you unanimously find that the government proved beyond a reasonable doubt that the weight of the mixture or substance containing** *(identity of controlled substance)* **which was within the scope of the conspiracy to** *(possess with intent to manufacture or distribute)* *(manufacture)* *(distribute)* **which you have found was** *(X grams or more—one of the lower thresholds; if necessary a separate interrogatory should be given for each lower threshold that applies)*?

_____ **Yes**

_____ **No**

**Alternative 2** *[increased statutory mandatory minimum penalty]*

485                                                    3

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

08929015

*When the indictment alleges one of the weight thresholds authorizing increased statutory mandatory minimum penalty under 21 U.S.C[. §] 841(b), use the following:*

**Do you unanimously find that the government proved beyond a reasonable doubt that the weight of the mixture or substance containing** *(identity of controlled substance)* **which was within the scope of the conspiracy to** *(possess with intent to distribute or manufacture) (manufacture) (distribute)* **which you have found and was reasonably foreseeable to [name] was** *(X grams or more)?*

_____ **Yes**

_____ **No**

**If your answer to this question is "yes," that concludes this Jury Interrogatory. Do not go on to the next question. If your answer to this question is "no," please answer the following question:**

**Do you unanimously find that the government proved beyond a reasonable doubt that the weight of the mixture or substance containing** *(identity of controlled substance)* **which was within the scope of the conspiracy to** *(possess with intent to manufacture or distribute) (manufacture) (distribute)* **which you have found and was reasonably foreseeable to** *(name[)] (X grams or more—one of the lower thresholds; if necessary a separate interrogatory should be given for each lower threshold that applies)?*

_____ **Yes**

_____ **No**

*[When the indictment charges that death or serious bodily injury resulted from the use of the controlled substance involved in the offense, under 21 U.S.C. § 841(b), the following special interrogatory may be used:*
*If you find (name of defendant) not guilty of the offense charged in Count No. _____, please proceed to the next count; do not answer the jury interrogatory. If you find (name) guilty of the offense charged in Count No. _____, please answer the following jury interrogatory before proceeding to the next count.*
*JURY INTERROGATORY COUNT NO. _____:*
*Do you unanimously find that the government proved beyond a reasonable doubt that death or serious bodily injury resulted from the use of the controlled substance, that is, death or serious bodily injury would not have resulted had the victim not used the controlled substance distributed by (name)?*
_____Yes
_____No]*

**Comment**

*See* 2B O'Malley et al[.], *supra,* § 64.03, § 64.07, and § 64.12; (Eighth Circuit § 6.21.841A.1 (Verdict Form; with Lesser Included Offense). The interrogatories and verdict forms provided in this instruction are based on those "prepared by the Office of the United States Attorney for the Eastern District of Pennsylvania and used without incident or problem by the judges of the district court … ." *United States v. Vasquez,* 271 F.3d 93, 114 (3d Cir. 2001[)] (Becker, C.J., concurring).

**Special Interrogatories as Alternatives.** The special interrogatories may be used, as one of the

485                                           4

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

alternatives in Instructions 6.21.841A and B, in cases in which the indictment charges the weight thresholds that would authorize the higher maximum penalties under 21 U.S.C. § 841(b). *See* Comments to Instructions 6.21.841A and B. *Also see* discussion of special interrogatories in the Comment to Instruction No. 3.18 (Special Verdict Form; Special Interrogatories). When the indictment charges that "death or serious bodily injury result[ed] from the use of such substance," under 21 U.S.C. § 841(b), the trial judge may use the bracketed special interrogatory at the end of this instruction.

**Determining Weight of Controlled Substance for Conspiracy Charge.** As discussed in the Comment to Instruction 21.841A, any fact, other than the fact of a prior conviction, which increases the statutory maximum or statutory mandatory minimum sentence for the offense, such as identity, weight, and causing the death of the user, are elements of the controlled substance offense that must be found by the jury beyond a reasonable doubt under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The penalties for conspiracy under 21 U.S.C. § 846 are the same as those prescribed for the controlled substance offense(s) that was (were) the object of the conspiracy. The weight or quantity thresholds for the maximum or mandatory minimum authorized penalties are not merely the weight or quantity that the particular defendant possessed, distributed, or manufactured, but include quantities within the scope of the conspiracy. *United States v Williams*, 974 F.3d 320, 364–67 93d Cir. 2020). Current Third Circuit precedent establishes the following framework as to the government's burden in proving beyond a reasonable doubt the appropriate amount attributable to a defendant as a member of a conspiracy under § 846. The statutory maximum sentence a defendant is exposed to is based upon the quantity attributable to "the conspiracy as a whole," *United States v. Phillips*, 349 F.3d 138, 143 (3d Cir. 2003), *vacated on other grounds sub nom. Barbour v. United States*, 543 U.S. 1102, 125 S. Ct. 992, 160 L.Ed.2d 1012 (2005). In contrast, the statutory minimum sentence to which the defendant is exposed is determined by the quantity which was within the scope of the agreement and reasonably foreseeable to the defendant as a natural result of participating in the conspiracy. *United States v Williams*, 974 F.3d 320, 366–7 (3d Cir. 2020); *United States v. Womack*, 55 F.4th 219, 232–233 (3d Cir. 2022). As such, when weight is a fact that will either increase the statutory maximum sentence or the statutory minimum sentence, a special interrogatory should be included using the alternatives provided in the Verdict Form. *See* discussion in Comment to Instruction 6.21.846B (Controlled Substances—Conspiracy to *(Distribute) (Possess with Intent to Manufacture / Distribute) (Manufacture) (Possess)* (21 U.S.C. § 846)). However, where multiple conspiracies are alleged and the defendant was not involved in a single overall conspiracy or in all of the multiple conspiracies, the special interrogatory with respect to conspiracy may need to be modified.

**Prior Convictions.** As discussed more fully above in the Commentary to Instruction 6.21.841A, § 841(b) provides for some enhanced penalties when a defendant has a prior conviction, the length of time served and the time between release and the instant offense. While prior decisions address whether the *fact* of a prior conviction must be determined by a jury, *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Blair*, 734 F.3d 218 (3d Cir. 2013), they do not expressly address whether facts that go beyond the prior conviction itself and factual elements of the offense must be determined by a jury.

In cases in which the enhancements apply, the trial judge may wish to submit the issue to the jury after they have reached a verdict of guilt using a Verdict Form with Special Interrogatories, such as:

*Count [ ]*

485                                          5

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

08929015

*You have already found the defendant [name], guilty of Count [ ]. Please answer the following questions:*
*1.    Do you unanimously find, beyond a reasonable doubt, that the defendant was convicted of the offense of [name offense]? YES _____ NO _____*

*2.    Do you unanimously find, beyond a reasonable doubt, that he served more than [time] in prison for that offense? YES _____ NO _____*

*3.    Do you unanimously find, beyond a reasonable doubt, that he was released from imprisonment for that offense within [time] of the commencement of [offense charged in this count]. YES _____ NO _____*

(Revised 1/2024)

485                                        **6**

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Ground - 1

EXHIBIT - F

## VERDICT FORM

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room.   When you have reached your unanimous verdict, the foreperson should write the verdict on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.   If you decide that the government has proved the defendant guilty of an offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.   If you decide that the government has not proved the defendant guilty of an offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.[61]

---

[61] Model Criminal Jury Instructions, 3d Circuit, § 3.17.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,　　　　　: | |
| 　　　　　　　　　　　　　　　　　　: | Criminal Action No. 17-CR-47-1(LPS) |
| 　　v.　　　　　　　　　　　　　　: | |
| 　　　　　　　　　　　　　　　　　　: | |
| OMAR MORALES COLON,　　　　　　: | |
| 　　　　　　　　　　　　　　　　　　: | |
| 　　　　　　　　Defendant.　　　　: | |
| 　　　　　　　　　　　　　　　　　　: | |

## VERDICT FORM

1. As to Count One, charging the defendant with conspiracy to distribute five kilograms or more of a mixture and substance containing a detectible amount of cocaine, we the jury find the defendant

_____ Not Guilty　　　　　　　　　　　_____ Guilty

2. As to Count Two, charging the defendant with attempted possession with intent to distribute five kilograms or more of a mixture and substance containing a detectible amount of cocaine, we the jury find the defendant

_____ Not Guilty　　　　　　　　　　　_____ Guilty

3. As to a lesser included offense of Count Three, charging the defendant with manufacture of one or more marijuana plants, we the jury find the defendant

83

_____ Not Guilty                          _____ Guilty

4. As to Count Four, charging the defendant with possession with intent to distribute a mixture

and substance containing a detectible amount of marijuana, we the jury find the defendant

_____ Not Guilty                          _____ Guilty

_____                    _____
Jury Foreman                                Juror

_____                    _____
Juror                                       Juror

_____                    _____
Juror                                       Juror

_____                    _____
Juror                                       Juror

_____                    _____
Juror                                       Juror

_____                    _____
Juror                                       Juror

Dated: _____, 2021

84

## GENERAL FORFEITURE INSTRUCTION

You have found the defendant guilty of Counts _____ of the Second Superseding Indictment.   You will now need to consider further questions regarding property that the Second Superseding Indictment alleges is subject to forfeiture to the United States by defendant Omar Morales Colon.

Forfeiture means that the defendant would lose any ownership or interest they have or claim to have in the specified property, as part of a penalty for engaging in criminal activity. After the parties have presented any additional evidence on this subject, I will instruct you further on the law with respect to forfeiture.   In considering whether the property is subject to forfeiture, you should consider the evidence you have already heard and any additional evidence presented by the parties.   You should evaluate that evidence and its credibility as I explained to you earlier in my instructions.[62]

---

[62] Model Criminal Jury Instructions, 3d Circuit, § 6.21.853 (modified)

Ground - 1

EXHIBIT - G

1131

give any weight to the fact that the defendant has been indicted in making your decision in this case.

On or about.

The second superseding indictment charges that offenses were committed on or about a certain date. The government does not have to prove with certainty the exact date of the alleged offenses. It is sufficient if the government proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

Venue.

The indictment alleges that some act in furtherance of the offenses charged occurred here in the District of Delaware. There is no requirement that all aspects of the offenses charged, or the entire conspiracy, took place here in the District of Delaware. But for you to return a guilty verdict, the government must convince you that either the agreement, or one of the overt acts, took place here in the District of Delaware.

Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence. This means that the government only has to convince you that it is more likely than not that some part of the conspiracy took place here.

Remember that the government must prove all the

1132

elements of the crimes alleged beyond a reasonable doubt.

Separate consideration, single defendant charged with multiple offenses.

The defendant is charged with more than one offense; each offense is charged in a separate count of the indictment.

The number of the offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

Audio/video recordings, non-consensual.

During the trial, you heard audio recordings of conversations with the defendant which were made without the knowledge of the parties to the conversations, but with the consent and authorization of the Court. These recordings -- sometimes referred to as wiretaps -- were lawfully obtained.

**Venue**

The Indictment alleges that some act in furtherance of the offenses charged occurred here in the District of Delaware.   There is no requirement that all aspects of the offenses charged, or the entire conspiracy, took place here in the District of Delaware.   But for you to return a guilty verdict, the government must convince you that either the agreement, or one of the overt acts, took place here in the District of Delaware.

Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence.   This means that the government only has to convince you that it is more likely than not that some part of the conspiracy took place here.

Remember that the government must prove all the elements of the crimes alleged beyond a reasonable doubt.

13